IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC,<br><br>Plaintiff,<br>   v.<br><br>BMW OF NORTH AMERICA, LLC, and<br>BMW MANUFACTURING CO., LLC,<br><br>Defendants. | Civil Action No. 6:16-cv-00446-RWS-KNM |

**PLAINTIFF'S RESPONSE TO BMW DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY (Dkt. 136)**

  The Notice Of Supplemental Authority filed by the BMW Defendants (Dkt. 136) is fraught with misstatement and inaccuracies. Plaintiff Stragent acted entirely properly in filing in the District of Delaware the new actions against the BMW Defendants, as well as against the Mercedes-Benz/Daimler group and Volvo asserting four more recently issued patents.

  **I. Response To BMW's Inaccurate Factual Background**

  **a. The IPRs Were Decided Under Old Now-Discredited Law**

  Plaintiff Stragent filed the present action on May 20, 2016, alleging that BMW had infringed two patents, United States Patent Nos. 8,209,705 and 8,566,843. (Dkt. 1). Thereafter, BMW filed two petitions for *inter partes* review ("IPR") before the Patent Office Trial and Appeal Board ("PTAB"), and asked for a stay of proceedings pending the IPRs. (D.I. 27). After the PTAB instituted trial as to the two IPRs, this action was stayed pending the PTAB's determination.

<span style="color:red">EXHIBIT 7</span>

The PTAB eventually determined that the claims of the '705 and '843 Patents were unpatentable on the basis of obviousness, and this case was dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. 121).

The PTAB rulings were issued on June 13 and 14, 2018. (Dkt. 108-1 through 108-3). The PTAB rulings were based on the then existing law that required the PTAB to apply the "broadest reasonable construction in light of the specification of the patent in which they appear." (Dkt. 108-1 at 9). The then-existing regulation, 37 CFR 42.100(b), stated:

> (b) A claim in an unexpired patent that will not expire before a final written decision is issued shall be given its broadest reasonable construction in light of the specification of the patent in which it appears.

In view of the then-existing law, in its decisions determining that the Stragent claims were unpatentable for obviousness, the PTAB repeatedly construed the claim terms very broadly in finding correspondence between the prior art and the claims. (*See e.g.*, Dkt. 108-1 at 23).

Thereafter, the PTO changed the rules applicable to the IPRs. The "broadest reasonable construction" did not work in IPRs. The Court can take judicial notice that, as of November 13, 2018, the United States Patent and Trademark Office amended 37 CFR 42.100(b) to say that:

> (b) In an *inter partes* review proceeding, a claim of a patent … shall be construed using the same claim construction standard that would be used to construe the claim in a civil action under 35 U.S.C. 282(b), including construing the claim in accordance with the ordinary and customary meaning of such claim as understood by one of ordinary skill in the art and the prosecution history pertaining to the patent. Any prior claim construction determination concerning a term of the claim in a civil action, or a proceeding before the International Trade Commission, that is timely made of record in the *inter partes* review proceeding will be considered.

Thus, when BMW asserts that "all claims of both patents were found unpatentable by the [PTAB] in view of *inter partes* reviews ("IPRs") filed by BMW and other parties," BMW is really saying that BMW had lucked out and had succeed in invalidating the Stragent claims

**PLAINTIFF'S RESPONSE TO BMW DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY (Dkt. 136)**     **PAGE 2**

based on a law that was changed only 4 months later, and under which it is doubtful that the PTAB would have invalidated the Stragent patents.

Critically, neither BMW, Mercedes/Daimler nor Volvo had challenged that they were infringing the claims of the two invalidated patents—even when the claims were more tightly construed under the *Phillips* standard.

### b. BMW's Demand That Stragent Ignore 35 U.S.C. § 287(a)

At p.2, BMW falsely claims that Stragent failed to assert Pat. 9,575,817 "as instructed by the Court." It is not apparent why BMW raises this patent, as Stragent has never pursued that patent in any complaint. In any event, BMW misrepresents the Court's instruction. The Court actually stated "*if you want to amend your complaint*, you need to file a motion for leave." (Dkt. 67 at 33:10-11). But, ultimately, Stragent never included the patent in any complaint, and, thus, BMW's misrepresentation of the Court's instructions is not relevant to any issue.

