**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:20-cv-510-LPS |
| | ) | |
| BMW OF NORTH AMERICA, LLC, and | ) | |
| BMW MANUFACTURING CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:20-cv-511-LPS |
| | ) | |
| DAIMLER NORTH AMERICA CORPORATION, | ) | |
| DAIMLER TRUCKS NORTH AMERICA, LLC, | ) | |
| MERCEDES-BENZ USA, LLC | ) | |
| MERCEDES-BENZ VANS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:20-cv-512-LPS |
| | ) | |
| VOLVO CAR NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**
**UNDER RULE 12(b)(6) BASED ON CLAIM AND ISSUE PRECLUSION**

# TABLE OF CONTENTS

I.     Introduction: Stragent Cannot Sue Defendants Again ........................................................ 1

II.    Stragent's Causes of Actions Are Precluded ..................................................................... 2

    A.     Claim Preclusion Bars These Cases ........................................................................ 2

        1.     There Was a Final Decision on the Merits ................................................. 3

        2.     The Present Causes of Action Are the Same As, or Are Subsumed Within, the Prior Causes of Action ............................................................ 4

    B.     Issue Preclusion Also Bars These Cases ................................................................ 7

        1.     Multiple "Valid and Final Judgments" Trigger Issue Preclusion .............. 8

        2.     Stragent's Arguments About Alleged Differences in Claim Construction Standards Are Irrelevant to Issue Preclusion ....................... 8

III.   Stragent Violated 37 C.F.R. § 42.73(d)(3) ....................................................................... 10

IV.    Conclusion ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
  575 U.S. 138 (2015)..................................................................................8

*Blue Coat Sys. LLC v. Finjan, Inc.*,
  IPR2017-00995, Paper 7 (PTAB Sept. 5, 2017)......................................10

*Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*,
  Nos. 16-cv-186, -558, -624, -897, 2020 WL 4431787 (N.D. Cal. July 31,
  2020) ..................................................................................10

*CoreStates Bank, N.A. v. Huls Am., Inc.*,
  176 F.3d 187 (3d Cir. 1999)..................................................................2

*Hallco Mfg. Co. v. Foster*,
  256 F.3d 1290 (Fed. Cir. 2001)..................................................................4

*Indivior Inc. v. Dr. Reddy's Labs, S.A.*,
  752 F. App'x 1024 (Fed. Cir. 2018) .....................................................5

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
  719 F.3d 1367 (Fed. Cir. 2013)..................................................................3

*Leviton Mfg. Co. v. Shanghai Meihao Elec., Inc.*, 613 F. Supp. 2d 670 (D. Md.
  2009), *vacated on other grounds by sub nom. Leviton Mfg. Co. v. Universal
  Sec. Instruments, Inc.*, 606 F.3d 1353 (Fed. Cir. 2010)..........................5

*Medtronic, Inc. v. Norred*,
  IPR2014-00395, Paper 13 (PTAB June 27, 2014)..................................10

*Nestle USA, Inc. v. Steuben Foods, Inc.*,
  884 F.3d 1350 (Fed. Cir. 2018)..................................................................9

*Ohio Willow Wood Co. v. Alps S., LLC*,
  735 F.3d 1333 (Fed. Cir. 2013)..................................................................9

*In re PersonalWeb Techs. LLC*,
  961 F.3d 1365 (Fed. Cir. 2020)..................................................................4

*Raniere v. Microsoft Corp.*,
  887 F.3d 1298 (Fed. Cir. 2018)..................................................................4

*Senju Pharm. Co. v. Apotex Inc.*,
  746 F.3d 1344 (Fed. Cir. 2014)............................................................5, 6

ii

*Senju Pharm. Co. v. Apotex Inc.*,
    891 F. Supp. 2d 656 (D. Del. 2012)...................................................................................6

*SimpleAir, Inc. v. Google LLC*,
    884 F.3d 1160 (Fed. Cir. 2018)..........................................................................4, 5, 6, 7

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
    778 F.3d 1311 (Fed. Cir. 2015)...................................................................................9, 10

