IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>BMW OF NORTH AMERICA, LLC, and<br><br>BMW MANUFACTURING CO., LLC,<br><br>       Defendants. | Civil Action No. 1:20-cv-00510-LPS |
| STRAGENT, LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>MERCEDES-BENZ USA, LLC;<br>MERCEDES-BENZ VANS, LLC;<br>DAIMLER TRUCKS NORTH AMERICA LLC; and<br>DAIMLER NORTH AMERICA CORPORATION,<br>       Defendants. | Civil Action No. 1:20-cv-00511-LPS |
| STRAGENT, LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>VOLVO CAR NORTH AMERICA, LLC,<br><br>       Defendant. | Civil Action No. 1:20-cv-00512-LPS |

**STRAGENT'S MEMORANDUM RESPONDING TO NEW SLIDES BY DEFENDANTS
IN HEARING PRESENTATION**

i

I. **Statement Of The Nature And Stage Of The Proceedings**

In responding to Defendants' motion to dismiss, Plaintiff Stragent, LLC ("Stragent") filed a series of exhibits demonstrating how the claims of the four patents here in suit differed from the claims of the two patents that were previously litigated and in the IPR proceeding. D.I. 16-1 to 16-3.[1] Defendants' Reply did not address those Exhibits at all, but simply asserted that the technical distinctions of the claims were not important. (D.I. 19). Yet, the day before the October 23, 2020 hearing on Defendants' motion, Defendants presented slides 55-67 in purported response to Stragent's slides. As the court permitted at the hearing, Stragent hereby addresses the new arguments that Defendants presented in the slides.

II. **Response to Slides**

    a. **The Slides Have Not Carried Defendants' Burden of Proof**

Defendants still have not challenged Stragent's statement that Defendants have the burden of proving each and every element of their preclusion defenses. Defendants cannot challenge that well-established law. *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) ("the party asserting claim preclusion bears the burden of proving all the elements. That includes proving that a dismissal was with prejudice and so can preclude claims" (citing *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)); Jones v. United States, 846 F.3d 1343, 1361 (Fed. Cir. 2017) ("The party asserting issue preclusion bears the burden to establish each of these elements"); *United Access Techs., LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1331 (Fed. Cir. 2015) ("the party asserting preclusion bears the burden of showing 'with clarity and certainty what was determined by the prior judgment'").

Defendants assert that the claims of the two patents that were in the EDTX lawsuit and

---

[1] All "D.I." references are to Case No. 1:20-cv-00510-LPS unless otherwise indicated.

before the PTAB ("PTAB Claims") are "substantially the same" as the asserted claims of the current patents "("Current Claims"). (Slide 55). Yet, even though there are admittedly many plainly different technical terms and limitations as between the PTAB Claims and the Current Claims, Defendants still have not presented any expert declaration or affidavit testifying that the PTAB Claims and the Current Claims are "substantially the same." Nor have Defendants presented any cogent technical analysis with citations to the record and other admissible evidence demonstrating that the inclusion of new and difference technical terms and concepts in the Current Claims does not differentiate them as a matter of law from the PTAB Claims. In place of evidence and analysis, Defendants' slides ask the Court to declare that there is no technical difference between the PTAB Claims and the Current Claims based solely on Defendants' counsel's *ipsi dixit*. Defendants' slides and the arguments within those slides are without merit.

### b.  The Slides Have Not Overcome the Presumptively True Pleadings

Defendants' slides and arguments also ignore the plain fact that Stragent has pled in its Complaints in the three cases that the Current Claims are materially different from the PTAB Claims. Thus, Stragent pled:

> 19.  The [Patent 10,248,477] claims are materially different from the claims that had been considered in Inter Partes Reviews IPR2017-00676, IPR2017-00677, IPR2017-00457, IPR2017-00458, IPR2017-01503, IPR2017-01502, IPR2017-01504, 2017-01519, IPR2017-01520, IPR2017-01521; 2017-01522, which collectively involved Patent 8,209,705 claims 1-20, and Patent 8,566,843 claims 1-59 (collectively "Prior IPRs"). As one simple example, the '477 Patent claim 1 specifies a "layered system for sharing information," wherein the information is stored and, thereafter, the system "share[s] the stored information with at least one of a plurality of heterogeneous processes including at least one process associated with a second physical network selected from the group consisting of FlexRay, Controller Area Network, and Local Interconnect Network, utilizing a network protocol different from a protocol of the first physical network," which limitations were not included in the claims considered in the Prior IPRs.

***

> 26. The [Patent 10,031,790] claims are materially different from the claims that had been considered in the Prior IPRs.
>
> \*\*\*
>
> 33. The [Patent 10,002,036] claims are materially different from the claims that had been considered in the Prior IPRs.
>
> \*\*\*
>
> 40. The [Patent 9,705,765] claims are materially different from the claims that had been considered in the Prior IPRs.

(D.I. 1 at ¶¶ 19, 26, 33 40)

The above allegations regarding the PTAB Claims are supported by D.I. 16-1 to 16-3, and the allegations must be deemed to be true for purposes of the present motions to dismiss.

