# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC, and<br><br>BMW MANUFACTURING CO., LLC,<br><br>        Defendants. | Civil Action No. 1:20-cv-00510-LPS |
| STRAGENT, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC;<br>MERCEDES-BENZ VANS, LLC;<br>DAIMLER TRUCKS NORTH AMERICA LLC; and<br>DAIMLER NORTH AMERICA CORPORATION,<br>        Defendants. | Civil Action No. 1:20-cv-00511-LPS |
| STRAGENT, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>VOLVO CAR NORTH AMERICA, LLC,<br><br>        Defendant. | Civil Action No. 1:20-cv-00512-LPS |

**STRAGENT'S MEMORANDUM CONCERNING ADDITIONAL CASES CITED BY THE COURT**

I. **Statement Of The Nature And Stage Of The Proceedings**

Plaintiff Stragent, LLC ("Stragent") here addresses the two cases to which the Court cited during the hearing of Defendant's motion to dismiss on October 23, 2020, *Media Tech. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366 (Fed. Cir. 2003) ("*Media Tech.*") and *Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018 (Fed. Cir. 2016) ("*Target Training*") (collectively the "Two Cases").

II. **The Two Cases Support Stragent's Position**

    a. ***Target Training*'s Holding Precludes Defendants' Motion Because Current Patents Issued During Litigation**

The *Target Training* case is relevant for multiple reasons. In *Target Training,* the Court cited prior precedent and the *Restatement* to hold that claim preclusion does not apply to patents which issued during the pendency of litigation. The Court stated unequivocally:

> … *res judicata* does not apply to bar the assertion of new claims acquired during the pendency of a litigation that could have been, but were not, litigated or adjudicated in the action.

*Target Training*, 645 F. App'x at 1026. In so holding, the Court quoted *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir.2012) for the proposition that:

> While a party may seek to pursue claims that accrue during the pendency of a lawsuit adjudicated in that lawsuit, the party is not required to do so, and *res judicata* will not be applied to such accruing claims if the party elects not to have them included in the action.

*Id*. See also *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 803 F.3d 620, 626 n.4 (Fed. Cir. 2015) ("the plaintiff need not supplement the complaint to cover continuing conduct").

In this Stragent case, the relevant dates are as follows:

| May 20, 2016 | Stragent files lawsuits against Defendants in EDTX alleging infringement of Patents 8,209,705 and 8,566,843 |
|---|---|
| December 9, 2016 | Defendants BMW and Mercedes file first of IPR Petitions |
| June 23, 2017 | Defendants move to stay litigations in view of institution of PTAB Trials of Patents 8,209,705 and 8,566,843 |
| July 11, 2017 | EDTX Court issues Order staying all litigation pending final determination of PTAB Trials |
| July 11, 2017 | **US Patent 9,705,765 Issues** |
| June 13, 2018 | PTAB issues the first of the Final Written Decisions invalidating patent claims of Stragent's Patents 8,209,705 and 8,566,843 |
| June 19, 2018 | **US Patent 10,002,036 Issues** |
| July 24, 2018 | **US Patent 10,031,790 Issues** |
| February 13, 2019 | Defendant BMW moves for summary judgment of invalidity and non-infringement of the '705 and '843 Patents on basis of IPR decisions |
| February 27, 2019 | Stragent moves to dismiss all litigations with prejudice for lack of Article III subject matter jurisdiction because all claims of Patents 8,209,705 and 8,566,843 are disclaimed[1] |
| April 2, 2019 | **US Patent 10,248,477 Issues** |

Thus, all four patents presently in suit were issued *after* the Eastern District of Texas cases were filed, and, indeed, after the Court had stayed all proceedings. Further, three of the four patents issued after the PTAB's initial invalidity decisions, and the most recent patent issued after BMW had already moved for summary judgment and Stragent had moved to dismiss all the pending cases for lack of Article III jurisdiction.

---

[1] Stragent moved for dismissal with prejudice because the lack of Article III jurisdiction was not a curable defect. The two patents in suit were disclaimed and were gone, and nothing could resurrect the causes of action based on the two patents.

Given the undisputed timeline of events, *Target Training*'s holding, supported by prior precedent and the *Restatement,* that claim preclusion does not apply to patents which issued during the pendency of litigation by itself requires denial of Defendants' motions to dismiss as a matter of law without any need to consider any other issues.

As Stragent argued at the hearing, if Stragent had been able to assert both the prior two patents and the current four patents in one lawsuit, as it would clearly have had the right, a dismissal with prejudice of the prior two patents could not have required dismissal of the currently-asserted patents.  It does not make any difference that the four patents had not issued at the time of the filing of the EDTX cases and are now asserted in a separate action.

