IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-510-LPS |
| | ) | |
| BMW OF NORTH AMERICA, LLC, and | ) | |
| BMW MANUFACTURING CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-511-LPS |
| | ) | |
| MERCEDES-BENZ USA, LLC, | ) | |
| MERCEDES-BENZ VANS, LLC, DAIMLER | ) | |
| TRUCKS NORTH AMERICA, LLC, and DAIMLER | ) | |
| NORTH AMERICA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-512-LPS |
| | ) | |
| VOLVO CAR NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS REGARDING *MEDIA TECHNOLOGIES* AND *TARGET TRAINING* CASES**

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF THE ARGUMENT | 1 |
| III. | NEITHER *MEDIA TECHS.* NOR *TARGET TRAINING* PREVENT PRECLUSION | 2 |
| | A.    *Media Techs.* Is Distinguishable From These Cases. | 2 |
| | B.    *Target Training* Is Inapplicable Here | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*3M v. Barr Labs Inc.*,
 289 F.3d 775 (Fed. Cir. 2002) ...................................................................................1, 5

*City of Erie v. Pap's A.M.*,
 529 U.S. 277 (2000) ..........................................................................................................5

*General Protecht Group, Inc. v. Leviton Mfg. Co., Inc.*,
 No. CIV 10-1020 JB/LFG, 2012 WL 1684573 (D.N.M. May 12, 2012) ..................6

*H.R. Techs. v. Astechnologies, Inc.*,
 275 F.3d 1378 (Fed. Cir. 2002) ......................................................................................3

*Media Techs. Licensing, LLC v. Upper Deck Co.*,
 334 F.3d 1366 (Fed. Cir. 2003) ............................................................................. passim

*Raniere v. Microsoft Corp.*,
 887 F.3d 1298 (Fed. Cir. 2018) ......................................................................................3

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
 531 U.S. 497 (2001) ..........................................................................................................6

*Senju Pharm. Co. v. Apotex Inc.*,
 746 F.3d. 1344 (Fed. Cir. 2014) ..........................................................................1, 5, 6, 7

*SimpleAir, Inc. v. Google LLC*,
 884 F.3d 1160 (Fed. Cir. 2018) ..................................................................................1, 7

*Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*,
 645 F. App'x 1018 (Fed. Cir. 2016) ....................................................................... passim

*Textile Productions, Inc. v. Mead Corp.*,
 134 F.3d 1481 (Fed. Cir. 1998) ......................................................................................3

**Federal Statutes**

35 U.S.C. § 305 .......................................................................................................................5

**Rules**

Fed. R. Civ. P. 41(a)(2) .....................................................................................................1, 2

Fed. R. Civ. P. 41(b) ..............................................................................................................6

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

During the October 23, 2020 argument on Defendants' motion to dismiss, the Court requested supplemental briefs addressing two Federal Circuit decisions—*Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366 (Fed. Cir. 2003) and *Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018 (Fed. Cir. 2016). *See* D.I. 11, 30.[1]

II. **SUMMARY OF THE ARGUMENT**

Defendants' motion to dismiss should still be granted because neither *Media Techs.* nor *Target Training* prevent the Court from finding Stragent claim precluded from bringing the above-captioned cases. First, *Media Techs.* found that claim preclusion did not apply to a dismissal based on a curable lack of standing. Thus, *Media Techs.* is distinguishable from this case because, here, the prior dismissals were not curable; instead, Stragent agreed to voluntarily dismiss the Eastern District of Texas cases with prejudice (under Rule 41(a)(2) for BMW and 12(b)(1) for the other Defendants) after disclaiming its asserted patents in an attempt to avoid their invalidation by the Patent Office. Under *3M v. Barr Labs Inc.*, 289 F.3d 775, 780-81 (Fed. Cir. 2002), the Eastern District of Texas had jurisdiction to determine the type of dismissal to enter in *Stragent II*, and, in doing so, to grant dismissals that have preclusive effect. Second, *Target Training* is inapposite because it concerned whether an initial case was appropriately dismissed for mootness, and not whether claim preclusion would apply in response to a voluntary dismissal with prejudice of a prior case. Additionally, *Target Training*, which is non-precedential, cannot override the more recent, precedential decision in *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160 (Fed. Cir. 2018), which relied on *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d. 1344, 1353 (Fed. Cir. 2014) to confirm that claim preclusion can preclude assertion of

---

[1] Unless otherwise noted, reference to D.I. refers to *Stragent, LLC v. BMW of North America LLC*, No. 1:20-cv-00510-LPS (D. Del.).