BMW then complains that Stragent sent BMW a "threat letter." But Stragent's letter is mandated by 35 U.S.C. § 287(a), which requires that Stragent "give notice" of BMW's infringement. BMW's innuendo cannot avoid the statute.

BMW then asserts that:

> (1) Stragent should know that the patents it threatened BMW with are invalid based on PTAB decisions that had already found many claims of the '705 and '843 patents unpatentable (and decisions that would ultimately render the entire patents invalid); (2) Stragent failed to satisfy its duty of candor to the Patent Office rendering at least three of the threatened patents unenforceable due to inequitable conduct; and (3) Stragent is estopped from asserting any claim not patentably distinct from those previously held unpatentable in the IPRs. Ex. B, BMW's August 10, 2018 response to Stragent's Threat Letter.

But it is BMW's above judicial assertions that raise a question as to BMW's conduct. BMW's points 1 and 3 are wrong as a matter of law because, as noted above, the IPR decisions have no binding effect because they were based on now-discredited law. Moreover, the claims

of Stragent's new patents were issued after the PTO had reviewed the prior art that had been relied upon in the IPRs. BMW's unsupported *ipsi dixit* that Stragent's patents are invalid for inequitable conduct is simply a fake assertion that should not be made in judicial pleadings.

    c.  **Stragent's New Patents**

In conjunction with responding to the IPRs, Stragent pursued continuation applications in the PTO. In those prosecutions, Stragent advised the PTO of the IPRs filed by BMW and other parties, including the prior art relied upon by BMW and the other IPR petitioners. Also, in view of the PTAB proceedings and decisions, Stragent presented claims to avoid the claim construction issues that had been raised in the PTO. Ultimately, new patents were issued, in which the PTO cited the prior art relied upon in the IPR. These included United States Patent Nos. 10,002,036; 10,031,790; and 10,248,477.

Pat. 10,248,477 was issued after the PTAB issued its decisions and after Stragent had properly advised the PTO of the PTAB decisions:

> Additionally, related patents (e.g. US8209705, US8566843, and 9575817) are the subject of pending litigation (EDTX 6:16-cv-00446, EDTX 6:16-cv-00447, EDTX 6:16-cv-00448). Further, related patents (e.g. US8209705, and US8566843) are the subject of inter partes reviews (IPR No. 2017-00457, IPR No. 2017-00458, IPR No. 2017-00676, IPR No. 2017-00677, IPR No.2017-01502, IPR No. 2017-01503, IPR No. 2017-01504, IPR No. 2017-01519, IPR No. 2017-01520, IPR No. 2017-01521, IPR No. 2017-01522), and the references cited therein have been submitted previously. The above cited inter partes reviews have received final written decisions rendering all challenged claims unpatentable.

(Exhibit 1, attached hereto). The disclosure was considered by the PTO in issuing the patent. *Id.*

    d.  **New Delaware Action**

On April 15, 2020, Stragent filed a new complaint against BMW in the District of Delaware. At the same time, Stragent sued Mercedes/Daimler and Volvo also in the same District. The actions were filed in Delaware, because that was the only court where all the cases

could be filed under the venue statutes (as clarified by the U.S. Supreme Court in 2018 in the *TC Heartland* decision). Stragent asserted the above-cited Patents 10,002,036; 10,031,790; and 10,248,477, as well as Pat. 9,705,765.

BMW does not address Patents 10,002,036; 10,031,790; or 10,248,477. BMW, however, complains that Pat. 9,705,765 is similar to Pat. 8,566,843 held invalid by the PTAB. (pp. 2-4). BMW errs on both fact and law. On the facts, Pat. 9,705,765 is materially more narrow than Pat. 8,566,843 in that it, for example, requires that one network be a Controller Area Network (CAN) and the other be a Flexray network. More significantly, on the law, the prior IPR decisions are not binding because, as noted above, the IPR decisions were based on now-discredited law.