*XY, LLC v. ABS Glob., Inc.*,
    No. 2016-2228, Judgment (Fed. Cir. May 23, 2018), ECF No. 49-2 ........................9

*XY, LLC v. Trans Ova Genetics, L.C.*,
    890 F.3d 1282 (Fed. Cir. 2018)..................................................................................8, 9

**Regulations**

37 C.F.R. § 1.97(i) ..........................................................................................................5

37 C.F.R. § 1.98(a)(1) .....................................................................................................5

37 C.F.R. § 42.73(d)(3)..................................................................................................10

**Rules**

Fed. Cir. R. 36.................................................................................................................9

**Other Authorities**

M.P.E.P. § 609.04(a)(I) (9th ed. Rev. 10.2019, June 2020) ...........................................5

## I. Introduction: Stragent Cannot Sue Defendants Again

Stragent's opposition brief arguments are premised on the fundamental mistaken assertion that, because the patents-in-suit were issued by the Patent Office and are presumed valid, neither claim nor issue preclusion can apply in these cases. Under the Federal Circuit's holdings in *SimpleAir* and *Senju*, however, claim preclusion can bar a subsequent case even when different patents containing non-identical claims are asserted. The question is not whether the patents-in-suit (or their claims) are different from the previously asserted claims that were found invalid, but rather whether the present cases bring new "causes of action" that are not subsumed by the causes of action the Eastern District of Texas dismissed with prejudice. Rather than address this question, Stragent attempts to characterize Defendants' motion as a request that the Court find the patents-in-suit invalid. In doing so, Stragent focuses on claim limitations in the patents-in-suit that it contends are narrower than the limitations found in the claims of the previously invalidated Texas Patents, confirming that the "causes of action" raised in these cases are subsumed by those dismissed with prejudice by the Eastern District of Texas. Thus, under *SimpleAir* and *Senju*, claim preclusion applies.

Stragent's opposition brief also ignores the distinction between claim preclusion and issue preclusion. Here, Stragent is claim precluded based on the prior dismissal with prejudice by the Eastern District of Texas, and issue precluded based on the final written decisions of the PTAB. As with claim preclusion, Stragent's issue preclusion arguments are misplaced—in particular, Stragent's argument that the switch from the "broadest reasonable interpretation" (BRI) claim construction standard to the *Phillips* standard prevents issue preclusion in this case is incorrect. PTAB final written decisions applying the BRI standard have been found by the Federal Circuit to trigger issue preclusion in federal district court actions.

In sum, Stragent has a history of asserting this patent family against BMW, Daimler, and Volvo, which resulted in (1) a dismissal *with prejudice* by the Eastern District of Texas declaring Defendants "prevailing parties"; and (2) eleven final written decisions at the PTAB (which Stragent did not appeal to the Federal Circuit because it perceived any appeal to be futile). Stragent could have sought to add the present patents-in-suit in the Eastern District of Texas actions before those cases were dismissed. Instead, Stragent engaged in strategic delay and forum shopping by filing these cases—the exact conduct that claim preclusion and issue preclusion seek to prevent. Stragent's vexatious, serial litigations should not be allowed. For at least these reasons, Defendants respectfully request dismissal of Stragent's Complaints.

## II.     Stragent's Causes of Actions Are Precluded

As an initial matter, Stragent invokes the rote statement that patent claims are "presumed valid" and, thus, Defendants must prove *invalidity* by clear and convincing evidence. D.I. 16 at 7–8. While correct statements, neither is relevant in the preclusion context. Claim and issue preclusion are distinct from validity, preventing Stragent from repeatedly harassing *these* Defendants by re-litigating the *same* causes of action dismissed with prejudice in the Eastern District of Texas, and issues litigated to a final written decision before the PTAB.[1]

### A.     Claim Preclusion Bars These Cases

Claim preclusion applies here because there was (1) a final judgment on the merits in the Eastern District of Texas, (2) involving these Defendants or their privies,[2] (3) based on the same causes of action. *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

---

[1] Defendants' motion is not one for summary judgment of invalidity, and if granted, Stragent would still be free to assert these patents against others (even though they would likely be invalidated).

[2] Stragent does not dispute this element (2) in its opposition brief.