### c. The Slides Are Unsupported *Ipsi Dixit* That Distort Stragent's Argument

Defendants' Slide 58 purports to quantify the number of elements of the Current Claims that Stragent identified in D.I. 16-1 to 16-3 as differentiating them from the PTAB Claims. The slide is meritless because: (i) no authority is cited for the proposition that any number of elements have to be different for a movant to fail to carry its burden of proving that any claims are "substantially the same"; and (ii) it takes only one element to be different for the entire claim to be "substantially different."

Defendants' slides 59-61 are unclear but appear to question the significance of the differences between the PTAB and Current Claims of Patent 10,248,477. Yet, Defendants do not address Stragent's actual submission in D.I. 16-1. Stragent had argued that the '477 Patent's requirement of a memory manager "**comprising an upgrade and configuration manager**" (emphases in original) is not found in any PTAB Claims, but Defendants ignore that argument. Defendants similarly completely ignore that D.I. 16-1 also cited the inclusion of an "**event manager**," a "**data access manager**" and "**a data integrity component**" as elements of Current

- 3 -

Claims that differ entirely from the PTAB Claims. (emphases in original). Similarly, the inclusion in the Current Claims of the requirement that the system "share the **stored** information" is by itself significant, as a substantial portion of the PTAB trial was devoted to the claim construction dispute as to whether the claims required the sharing of the "stored" information as argued by Stragent or any information as argued by Defendants and as the PTAB ultimately agreed under the then-applicable "broadest reasonable construction" standard. A disputed issue in a PTAB trial cannot be deemed an irrelevancy as Defendants now argue.

Finally, Defendants do not address the issues that Stragent raised at D.I. 16-1 at pages 3-5 (elements 1.13, 1.14 and 1.16) if one considers the complete language of the elements, as opposed to Defendants' excerpted language.

Slides 62-63 appear to question the significance of differences between the PTAB Claims and the Current Claims of Patent 10,002,036. Yet, again, Defendants do not address Stragent's actual submission in D.I. 16-2. For example, Defendants do not address the "data link layer component" or the limitation "data link layer component that uses Flexray network-related data link layer header bits and a first interface-related network layer component that uses Flexray network related network layer header bits" of element 1.11 (D.I. 16-2 pp. 2-3), and completely fail to address element 1.12. (D.I. 16-2 pp. 4-5).

Slides 64-65 appear to question the significance of the differences between the PTAB Claims and the Current Claims of Patent 9,705,765. Yet, again, Defendants do not address Stragent's actual submission in D.I. 16-3. Thus, as it did in addressing the '036 Patent, Defendants do not address the "data link layer component" or the limitation "a first interface for interfacing with the Controller Area Network, the first interface including a first interface-related data link layer component for using Controller Area Network-related data link layer header bits and a first

interface-related network layer component for using Controller Area Network-related network layer header bits" of element 1.9 (D.I. 16-3 pp. 3-4), and completely fail to address element 1.10. (D.I. 16-3 pp. 4-5).

Slide 66 appears to question the significance of the differences between the PTAB Claims and asserted Claim 15 of Patent 10,031,790. Defendants did not include Claim 15 in its opening papers and had never addressed its limitations until the presentation of the current slides. Claim 15 comprises 541 words with multiple separate limitations. Defendants' slide 66 does not address any particular limitation, but seems to ask the Court to simply find that Claim 15 is substantially the same as the PTAB Claims because Defendants say so.[2] That is not the law.

Defendants' slides are meritless as they ignore the actual limitations of the Current Claims.

Respectfully submitted,

---

[2] For example, Defendants do not address at all the following limitation of Claim 15:
> a first interface in hardwired communication with the Controller Area Network, the first interface including a first interface-related data link layer component that uses Controller Area Network-related data link layer header bits and a first interface-related network layer component that uses Controller Area Network-related network layer header bits; and a second interface in hardwired communication with the Flexray network, the second interface including a second interface-related data link layer component that uses Flexray network-related data link layer header bits and a second interface-related network layer component that uses Flexray network-related network layer header bits; wherein the automotive electronic control unit is configured such that: the second interface-related network layer component uses the Flexray network-related network layer header bits by adding the Flexray network-related network layer header bits to a data unit including the information, and then the second interface-related data link layer component uses the Flexray network-related data link layer header bits by adding the Flexray network-related data link layer header bits to the data unit, before communicating the data unit on a physical link of the Flexray network; the first interface-related data link layer component uses the Controller Area Network-related data link layer header bits by removing the Controller Area Network-related data link layer header bits from another data unit, and the first interface-related network layer component uses the Controller Area Network-related network layer header bits by removing the Controller Area Network-related network layer header bits from the another data unit, where the information is extracted from the another data unit before the sharing

- 6 -

| | |
|---|---|
| *Of Counsel*: | */s/ George Pazuniak* |
| | George Pazuniak (DE Bar 478) |
| Thomas F. Meagher | O'KELLY & ERNST, LLC |
| Meagher Emanuel Laks Goldberg & Liao, LLP | 824 N. Market St. |
| | Suite 1001A |
| One Palmer Square | Wilmington, DE 19801 |
| Suite 325 | Tel: 302-478-4230 |
| Princeton, New Jersey 08542 | Email: GP@del-iplaw.com |
| (609) 454-3500 | |
| tmeagher@meagheremanuel.com | *Counsel for Plaintiff Stragent, LLC*. |