### b. The Two Cases Confirm that the EDTX Court Had No Subject Matter Jurisdiction to Enter a Judgment on the Merits

The Two Cases confirm individually and collectively that the EDTX Court had no subject matter jurisdiction to enter a judgment on the merits, which precludes granting of Defendants' motions to dismiss.

In the *Media Tech*. case, the issue was whether claim preclusion was possible where the prior judgment was dismissed with prejudice on the ground that the plaintiff in the prior case did not have standing to pursue patent infringement.  The Court began its analysis by restating the basic law that "[t]o be given preclusive effect, a judgment must be a final adjudication of the rights of the parties and must dispose of the litigation on the merits." *Media Tec*h., 334 F.3d at 1369.  The Court noted that "Article III standing, like other bases of jurisdiction, must be present at the inception of the lawsuit," and is "not subject to waiver." *Media Tech.,* 334 F.3d at 1370.  In view of that Article III basic law, the Court concluded that once the District Court determined that the plaintiff in the prior case had no standing to continue the lawsuit, the prior court had no jurisdiction to enter a judgment on the merits, and, thus, any subsequent judgment could not have

any claim preclusive effect:

> Because standing is jurisdictional, lack of standing precludes a ruling on the merits. Thus, the district court erred in giving preclusive effect to the Telepresence judgment because its dismissal of Telepresence's complaint for lack of standing was not a final adjudication of the merits.

*Media Tech.*, 334 F.3d at 1370.  *Media Tech.*'s refusal to afford claim preclusion was consistent with governing law and the *Restatement* that have consistently held that a court without subject matter jurisdiction cannot enter a judgment on the merits.  *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1361 (Fed. Cir. 2010) ("To the extent that the dismissal in the original action was for lack of standing, there is no *res judicata* bar to a second action by a party with proper standing, but only a bar to another action by the same party alleging the same basis for standing") (citing *Restatement (Second) of Judgments* § 20(1) (1982) ["A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claims: (a) When the judgment is one of dismissal for lack of jurisdiction...."]);  *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009) ("A dismissal for lack of standing is jurisdictional and is not an adjudication on the merits").

In *Target Training*, the Court had dismissed a patent infringement lawsuit for mootness when the claims in issue were cancelled during Reexamination.  One issue on appeal was whether that dismissal precluded the patentee from asserting the reexamined claims in a different litigation.  The Federal Circuit noted that there was no claim preclusion because the prior dismissal was for lack of Article III jurisdiction, and, consequently, could not be "on the merits":

> a dismissal for mootness is a dismissal for lack of jurisdiction.  A dismissal for lack of jurisdiction is not a dismissal on the merits.  Rather, the Supreme Court has specifically rejected deciding the merits of a case where the court lacks jurisdiction because jurisdiction is a threshold question, and "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)). See also *Orff v. United States*, 358 F.3d 1137, 1149–50 (9th Cir.2004) (citing, *inter alia*, *Cupey Bajo Nursing \*1026 Home, Inc. v. United*

> *States*, 23 Cl.Ct. 406, 412 (1991) ("It is well settled that a question relating to subject matter jurisdiction goes to the very heart of our power to hear a controversy, and any decision on the merits rendered in the absence of such authority would, of course, be a nullity.")).

645 F. App'x at 1025-26.

Here, in accordance with the patent laws, Stragent had disclaimed all the claims of the two patents in suit in the EDTX case before the EDTX Court entered its judgment. (D.I. 16-4). Stragent's disclaimer of all the claims of the two patents in the EDTX cases is no less dispositive of the lack of the EDTX Court's lack of Article III jurisdiction to enter a judgment on the merits than is the cancellation of claims as occurred in *Target Training* or the lack of standing in *Media Tech*. In all such cases, once the court loses Article III subject matter jurisdiction, there can be no judgment on the merits and no claim preclusion. Thus, the EDTX Court's lack of Article III jurisdiction to enter any judgment on the merits of the patents in suit precludes Defendants' motions to dismiss, regardless of any other deficiencies of the motions and regardless of any other argument by Defendants.