1

continuation patents when a prior action based on parent patents was dismissed with prejudice.

## III. NEITHER *MEDIA TECHS.* NOR *TARGET TRAINING* PREVENT PRECLUSION

### A. *Media Techs.* Is Distinguishable From These Cases.

*Media Techs.* does not preclude a finding that the Eastern District of Texas's dismissals of the parties' prior litigations with prejudice[2] are final judgments on the merits for purposes of claim preclusion. *Media Techs.*'s general statement that "[b]ecause standing is jurisdictional, lack of standing precludes a ruling on the merits" (334 F.3d at 1370) was made in the context of the facts of that case, which are very different from here, where the prior dismissals with prejudice were agreed to voluntarily by Stragent (under Rule 41(a)(2) for BMW and 12(b)(1) for the other Defendants) after Stragent's attempt to divest the court of jurisdiction.

In *Media Techs.*, the prior case alleged to support a finding of claim preclusion was dismissed for lack of standing because the plaintiff—Telepresence Technologies, LLC—had no enforceable rights in the asserted patent at the time it filed suit, due to an ineffective assignment. *Id*. at 1368. Following that dismissal, the named inventor of the asserted patent (who was also the principal of Telepresence) formed an entirely new entity—Media Technologies Licensing, LLC—and transferred all rights in the asserted patent to that entity, which filed another case against the same defendants. *Id*. at 1368-69. The district court dismissed the latter case based on claim preclusion due to the dismissal of the prior Telepresence case. *Id*.

On appeal, the Federal Circuit acknowledged that courts generally "recognize[] that standing is a threshold question that must be resolved before proceeding to the merits of a case," and "Article III standing, like other bases of jurisdiction, must be present at the inception of the

---

[2] *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-00446-RWS-KNM (E.D. Tex.); *Stragent, LLC v. Mercedes-Benz U.S.A., LLC*, No. 6:16-cv-00447-RWS-KNM (E.D. Tex.); and *Stragent, LLC v. Volvo Cars of N. Am., LLC*, No. 6:16-cv-00448-RWS-KNM (E.D. Tex.) (collectively, "*Stragent II*"). *Stragent II* D.I. citations refer to No. 6:16-cv-00446-RWS-KNM.

lawsuit." *Id*. at 1369-70. The Federal Circuit then held that the district court erred in giving preclusive effect to its dismissal of the previous Telepresence case based on lack of standing. *Id*. at 1370. The Federal Circuit's finding of no preclusion in *Media Techs.* was based on two alternative grounds—(1) the standing issue in that case was a threshold issue that precluded a ruling on the merits, and (2) Media Techs. (the second plaintiff) was not in privity with Telepresence (the first plaintiff). While finding no preclusion under that set of facts, the Federal Circuit ***did not*** hold that a jurisdictional determination, even one based on lack of standing, can ***never*** be given preclusive effect.[3]

When a standing defect is ***not*** curable, a court may properly dismiss the case with prejudice. For example, *H.R. Techs. v. Astechnologies, Inc.*, cited in *Media Techs.*, stated that "[b]ecause lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing ***would not normally be expected to be made with prejudice***." 275 F.3d 1378, 1384 (Fed. Cir. 2002) (emphasis added). *H.R. Techs*. distinguished the "normal" situation, where dismissal is made without prejudice and plaintiff is afforded an opportunity to cure, from cases like *Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481 (Fed. Cir. 1998), where a dismissal with prejudice was proper because the standing defect was incurable. *H.R. Techs.*, 275 F.3d at 1384-85. Furthermore, as the Federal Circuit held in *Raniere v. Microsoft Corp.*, a dismissal with prejudice based on an incurable standing defect is "tantamount to a judgment on the merits." 887 F.3d 1298, 1307 (Fed. Cir. 2018).

---

[3] Because the standing defect in *Media Techs.* was clearly curable, whether the earlier *Telepresence* case was properly dismissed with prejudice is questionable. *H.R. Techs. v. Astechnologies, Inc.,* 275 F.3d 1378, 1384 (Fed. Cir. 2002). From a common sense and equitable perspective, overturning the finding of claim preclusion in *Media Techs.* is logical. On the other hand, allowing Stragent to avoid preclusion here because it manipulated the court's jurisdiction by disclaiming its patents before summary judgment could be entered would be inequitable.