BMW falsely accuses Stragent of filing the case in Delaware, rather than in this Court, "to avoid the knowledge this Court has regarding Stragent's claims and unfavorable history of the current proceeding." (at p. 5). BMW should know that the assertion is false. This case was dismissed long before the Delaware case was filed. And, even if this case was still pending, Stragent could no longer assert its claims against the Defendants in this Court because this Court was an improper venue under *TC Heartland*. BMW's arguments in footnotes 3 and 4 (at p. 6) are irrelevant, as they bear no relation to this case. The patent venue statute, 28 U.S.C. § 1400(b), allows venue only in: (1) the judicial district where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. BMW is neither incorporated in Texas nor did BMW commit acts of infringement **and** have a regular and established place of business in this District. BMW has not explained how Stragent could have filed a complaint asserting the new patents in this District in view of *TC Heartland* and 28 U.S.C. § 1400(b).

## II. The Only Threat Is From BMW's Unfortunate Filings

BMW accuses Stragent of "outrageous" conduct and argues that Stragent's proper filing of the new Delaware action "adds to the exceptional circumstances here." (at p. 5). In fact, as demonstrated above, it is only BMW's motion that is "outrageous" and deserving of sanction. Stragent followed the law and obtained new patents to avoid the issues raised in the IPR proceedings, and those patents were issued with full-knowledge of the IPRs and the prior art cited in the IPR. Stragent then gave notice of these new patents to BMW to comply with 35 U.S.C. § 287(a). BMW's mis-characterization of the notice as a "threat letter" does not change the plain fact that such letters are statutorily mandated. Finally, Stragent properly asserted the new patents in the only court where venue lay for all the Defendants.

On the other hand, nothing commends BMW counsel's filing of the present motion, which serves only to waste the Court's resources and visits unnecessary wasting of time and expenses upon both Plaintiff and Defendants.

## III. The Court Should Deny BMW's Fees Motion

BMW's present filing continues BMW's pattern of filing meritless motion based on distortions of both fact and law. For reasons previously detailed in the papers filed with respect to BMW's fee motion, BMW's motion for fees should be denied. Moreover, BMW's counsel should be sanctioned to deter counsel from continuing its baseless motions, to prevent BMW from imposing unnecessary burden on the Court and forcing Stragent from incurring additional unnecessary fees and costs.

| | |
|---|---|
| Dated: May 11, 2020 | Respectfully submitted, |
| *Of Counsel:* | */s/George Pazuniak* |
| Thomas F. Meagher | Sean T. O'Kelly (DE No. 4349) |
| tmeagher@meagheremanuel.com | sokelly@oeblegal.com |
| Alan Christopher Pattillo | George Pazuniak (DE No. 478) (Admitted |
| cpattillo@meagheremanuel.com | Pro Hac Vice) |
| MEAGHER EMANUEL LAKS GOLDBERG & LIAO, LLP | gp@del-iplaw.com |
| | O'KELLY & ERNST, LLC |
| One Palmer Square, Suite 325 | 824 N. Market Street, Suite 1001A |
| Princeton, NJ 08542 | Wilmington, Delaware 19801 |
| (609) 454-3500 | (302) 478-4230 |
| | |
| | Christopher M. Joe |
| | State Bar No. 00787770 |
| | Chris.Joe@BJCIPLaw.com |
| | Michael D. Ricketts |
| | State Bar No. 24079208 |
| | Mickey.Ricketts@BJCIPLaw.com |
| | BUETHER JOE & CARPENTER, LLC |
| | 1700 Pacific Avenue |
| | Suite 4750 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 466-1272 |
| | Facsimile: (214) 635-1828 |
| | |
| | Attorneys for Plaintiff Stragent, LLC |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this day of May 11, 2020. Any other counsel of record will be served by facsimile transmission and first-class mail.