### 1.     There Was a Final Decision on the Merits

Stragent argues that the dismissal *with prejudice* in *Stragent II* (E.D. Tex. 6:16-cv-00446), which explicitly declared Defendants the "prevailing part[ies]," is not a decision "on the merits" sufficient to support claim preclusion. D.I. 16 at 8–9. In fact, it is. Indeed, Stragent admits that a "voluntary dismissal with prejudice may have claim preclusion effect." *Id.* at 9 (citing *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372 (Fed. Cir. 2013)).

Stragent casts its prior losses as being based on a lack of subject matter jurisdiction, and on that basis, without support, Stragent seeks to distinguish Defendants' precedent. *Id.* at 2. Although the Eastern District of Texas ultimately dismissed Stragent's first cases *with prejudice* for lack of subject matter jurisdiction, it was not because the court lacked jurisdiction from the outset. Rather, the Eastern District of Texas held subject matter jurisdiction in *Stragent II* until Stragent disclaimed all claims in the previously asserted patents in response to the eleven PTAB final written decisions invalidating all claims. Stragent dismissed its PTAB decision appeals because there was "essentially no likelihood that the appeal would be successful" (*id.* at 3), confirming that the PTAB's findings were correct. And although Stragent now argues Defendants' claim preclusion cases fail to address a dismissal based on lack of subject matter jurisdiction, Stragent offers no caselaw support or rationale explaining how a dismissal for lack of subject matter jurisdiction *cannot* support a finding of preclusion. The *Stragent II* case was dismissed *with prejudice*, making it different from a dismissal for lack of subject matter jurisdiction without prejudice where the jurisdictional deficiency can be cured, the case can be re-filed, and there is no judicially sanctioned change in the legal relationship between the parties.

In attempting to distinguish Defendants' cases, Stragent exhibits a fundamental misunderstanding of their holdings. For example, Stragent's claim that "[n]othing" in *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018), "remotely supports Defendants' preclusion

argument" (D.I. 16 at 8) ignores the Federal Circuit's plain statements that a dismissal *with prejudice* is a judgment *on the merits* under Federal Circuit law. *Raniere*, 887 F.3d at 1307 (citing *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001)). In *Hallco*, on which *Raniere* relies, the Federal Circuit held that, like a consent judgment based on a settlement, the parties' settlement agreement and subsequent dismissal with prejudice served as a final judgment on the merits for claim preclusion purposes. *Hallco*, 256 F.3d at 1297–98. *Hallco* remains highly relevant and the Federal Circuit recently relied on its prior holding in *In re PersonalWeb Technologies LLC*, warning settling parties to "fashion their agreement in a way that makes clear any limitations to which they wish to agree as to the downstream effect of the dismissal." 961 F.3d 1365, 1379 (Fed. Cir. 2020) (citing *Hallco*, 256 F.3d at 1295). This warning underscores the fact that a dismissal with prejudice prevents relitigating not just the precise claims previously resolved, but those implicated and encompassed by the earlier cause of action as a whole. *Id.* at 1375, 1379.

### 2.      The Present Causes of Action Are the Same As, or Are Subsumed Within, the Prior Causes of Action

A cause of action is defined by the transactional facts from which it arises, and, in patent suits, those transactional facts include the scope of the accused activity and the asserted patent claims. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018). As Defendants' Opening Brief explains, the accused activity here is the same as the accused activity in *Stragent II* (exemplified by Stragent's reliance on the same evidence to allege infringement in both causes of action). D.I. 12 at 16; *id.* at Exs. V–Y. Stragent's opposition brief does not attempt to refute this.