### c. **Dismissal With Prejudice Is Not Automatically A Judgment On The Merits**

*Media Tech.* is also relevant in addressing Defendants' argument that the mere fact that the EDTX Court dismissed the cases "with prejudice" means that the judgments were on the merits. Defendants' argument is without legal merit. In *Media Tech.*, the Court noted that the prior case, on which claim preclusion was based, had been dismissed "with prejudice." *Media Tech.*, 334 F.3d at 1369. (See also Exhibit 1 p. 6, attached hereto, confirming that the prior dismissal was with prejudice). In fact, the Federal Circuit noted that the defendant in that case made the same argument as do Defendants here -- that a dismissal with prejudice necessarily compelled the conclusion that the prior dismissal was sufficiently on the merits for claim preclusion purposes:

> Upper Deck, on the other hand, places great weight on the district court's conclusion that the dismissal of Telepresence's action <u>with prejudice</u> for lack of standing was a final adjudication on the merits because a dismissal with prejudice creates not only the right to appeal, but also the obligation to succeed on appeal to preserve the cause of action.

*Media Tech.*, 334 F.3d at 1369 (emphases supplied).  The Court, nevertheless, held that claim preclusion was impossible because including "with prejudice" in the dismissal could not overcome the lack of Article III jurisdiction.  Indeed, the result could not be otherwise, because the district court could not grant itself Article III jurisdiction, where none existed, merely by penning the words "with prejudice" to the judgment.

### d.  **The Issue Is Not Whether Claims Are "Narrower"**

*Target Training* is also pertinent in disproving Defendants' theory that it makes a difference as to whether the present claims are "narrower" than the claims in the EDTX litigation.  In its appeal in *Target Training*, the Appellant cited the very case and case's page number relied upon here by Defendants, *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1353 (Fed.Cir.2014), for the proposition that Appellant may be precluded from filing another action. *Target Training*, 645 F. App'x at 1025.  The Federal Circuit had explicitly recognized that the new reexamined claims were "narrower claims of the reexamined patent." 645 F. App'x at 1021.  Yet, after recognizing that the claims were narrower and having explicitly considered the very portion of *Senju* now relied upon by Defendants, the Court declared that *Senju* did not support claim preclusion because, unlike the dismissal for mootness in *Target Training* (and here), "*Senju* rests on a specific set of facts not at issue here."  Unlike in *Senju*, where the district court "had issued findings of fact and conclusions of law holding that the accused products infringed the claims, but also that the claims were invalid as obvious," and particularly that "both parties agree[d] that Senju meets the [on the merits in a prior suit] requirement[] for claim preclusion" (645 F. App'x at 1025).  In this case, the EDTX Court did not render any decision on the merits

(for example, unlike *Senju*, the EDTX Court did not decide any issues related to infringement, invalidity or enforceability, and parties do not agree that a "decision on the merits" requirement was met).

Thus, *Target Training* confirms Stragent's argument that *Senju's* "narrower" discussion is limited to reexamination claims where a prior litigation had rendered a decision on the merits. That *Senju* discussion has no applicability here where there could have been no decision on the merits because the EDTX Court did not have subject matter jurisdiction.

### e. Defendants Have Not Met Their Burden of Proof

The Two Cases did not directly address the relative burdens of proofs. However, the Two Cases are consistent with the general governing law that Defendants have the burden of proving each element of their preclusion defenses, including that the prior EDTX judgment was a decision "on the merits." *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) ("the party asserting claim preclusion bears the burden of proving all the elements. That includes proving that a dismissal was with prejudice and so can preclude claims") (citing *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008); *Jones v. United States*, 846 F.3d 1343, 1361 (Fed. Cir. 2017) ("The party asserting issue preclusion bears the burden to establish each of these elements"); *United Access Techs., LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1331 (Fed. Cir. 2015) ("the party asserting preclusion bears the burden of showing 'with clarity and certainty what was determined by the prior judgment'").

Defendants have not met their burden of proof.

### III. Conclusion

In view of the foregoing analyses of fact and law, Defendants' motions to dismiss should be denied.

- 8 -

| | |
|---|---|
| November 4, 2020 | Respectfully submitted, |
| <u>*Of Counsel*</u>: | */s/ George Pazuniak* |
| | George Pazuniak (DE Bar 478) |
| Thomas F. Meagher | O'KELLY & ERNST, LLC |
| Meagher Emanuel Laks Goldberg & Liao, LLP | 824 N. Market St. |
| | Suite 1001A |
| One Palmer Square | Wilmington, DE 19801 |
| Suite 325 | Tel: 302-478-4230 |
| Princeton, New Jersey 08542 | Email: GP@del-iplaw.com |
| (609) 454-3500 | |
| tmeagher@meagheremanuel.com | *Counsel for Plaintiff* |
| | *Stragent, LLC*. |