The present situation is distinguishable from *Media Techs.*, where the standing defect was curable and therefore the prior dismissal was not a "final adjudication on the merits" per the Federal Circuit cases identified above. In *Stragent II*, the dismissals with prejudice were not based on standing or any other curable jurisdictional defect. Instead, they directly resulted from Stragent's affirmative and purposeful disavowal of the '705 and '843 patents in response to the PTAB's determinations that those patents are invalid. Thus, the *Stragent II* dismissals were a direct result of determinations as to the merits of Stragent's original cause of action, unlike the threshold, curable standing question in *Media Techs*. Stragent's purposeful disavowal of its patents in response to the PTAB's decisions created an incurable defect that justified dismissal of the *Stragent II* actions with prejudice.

Furthermore, the Federal Circuit in *Media Techs*. relied on an alternative ground to reject the claim preclusion argument, finding that Media Technologies was not in privity with Telepresence, the plaintiff in the prior case. As a result, the second element of the claim preclusion test could not be met. *Media Techs.*, 334 F.3d at 1370. Thus, it is possible that, had Telepresence (rather than Media Technologies) filed a second suit against the same defendants, that second case would have been properly dismissed based on claim preclusion in view of the prior dismissal with prejudice. Here, there is no question that it is the same plaintiff (Stragent) that seeks a second bite at the apple and that the second element of the claim preclusion test has been met. Thus, *Media Techs.* should not control the outcome in the present cases.

Moreover, *Media Techs.* contains no indication that the parties to the prior Telepresence case disputed the issue of whether a dismissal with prejudice was proper. In contrast, here there was a live dispute over the type of dismissal that the Eastern District of Texas court should grant. Specifically, after Stragent initially sought to dismiss *Stragent II **without*** prejudice, BMW

4

moved for summary judgment to ensure a dismissal *with* prejudice. *Stragent II*, D.I. 109. Stragent responded, not by opposing BMW's motion, but by disclaiming its patents in an attempt to divest the court of jurisdiction to rule in Defendants' favor. *Id.*, D.I. 111, Exs. A & B. Stragent then voluntarily sought an unconditional dismissal with prejudice for lack of subject matter jurisdiction. *Id.*, D.I. 111. At a hearing on the parties' motions, Stragent agreed to voluntary dismissals (1) with prejudice and (2) including a prevailing party determination for all Defendants. *Id.,* D.I. 120 (Adopted, D.I. 121). Thus, as there was a dispute over the type of dismissal in *Stragent II*, and the E.D. Texas court retained jurisdiction to resolve that dispute. *3M v. Barr Labs Inc.,* 289 F.3d 775, 780-81 (Fed. Cir. 2002) (citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000)). Like in *3M*, and unlike in *Media Techs.*, Stragent was actively trying to manipulate the court's jurisdiction by disclaiming its own patents. Defendants opposed that overt effort, and the E.D. Texas had jurisdiction to, and did, resolve the parties' dispute (with Stragent's reluctant acquiescence and knowledge that Defendants expected Stragent to sue Defendants again on the very patents at issue in this case[4]) in a way that has preclusive effect.

    **B.**    ***Target Training* Is Inapplicable Here**

*Target Training* is inapposite to the present cases for many reasons. In *Target Training*, the question before the Federal Circuit was whether the district court properly dismissed a case as moot based on cancellation of all asserted claims in reexamination. The plaintiff, Target Training Int'l ("TTI"), argued that the dismissal "would render illusory its statutory right to add new claims during reexamination under 35 U.S.C. § 305," because it might be precluded from asserting those new claims in a future case under *Senju*. *Target Training*, 645 F. App'x at 1025.

---

[4] *Stragent II*, D.I. 116 at 2 n.3 ("BMW fully expects that Stragent plans to sue BMW again.").