/s/George Pazuniak
George Pazuniak (Admitted *Pro Hac Vice*)

# EXHIBIT 1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Confirmation No.: 6599 |
| Axel Fuchs | Examiner: Charles E ANYA |
| Application No.: 16/148,949 | Art Unit: 2194 |
| File Date: 2018-10-01 | Docket No.: SVIPGP061F |
| Title: SYSTEM, METHOD AND COMPUTER PROGRAM PRODUCT FOR SHARING INFORMATION IN A DISTRIBUTED FRAMEWORK | Date: January 25, 2019 |

**INFORMATION DISCLOSURE STATEMENT
UNDER 37 CFR §§ 1.56 AND 1.97(b)**

Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

Examiner:

The reference(s) listed in the attached PTO Form 1449, cop(ies) of which is attached (when necessary), may be material to examination of the above-identified patent application. Applicants submit the reference(s) in compliance with their duty of disclosure pursuant to 37 CFR §§ 1.56 and 1.97. The Examiner is requested to make the reference(s) of official record in this application.

Application No.: 16/148,949
Date: January 25, 2019
Information Disclosure Statement

Per MPEP 609.02, applicant may not necessarily have re-submitted all of the disclosures, references, etc. cited in any parent application(s)/patent(s). It is assumed that, per such MPEP section, the Examiner has considered the same in connection with the instant application. If applicant's assumption is in error or the Examiner requires re-submission of any such references, etc., applicant requests that the Examiner contact the undersigned so that applicant can address the same. This Information Disclosure Statement is not to be construed as a representation that a search has been made, that additional information material to the examination of this application does not exist, or that the reference(s) indeed constitutes prior art.

Additionally, related patents (e.g. US8209705, US8566843, and 9575817) are the subject of pending litigation (EDTX 6:16-cv-00446, EDTX 6:16-cv-00447, EDTX 6:16-cv-00448). Further, related patents (e.g. US8209705, and US8566843) are the subject of inter partes reviews (IPR No. 2017-00457, IPR No. 2017-00458, IPR No. 2017-00676, IPR No. 2017-00677, IPR No.2017-01502, IPR No. 2017-01503, IPR No. 2017-01504, IPR No. 2017-01519, IPR No. 2017-01520, IPR No. 2017-01521, IPR No. 2017-01522), and the references cited therein have been submitted previously. The above cited inter partes reviews have received final written decisions rendering all challenged claims unpatentable.

Application No.: 16/148,949
Date: January 25, 2019
Information Disclosure Statement

This Information Disclosure Statement is believed to be filed after the filing of the non-final office action. Accordingly, fees are provided herewith the filing of this Information Disclosure Statement. If it is determined that any additional fees are due, the Commissioner is hereby authorized to charge such fees or credit any overpayment to Deposit Account 50-4964 (Order No. SVIPGP061I).

Respectfully submitted,

Dated: 25 Jan 2019
The Caldwell Firm, LLC
PO Box 59655
Dallas, Texas 75229-0655
Telephone: (214) 734-2313
pcaldwell@thecaldwellfirm.com

Patrick E. Caldwell, Esq.
Reg. No. 44,580

| Notice of Allowability | Application No.<br>16/148,949 | Applicant(s)<br>Fuchs et al. | |
|---|---|---|---|
| | Examiner<br>CHARLES E ANYA | Art Unit<br>2194 | AIA Status<br>No |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to the response to 12/07/18.
   - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are 1-30. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some   *c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____
5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____

/CHARLES E ANYA/
Primary Examiner, Art Unit 2194

U.S. Patent and Trademark Office
PTOL-37 (Rev. 08-13)      Notice of Allowability      Part of Paper No./Mail Date 20190121

UNITED STATES DEPARTMENT OF COMMERCE
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR/ PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 16/148,949 | 10/01/2018 | Fuchs et al. | SVIPGP061I |

| | EXAMINER |  |
|---|---|---|
| Thomas D. Fortenberry, Attorney at Law<br>P.O. Box 2099<br>Woodville, TX 75979 | CHARLES E ANYA | |
| | ART UNIT | PAPER |
| | 2194 | 20190215 |

DATE MAILED: _____

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner for Patents

The IDS of 01/25/'9 have been considered.

/CHARLES E ANYA/
Primary Examiner, Art Unit 2194

PTO-90C (Rev.04-03)