Instead, Stragent's arguments focus solely on the scope of the asserted patent claims. In doing so, Stragent applies an incorrect standard, asserting that, to prove that the present cause of action is the same for purposes of claim preclusion, Defendants must show "*identicality* of the IPR Claims and the present claims in suit." D.I. 16 at 2 (emphasis added). This is not the law. Instead,

a "cause of action" is the same if the asserted claims are "essentially the same" (or "patentably indistinct"), or if the present claims are *narrower* than the claims asserted in the prior action. D.I. 12 at 16–17; *SimpleAir*, 884 F.3d at 1166–67; *Indivior Inc. v. Dr. Reddy's Labs, S.A.*, 752 F. App'x 1024, 1034 (Fed. Cir. 2018) (citing *SimpleAir*, 884 F.3d at 1167); *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348–49 (Fed. Cir. 2014). Defendants explained in detail why the asserted claims of the patents-in-suit in this case are "essentially the same" as those at issue in *Stragent II* (and before the PTAB). *See, e.g.*, D.I. 12, Ex. L. But, more importantly, Stragent admits that the claims of the present patents are *narrower* than the claims at issue in *Stragent II. See* D.I. 16 at 2, 5, 13.[3]

The Federal Circuit has held that claim preclusion applies when a plaintiff seeks to assert, against the same defendant, claims that are narrower than those previously asserted. *See Senju*, 746 F.3d at 1349–50. In *Senju*, Judge Robinson invalidated several claims of a Senju patent as obvious. *Id.* at 1347. During the gap between Judge Robinson's findings and entry of final judgment, Senju obtained a reexamined patent (i.e., a version of the original patent that was amended without adding new subject matter or enlarging claim scope). *Id.* Senju filed a new suit asserting the newly issued reexamined patent. *Id.* The defendant moved to dismiss Senju's new complaint based on claim preclusion, and Judge Robinson granted the motion, finding that the

---

[3] Stragent also argues that its "new claims were issued only after Stragent had submitted the IPR materials, including the adverse PTAB decisions, to the PTO during prosecution of the claims." D.I. 16 at 6.  But Stragent failed to identify the decisions in a list as required by PTO rules, and the file histories contain no indication that the Examiner focused on the PTAB's decisions, which is confirmed by the fact that the PTAB's decisions are not listed on the face of the patents. D.I. 12, Ex. Q at 30, 112; Ex. S at 107, 132; Ex. T at 162; Ex. U at 172; *see also* 37 C.F.R. § 1.98(a)(1); M.P.E.P. § 609.04(a)(I) (9th ed. Rev. 10.2019, June 2020) (explaining the requirement for a separate list of references); 37 C.F.R. § 1.97(i) (non-compliant disclosures are not considered); *Leviton Mfg. Co. v. Shanghai Meihao Elec., Inc.*, 613 F. Supp. 2d 670, 702 (D. Md. 2009) (recognizing that examiners rely on Information Disclosure Statement lists, not accompanying memoranda, when determining what to review), *vacated on other grounds by sub nom. Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1357, 1362 (Fed. Cir. 2010)).

reexamined claims "[did] not create any new cause of action that plaintiffs lacked under the original version of the patent." *Id.* at 1347–48 (alteration in original) (quoting *Senju Pharm. Co. v. Apotex Inc.*, 891 F. Supp. 2d 656, 662 (D. Del. 2012), *aff'd*, 746 F.3d 1344 (Fed. Cir. 2014)).

The Federal Circuit affirmed, holding that, because there was no clear showing that the reexamined claims were broader than those asserted in the first action, the claims were assumed be a narrower subset of the originally asserted claims. *Id.* at 1353. These narrower claims did not raise a new cause of action because a narrowed claim resulting from reexamination "cannot contain within its scope any product or process which would not have infringed the original claims." *Id.* at 1352–53 ("Both in *Aspex* and in this case the district court could readily ascertain that the reexamination claims were essentially the original claims with the addition of limitations designed to avoid prior art. . . . We conclude, as the court did in *Aspex*, that the claims in this case that emerged from reexamination do not create a new cause of action that did not exist before."). Stragent has failed to distinguish, or even address, the *Senju* holding.