In addressing this concern, the Federal Circuit stated, in *dicta*,[5] that "the claim preclusion principles set forth in *Senju* would not bar a future suit on the facts of [TTI]," because the underlying district court decision in *Senju* (like here) involved a final judgment on the merits, whereas, in *Target Training*, the district court "never reached a judgment on the merits." *Id.* at 1025. Specifically, in *Target Training*, the district court "did not specify whether" the dismissal was with or without prejudice. *Id.* at 1022. Because the dismissal was based on mootness—*i.e.*, for lack of jurisdiction (*id.* at 1025)—and the district court did not affirmatively state that it was being made "with prejudice," it must be understood to have been made "without prejudice." *See* Fed. R. Civ. P. 41(b). A dismissal without prejudice is the "opposite of" an adjudication on the merits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

Thus, *Target Training* is distinguishable from cases, such as the present case and *Senju*, where the prior dismissal was with prejudice (even if for lack of jurisdiction). *See, e.g., General Protecht Group, Inc. v. Leviton Mfg. Co., Inc.*, No. CIV 10-1020 JB/LFG, 2012 WL 1684573, at *24-*30 (D.N.M. May 12, 2012) (holding that dismissal with prejudice of patentee's infringement counterclaim based on mootness would have res judicata effect).

---

[5] The primary issue of *Target Training* was not claim preclusion or the impact of a plaintiff's voluntary dismissal with prejudice on future cases. Instead, the decision focused on whether a case is properly dismissed as moot when all originally asserted claims are invalidated in reexamination and the plaintiff does not properly seek court approval to amend its infringement contentions to assert newly issued reexamination claims. 645 F. App'x at 1022-23. The Federal Circuit found that, while TTI requested a scheduling conference to "set deadlines for, *inter alia*, updated contentions," dismissal was proper because TTI did not actually seek leave to amend its infringement contentions and, thus, "the newly added claims were never actually asserted in the existing litigation." *Id.* at 1023-24. Unlike *Target Training*, where TTI made an imperfect attempt to add new claims to the original case, Stragent made no attempt to add the present patents-in-suit in *Stragent II* even though they all issued prior to the *Stragent II* dismissals. *Compare* D.I. 1 at ¶¶ 18, 25, 32, 39 (showing issue dates of asserted patents) *with Stragent II*, D.I. 121 (Jul. 23, 2019 Dismissal). Again, *Target Training* is inapposite.

6

Additionally, the non-precedential *Target Training* decision does not override the Federal Circuit's more recent, precedential decision in *SimpleAir*. *SimpleAir* confirmed that claim preclusion can prevent later assertion of continuation patents when the claims of those continuation patents are "essentially the same" as claims of a parent patent that was subject to a prior dismissal with prejudice. *Id.* at 1166. *SimpleAir* discussed the "essentially the same" standard within the context of *Senju*, which found that narrowed claims (resulting from reexamination) "do not create a new cause of action that did not exist before." *See Senju,* 746 F.3d at 1353-54. However, because "there is no prohibition on broadening claims in continuation patents subject to a terminal disclaimer," *SimpleAir* explained that "claims of terminally-disclaimed continuation patents could 'provide larger claim scope to a patentee than the patent had under' the parent patent." *SimpleAir* at 1166-67. Thus, if a continuation claims are **broader** than those of the parent, they would not be "essentially the same" as the parent claims.[6] But, here, Stragent asserts that the claims of the patents-in-suit are **narrower** than the invalid parent patents.[7] *See* Oct. 23, 2020 Hrg. Tr. at 40:17-42:22. As a result, these narrower claims are "essentially the same" for preclusion purposes as those dismissed with prejudice in *Stragent II*.

Therefore, consistent with the Federal Circuit's decisions in *Senju, SimpleAir*, and *3M*, claim preclusion applies here, and *Media Techs.* and *Target Training* are inapposite. Accordingly, Defendants' motion to dismiss should be granted.

---

[6] Continuation, or continuation-in-part ("CIP"), claims need not always be narrower than those of the parent patent. First, by definition, a CIP contains new matter, and therefore CIP claims can be directed to this new matter (making them different from, and not the same as or narrower than, the parent patent). Second, continuation claims may be directed to a portion of a disclosure not addressed by a parent patent's claims. For example, if the parent includes narrow claims (e.g., limited to a particular species), the continuation could more broadly claim to the broad genus if supported by the common specification. But neither of these examples apply here.

[7] Defendants do not concede that Stragent's amendments overcome the IPRs or otherwise patentably distinguish the claims here from the invalidated claims of Stragent's parent patents.

| | |
|---|---|
| OF COUNSEL:<br>Lionel M. Lavenue<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER LLP<br>1875 Explorer Street, Suite 800<br>Reston, VA 20190<br>(571) 203-2700<br><br>R. Benjamin Cassady<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>(202) 408-4000<br><br>Dated: November 4, 2020 | */s/ Andrew E. Russell*<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5486)<br>David M. Fry (No. 5486)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>dfry@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendants* |