More recently, the Federal Circuit held in *SimpleAir* that claim preclusion can also apply to continuation patents (*i.e.*, patents sharing a common specification with one or more parent patents, which can include broader claims than those found in a parent patent but not new matter). *SimpleAir*, 884 F.3d at 1167. Because "continuation patents could 'provide larger claim scope to a patentee than the patentee had under' the parent patent," the Federal Circuit in *SimpleAir* declined to automatically extend to continuation patents *Senju*'s presumption that reexamined patents do not present a new cause of action. *Id.* (quoting *Senju*, 746 F.3d at 1353). Instead, the Federal Circuit held that a court must compare the continuation patent claims with those of the parent patent to determine if they are "essentially the same" (or patentably indistinct). *Id.* The Federal Circuit also acknowledged that the patentee's filing of a terminal disclaimer (as Stragent has done here for all

asserted patents) is a "strong clue" that the claims in a continuation are not patentably distinct over the claims in the parent. *Id.* at 1168.

Nothing in *SimpleAir* disturbs the Federal Circuit's finding in *Senju* that causes of action involving narrower claims in a later patent are subsumed by a prior cause of action asserting broader claims from the patent family. The sole distinction is that, in *Senju*, the reexamination rules established that the new claims were *de facto* narrower, whereas, in *SimpleAir*, the court needed to analyze the continuation claims to determine whether they were narrower or otherwise patentably indistinct (and, therefore, whether the "continuation patents could 'provide larger claim scope to [the] patentee than the patentee had under' the parent patent"). *Id.* at 1166–67. Here, Stragent has both filed terminal disclaimers (*see* D.I. 12, Ex. Q at 112; Ex. S at 108, 116; Ex. T at 142, 120; Ex. U at 154) and admitted that the claims asserted in these cases are "significantly narrower" than the claims asserted in *Stragent II*. D.I. 16 at 2, 5, 13. Taking Stragent at its word, its causes of action in these cases are subsumed by those raised in *Stragent II* and therefore precluded under *Senju* and *SimpleAir*.[4]

Accordingly, the elements for claim preclusion are met, Stragent fails to rebut them, and claim preclusion requires dismissal of these Complaints.

### B.     Issue Preclusion Also Bars These Cases

Issue preclusion applies here because the validity of essentially the same asserted claims was actually litigated and finally resolved against Stragent in eleven final judgments at the PTAB

---

[4] To the extent that Stragent argues that preclusion cannot attach to either *Stragent II*'s dismissal with prejudice *or* the eleven PTAB final written decisions because the PTAB applied the BRI as opposed to the *Phillips* standard (D.I. 16 at 9–12), this argument has no impact on claim preclusion. First, every case and statement that Stragent makes in support of its "change in law" argument pertains only to issue preclusion, not claim preclusion. Second, the Federal Circuit has already considered whether PTAB decisions employing different standards can have issue-preclusive effect on subsequent district court actions, and the answer is a definitive yes, as discussed further in Section II.B.2, *infra*.

(that Stragent believed would be futile to appeal). *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (finding that issue preclusion prevents serial litigation when the issues have been actually litigated and determined by a "valid and final judgment," and the determination was essential to the judgment, whether on the same or a different claim (citations omitted)).

### 1.   Multiple "Valid and Final Judgments" Trigger Issue Preclusion

Stragent does not dispute that the eleven PTAB final written decisions are "valid and final judgments," as required for a finding of issue preclusion. D.I. 16 at 17–19. Instead, Stragent focuses its argument on whether the Eastern District of Texas's dismissal with prejudice supports a basis for issue preclusion. This issue is irrelevant, and the Court need not decide whether the dismissal with prejudice from the Eastern District of Texas *also* provides a basis for issue preclusion, because Stragent offers no evidence or argument to rebut the fact that the eleven PTAB final written decisions directed to the Texas Patents were "valid and final judgments" on the merits.

### 2.   Stragent's Arguments About Alleged Differences in Claim Construction Standards Are Irrelevant to Issue Preclusion

Stragent's argument that the PTAB shifted from interpreting claim terms under the BRI to the *Phillips* standard has no bearing on whether issue preclusion applies. In *XY, LLC v. Trans Ova Genetics, L.C.*, the Federal Circuit decided two appeals argued the same day and concerning the same patent, one from a district court *jury verdict* that found the claims not invalid, and another from the PTAB that found the same claims unpatentable in an IPR. 890 F.3d 1282 (Fed. Cir. 2018). The Federal Circuit affirmed the decision of the PTAB by a Rule 36 judgment. Judgment, *XY, LLC v. ABS Glob., Inc.*, No. 2016-2228 (Fed. Cir. May 23, 2018), ECF No. 49-2. The Court then applied issue preclusion based on the PTAB's final written decision to the district court case:

> That [Rule 36] affirmance renders final a judgment on the invalidity of the [patent-in-suit], and has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent. . . . Rather, we find that an affirmance of an

invalidity finding, whether from a district court or the Board, has a collateral estoppel [issue-preclusive] effect on *all* pending or co-pending actions.

*XY v. Trans Ova*, 890 F.3d at 1294 (emphasis added).

The Federal Circuit applied issue preclusion despite Judge Newman's dissent arguing (as Stragent analogously argues here) that district courts should not give PTAB decisions issue-preclusive effect in view of the different burdens of proof. *Id.* at 1300 (Newman, J., dissenting). The majority rejected that argument and applied issue preclusion to dismiss an appeal from an Article III jury verdict. *Id.* at 1294–95 (majority opinion). Thus, under clear Federal Circuit precedent, any difference between the BRI and *Phillips* claim construction standards is irrelevant to the application of issue preclusion between a district court action and prior PTAB decision. Although Stragent attempts to argue around this clear holding by suggesting that *XY* does not apply to "different patents" (D.I. 16 at 11–12), this distinction is irrelevant.

The law is clear that issue preclusion is not limited "to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). Thus, issue preclusion applies to causes of action involving related patents. *See, e.g.*, *id.*; *Nestle USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350, 1352 (Fed. Cir. 2018). A mere difference in claim scope from an additional limitation does not preclude the application of issue preclusion. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015). "If the differences between the unadjudicated patent claims and adjudicated patents claims do not materially alter the question of invalidity, collateral estoppel[/issue preclusion] applies." *Id.* (quoting *Ohio Willow Wood*, 735 F.3d at 1342); *see also Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*, Nos. 16-cv-186, -558, -624, -897, 2020 WL 4431787, at *5 (N.D. Cal. July 31, 2020).

Stragent attempts to differentiate this case from *Ohio Willow Wood*, but without success. First, the scope of the claims of the patents-in-suit is not materially different from the invalid patents asserted in *Stragent II*. D.I. 12, Ex. L. Second, Stragent has not provided any specifics as to how or why the difference in claim construction standards would materially alter the validity analysis. The PTAB declined to adopt Stragent's constructions in the IPRs because Stragent impermissibly sought to import limitations from the specification into its claims through claim construction, which is contrary to the law under both the BRI and *Phillips*. *Compare Medtronic, Inc. v. Norred*, IPR2014-00395, Paper 13 at 6, 9–10 (PTAB June 27, 2014) (the PTAB will not read in claim limitations from the specification under the BRI standard), *with Blue Coat Sys. LLC v. Finjan, Inc.*, IPR2017-00995, Paper 7 at 5–6 (PTAB Sept. 5, 2017) (the PTAB will not read in claim limitations from the specification under the *Phillips* standard). Given the overlap in the claim scope (*see* D.I. 12, Ex. L), issue preclusion bars these cases.

## III.    Stragent Violated 37 C.F.R. § 42.73(d)(3)

Stragent offers no opposition to Defendants' § 42.73(d)(3) argument other than to assert that this provision is restricted to Patent Office proceedings. As Stragent offers no authority for this proposition, its opposition on this issue should also be rejected.

## IV.    Conclusion

For the reasons set forth in their Opening Brief and this Reply Brief, Defendants respectfully request dismissal of these Complaints.

Dated: August 24, 2020

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700

10

kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*
*BMW of North America, LLC and BMW*
*Manufacturing Co. LLC*

Of Counsel:

Lionel M. Lavenue (*pro hac vice* submitted)
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
11955 Freedom Drive, Suite 800
Reston, VA 20190
(571) 203-2700
lionel.lavenue@finnegan.com

R. Benjamin Cassady (*pro hac vice* submitted)
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Samhitha Muralidhar Medatia (*pro hac vice* submitted)
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

*Attorneys for Defendants*
*BMW of North America, LLC and*
*BMW Manufacturing Co. LLC*

11