# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STRAGENT, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 20-510-LPS |
| BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC, | : | |
| Defendants. | : | |
| STRAGENT, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 20-511-LPS |
| MERCEDES-BENZ USA, LLC, MERCEDES-BENZ VANS, LLC, DAIMLER TRUCKS NORTH AMERICA, LLC, and DAIMLER NORTH AMERICA CORPORATION, | : | |
| Defendants. | : | |
| STRAGENT, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 20-512-LPS |
| VOLVO CAR NORTH AMERICA, LLC, | : | |
| Defendant. | : | |

George Pazuniak, Sean T. O'Kelly, and Thomas H. Kramer, O'KELLY & ERNST, LLC, Wilmington, DE

Thomas F. Meagher and Alan Christopher Pattillo, MEAGHER EMANUEL LAKS GOLDBERG & LIAO, LLP, Princeton, NJ

    Attorneys for Plaintiff.

Karen E. Keller, Andrew E. Russell, David M. Fry, and Nathan R. Hoeschen, SHAW KELLER LLP, Wilmington, DE

Lionel M. Lavenue, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP, Reston, VA

R. Benjamin Cassady, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP, Washington, DC

    Attorneys for Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC.

Jack B. Blumenfeld and Andrew Moshos, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

Edward J. DeFranco, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, NY

Jeffrey S. Gerchick, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Washington, DC

Brett N. Watkins, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Houston, TX

    Attorneys for Defendants Mercedes-Benz USA, LLC, Mercedes-Benz Vans, LLC, Daimler Trucks North America LLC, and Daimler North America Corporation.

Stamatios Stamoulis, STAMOULIS & WEINBLATT, LLC, Wilmington, DE

Lewis E. Hudnell, III, HUDNELL LAW GROUP P.C., Mountain View, CA

    Attorneys for Defendant Volvo Car North America, LLC.

---

**MEMORANDUM OPINION**

March 25, 2021
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

Pending before the Court are Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC's (collectively, "BMW"); Mercedes-Benz USA, LLC, Mercedes-Benz Vans, LLC, Daimler Trucks North America LLC, and Daimler North America Corporation's (collectively, "Mercedes"); and Volvo Car North America, LLC's ("Volvo" and, with BMW and Mercedes, "Defendants") motions to dismiss Plaintiff Stragent, LLC's ("Stragent" or "Plaintiff") complaint, all filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (C.A. No. 20-510 D.I. 11; C.A. No. 20-511 D.I. 8; C.A. No. 20-512 D.I. 9)[1] The Court reviewed the parties' briefs and supplemental briefs (D.I. 12, 16, 19, 32-37). The Court also heard argument via teleconference on October 23, 2020. (D.I. 30) ("Tr.") For the reasons stated below, the Court will deny Defendants' motions.

I. **BACKGROUND**

On May 20, 2016, Plaintiff sued Defendants[2] in the U.S. District Court for the Eastern District of Texas, asserting that Defendants' vehicles' compliance with the AUTOSTAR communication standard infringes Plaintiff's U.S. Patent Nos. 8,209,705 (the "'705 patent") and 8,566,843 (the "'843 patent") (collectively, the "Texas patents"). (*See* D.I. 12 at 1; *see also Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-00446-RWS-KNM D.I. 1 ¶¶ 12-24 (E.D. Tex.) ("*Stragent II*"))

Both of the Texas patents are entitled "System, Method and Computer Program Product for Sharing Information in a Distributed Framework" and both have the same specification. The

---

[1] All citations to the docket index refer to C.A. No. 20-510, unless otherwise noted.

[2] Two of the Mercedes parties, Mercedes-Benz Vans, LLC and Daimler Trucks North America LLC, were not named parties in *Stragent II*.

Texas patents are directed to an information-sharing system in which the received information is stored on a "bulletin board" and shared "in real-time" among a plurality of heterogenous processes. (*See* '705 patent at 1:29-33) While *Stragent II* was pending, BMW and Mercedes sought to invalidate the Texas patents by filing multiple petitions for *inter partes* review ("IPR") before the Patent Trial and Appeals Board ("PTAB"). (D.I. 12 at 3) The *Stragent II* court stayed its case pending the outcome of the IPR proceedings. (*See Stragent II* D.I. 102) The IPR proceedings resulted in 11 final written decisions, in which all claims of the Texas patents were held unpatentable for obviousness.[3] (D.I. 12 at 3; *see also Stragent II* D.I. 120 at 4-5) Based on the final written decisions, BMW moved in the Texas action for summary judgment of noninfringement and invalidity of the Texas patents. (D.I. 12 at 4; *see also Stragent II* D.I. 109)

While the motion for summary judgment was pending, Plaintiff disclaimed all claims of the Texas patents under 35 U.S.C. § 253 and moved to dismiss its infringement cause of action against Defendants **with prejudice**, for lack of subject matter jurisdiction. (D.I. 12 at 4; *see also Stragent II* D.I. 111) BMW objected to Plaintiff's motion, contending that the *Stragent II* court retained jurisdiction. (*Stragent II* D.I. 113 at 3) On July 23, 2019, the *Stragent II* court dismissed the case against BMW under Rule 41(a)(2) **with prejudice** and dismissed the cases against Mercedes and Volvo under Rule 12(b)(1) also **with prejudice**,[4] further finding

---

[3] Stragent appealed the first round of IPR decisions to the Court of Appeals for the Federal Circuit, but these appeals were dismissed for failure to prosecute. *See Stragent, LLC v. BMW of N. Am., LLC*, No. 18-2294 D.I. 20 & No. 18-2295 D.I. 10 (Fed. Cir. Feb. 11, 2019) (dismissing appeals). Stragent did not appeal any other IPR decisions. (D.I. 12 at 4)

[4] During the hearing in this case, all parties agreed that, despite the dismissals under different Rules in *Stragent II*, the Mercedes and Volvo parties should be treated the same as the BMW parties for the purpose of the pending motions for dismiss. (*See* Tr. at 13-14, 37)

2

Defendants to have been the prevailing parties in the Texas actions. (D.I. 12 at 4-5; *see also Stragent II* D.I. 121 at 2-3)

In the instant case, Plaintiff asserts four new patents against Defendants, now alleging that the use of the AUTOSTAR communication technology in Defendants' vehicles infringes these four patents. (D.I. 1 at ¶¶ 17-44) The patents asserted in this case – U.S. Patent Nos. 9,705,765 (the "'765 patent"), 10,002,036 (the "'036 patent"), 10,031,790 (the "'790 patent"), and 10,248,477 (the "'477 patent") (collectively, the "Delaware patents") – are all in the same family as the Texas patents. Specifically:

- the '765 patent and '036 patents are continuations of U.S. Patent No. 9,575,817 (the "'817 patent"), which, in turn, is a continuation of the '843 patent, which was one of the Texas patents;
- the '790 patent is a continuation of the '036 patent; and
- the '477 patent is a continuation of a pending patent application, which, in turn, is a continuation of the '790 patent.

The '765, '036, and '790 patents are all terminally disclaimed over the Texas patents. The '477 patent is terminally disclaimed over the '790 patent and the '036 patent.

Each of the Delaware patents shares the same title and specification as each of the Texas patents. The Delaware patents were all issued during the pendency of *Stragent II*. Defendants contend that Plaintiff threatened to assert three of the four Delaware patents in the Texas litigation. (*See* D.I. 12 at 5; *see also* Tr. at 15)

Defendants have moved to dismiss Plaintiff's complaints against them under Rule 12(b)(6), asserting three grounds: (1) claim preclusion based on the dismissals with prejudice in *Stragent II* (D.I. 12 at 14); (2) issue preclusion based on the IPR final written decisions holding

3

the Texas patents unpatentable (*id.* at 18); and (3) Plaintiff's violation of 37 C.F.R § 42.73(d)(3) which led to Plaintiff wrongfully obtaining three of the four patents asserted in this case (*id.* at 19).

## II. LEGAL STANDARDS

### A. Motion To Dismiss

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.

4

*Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

**B. Claim Preclusion**

In patent cases, regional circuit law governs the general issue of the applicability of claim preclusion. *See SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018). Under Third Circuit law, claim preclusion applies if there is: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or those in privity with them; and (3) a subsequent suit based on the same cause of action. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). The party asserting claim preclusion bears the burden of proving all of the elements. *See Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020). Federal Circuit law governs "whether a particular cause of action in a patent case is the same as or different from another cause of action." *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014).

**C. Issue Preclusion**

In patent cases, regional circuit law determines "the general procedural question of whether issue preclusion applies" while Federal Circuit law controls "questions involving substantive issues of patent law." *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). Under Third Circuit law, issue preclusion

5

applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (internal citations omitted). The party asserting issue preclusion bears the burden of proving its applicability. *See Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 147 (3d Cir. 2007).

## III. DISCUSSION

### A. Claim Preclusion Does Not Apply

It is undisputed that the parties involved in *Stragent II* and in this case are the same or in privity.[5] The parties' disagreement with respect to claim preclusion is whether there was a final judgment on the merits in *Stragent II* and whether the causes of action in this case and in *Stragent II* are the same. (*See* D.I. 12 at 14-18; D.I. 16 at 8-9, 12-17) As further explained below, the Court agrees with Defendants that the final judgment in *Stragent II* was on the merits but agrees with Plaintiff that the cause of action in this case is different from that in *Stragent II*. Hence, claim preclusion does not bar Plaintiff from proceeding with its patent infringement claims in the instant action.

#### 1. There was a final judgment on the merits in *Stragent II*

Defendants contend that there was a final judgment on the merits in *Stragent II* because that case was dismissed with prejudice. (D.I. 12 at 15) Plaintiff counters that the dismissals in *Stragent II* were based on a lack of subject matter jurisdiction resulting from Plaintiff's

---

[5] As previously noted, Mercedes-Benz Vans, LLC and Daimler Trucks North America LLC were not named parties in *Stragent II*. Defendants assert, and Plaintiff does not dispute, that these two entities are directly or indirectly related to the other Mercedes parties in *Stragent II*, and their interests are sufficiently aligned as to be in privity with the named parties. (*See* D.I. 12 at 1 n.2)

6

disclaimer of the Texas patents. (D.I. 16 at 8) A dismissal for lack of jurisdiction, according to Plaintiff, is not a judgment on the merits. (*Id.*) The Court agrees with Defendants that, under the circumstances presented here, the dismissals with prejudice in *Stragent II* constitute a final judgment on the merits for purposes of claim preclusion.

Plaintiff does not contest that the *Stragent II* cases ended appropriately with dismissals ***with prejudice***. Nor could it, as dismissals ***with prejudice*** were precisely how Plaintiff requested the Texas court conclude *Stragent II*. (*Stragent II* D.I. 111 at 1; *see also id.* D.I. 120 at 7 (Plaintiff agreeing case against BMW could be dismissed "on terms that the court considers proper")) The dismissals ***with prejudice*** in *Stragent II* were a result of Plaintiff's voluntary concession.[6]

The Federal Circuit has expressly held that a "dismissal with prejudice is a judgment on the merits for purposes of claim preclusion." *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1230 (Fed. Cir. 2006); *see also In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1373 (Fed. Cir. 2020); *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) (citing *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001)). Although none of the Federal Circuit decisions on which Defendants rely involved a dismissal with prejudice ***due to lack of subject matter jurisdiction***, they did involve ***dismissals with prejudice***, and the Court believes the nature of the dismissal (with prejudice) and not the basis for it (lack of jurisdiction) is decisive here for assessing applicability of claim preclusion. The lack of specific precedent for

---

[6] In *Stragent II*, BMW challenged Plaintiff's motion to dismiss for lack of jurisdiction, and its case was dismissed with prejudice under Rule 41(a)(2) – not under Rule 12(b)(1). Mercedes and Volvo did not challenge Plaintiff's motion to dismiss for lack of jurisdiction, and their cases were dismissed with prejudice under Rule 12(b)(1). Nonetheless, the *Stragent II* court stated that the concessions Plaintiff made with respect to BMW also applied to Mercedes and Volvo. (*Stragent II* D.I. 120 at 10)

this position may be due to the relatively rare circumstance of a dismissal with prejudice where there is a lack of subject matter jurisdiction – but that is precisely the (perhaps unusual) resolution Plaintiff proposed to end the Texas litigation.

Plaintiff opposes the Court's conclusion by pointing to *Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1370 (Fed. Cir. 2003), in which a prior dismissal with prejudice based on a plaintiff's lack of standing was found by the Federal Circuit **not** to be a judgment on the merits. (*See* D.I. 33 at 5) The Court does not believe *Media Techs.* is dispositive here. In *Media Techs.*, it was the plaintiff's lack of standing "**at the inception** of the lawsuit" that precluded the court from entering judgment on the merits, as the "threshold question" of jurisdiction must be resolved "before proceeding to the merits of a case." 334 F.3d at 1369-70 (emphasis added). Here, by contrast, the *Stragent II* court had subject matter jurisdiction at the inception of the lawsuit and exercised jurisdiction over the merits of the case for almost three years, before Plaintiff disclaimed the Texas patents (and asked that its case be dismissed with prejudice). Thus, unlike in *Media Techs.*, there was no "threshold question" that prevented the *Stragent II* court from ever reaching the merits of the case.

Plaintiff also cites several other Federal Circuit cases it argues support the proposition that a dismissal for lack of jurisdiction does not constitute a judgment on the merits. None of these cases involved the same circumstances presented here. *See, e.g., Target Training Int'l, Ltd. v. Extended Disc N. Am.*, 645 F. A'ppx 1018, 1025 (Fed. Cir. 2016) (prior action dismissed for mootness and not with prejudice); *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1361 (Fed. Cir. 2010) (prior action dismissed for lack of standing; unclear if dismissal was with or without prejudice); *Univ. of Pittsburgh v. Varian Med. Sys.*, 569 F.3d 1328, 1335 (Fed. Cir. 2009) (prior action dismissed for lack of standing; court of appeals reversed dismissal with prejudice to be dismissal

8

without prejudice). None of the cases states that a dismissal for lack of jurisdiction ***with prejudice*** can never be treated as a dismissal on the merits for purposes of claim preclusion.

To the contrary, the Federal Circuit has held that a standing defect that is unlikely to be cured may warrant a dismissal with prejudice and a judgment on the merits. *See Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1301 (Fed. Cir. 2018). While Plaintiff contends that *Raniere* is inapposite because it only involves the determination of the issue of "prevailing party," which is "entirely distinct from a decision of the merits" (D.I. 16 at 8), it remains true that *Raniere* expressly states that a dismissal with prejudice "is tantamount to a judgment on the merits." 887 F.3d at 1303. Also, here, too, the *Stragent II* court found that Defendants were the prevailing parties. *Raniere*, then, does little to help Plaintiff.

In sum, the Court finds that the dismissals ***with prejudice*** in *Stragent II* were a final judgment on the merits for purposes of application of claim preclusion in the instant action.

### 2. This case does not involve the same cause of action as *Stragent II*

In applying claim preclusion to a claim for patent infringement, determining whether a cause of action is the same as the prior case's cause of action requires the Court to consider: (1) whether the accused products or processes are "essentially the same" and (2) whether the patent claims being asserted are the same or substantially the same. *See Senju*, 746 F.3d at 1349-50. There is no dispute here that the first of these requirements is met. Plaintiff acknowledges that there is no material difference between the accused products at issue in *Stragent II* and the accused products involved in the instant action. (*See* Tr. at 41)

The issue is whether the patent claims asserted here are the same or substantially the same as those that were asserted in *Stragent II*. "Ordinarily, each patent asserted raises an independent and distinct cause of action." *Senju*, 746 F.3d at 1349 (internal citation omitted).

9

Thus, when different patents are asserted in two actions, the cause of action is analyzed pragmatically to determine whether the scope of the asserted claims of the patents in both actions is "essentially the same." *SimpleAir*, 884 F.3d at 1166-67. Claims that are "patentably indistinct" from one another are considered essentially the same. *Id.* at 1167.

The Court agrees with Plaintiff that, in the instant case, this requirement for claim preclusion is not satisfied – at least not as a matter of law, which would permit the Court to grant the motion to dismiss.

In arguing that the patent claims here are essentially the same as those involved in *Stragent II*, Defendants first point to the terminal disclaimer. Defendants insist that the claims of the Delaware patents are terminally disclaimed, directly or indirectly, over the Texas patents. (D.I. 12 at 17) While the terminal disclaimer offers a "strong clue" that continuation patent claims are patentably indistinct from those in the parent patent, the disclaimer is not dispositive and does not even give rise to a presumption of indistinctiveness. *See SimpleAir*, 884 F.3d at 1168. Here, then, absent a determination of claim scope, the fact that the currently-asserted claims are terminally disclaimed over the Texas patents does not automatically establish that they are "essentially the same" as the claims asserted in *Stragent II*.

Defendants also contend that the claims of the Delaware patents and the claims of the Texas patents are essentially the same because they recite the same core elements and are consistent in scope. (D.I. 12 at 17) Specifically, Defendants argue that each of the core elements or a "patentably indistinct variant" of the independent claims of the Delaware patents can be found in an invalidated claim in the Texas patents. (*See, e.g., id.* at 8-9) In response, Plaintiff argues that the claims asserted here are narrower than those at issue in *Stragent II*, and are

10

sufficiently narrow to survive invalidity challenges to them.[7] (D.I 16 at 2, 5, 13) Plaintiff has identified a number of limitations in the currently-asserted claims that are not contained in the claims asserted in *Stragent II*, limitations that may affect the patentability of the claims.[8] (*Id.* at 12-17)

Based on the record before the Court at this stage, without the benefit of claim construction or any expert opinion, the Court is not in a position to hold that the additional limitations contained in the Delaware patents' claims would not materially impact the question of patentability. Thus, Defendants have not met their burden to prove that the claims asserted in this case and the claims asserted in *Stragent II* are "patentably indistinct" or are "essentially the same." *SimpleAir*, 884 F.3d at 1167.

Defendants further point to the Federal Circuit's decision in *Senju*, 746 F.3d at 1352-53, for the proposition that a narrower claim does not give rise to a new cause of action, because the narrower claim "cannot contain within its scope any product or process which would not have infringed the original claims." According to Defendants, since Plaintiff repeatedly admitted – in briefing and during oral argument – that the currently-asserted claims are narrower in scope than those asserted in *Stragent II* (*see, e.g.*, D.I 16 at 2, 5, 13; *see also* Tr. at 40), the cause of action

---

[7] Contrary to Plaintiff's position, the Court is not required to take as true the complaint's allegation that the claims asserted here are "materially different" from the claims of the Texas patents. (D.I. 16 at 5) That is a legal conclusion and – other than with respect to, arguably, the '477 patent – the complaint lacks any purported factual support for Plaintiff's allegation about claim scope. (*See, e.g.*, D.I. 1 at ¶ 19)

[8] For example, Plaintiff argues that the addition of the "stored" limitation in claim 1 of the '477 patent would materially alter the validity analysis, because the PTAB refused to read that limitation into the claims of the Texas patents under the broadest reasonable interpretation claim construction standard then-applicable in IPR proceedings. (D.I. 16 at 14-15) Plaintiff also contends that "one of the novel features of the present claims is the requirement for particular configurations of the CAN and Flexray networks." (*Id.* at 18)

11

asserting these narrower claims is "subsumed" within the cause of action asserting broader claims from the same patent family in *Stragent II*. (D.I. 19 at 4-7; *see also Senju*, 746 F.3d at 1350)

*Senju* arose in the context of patent reexamination. Its applicability in the very different circumstances here is questionable. With patent reexamination, the same patent is asserted in the first and the second actions,[9] whereas in situations involving continuation patents, like here, different patents are asserted in the two actions. This distinction seems significant. As the Federal Circuit stated in *SimpleAir* – a decision post-dating *Senju* – "***where different patents are asserted*** in a first and second suit, a judgment in the first suit will trigger claim preclusion ***only if*** the scope of the asserted patent claims in the two suits is essentially the same." *SimpleAir*, 884 F.3d at 1167 (emphasis added); *see also Indivior Inc. v. Dr. Reddy's Labs., S.A.*, 930 F.3d 1325, 1336 (Fed. Cir. 2019) (citing *SimpleAir* and finding claim preclusion "[b]ecause – ***and only because*** – the asserted claims of the [later patent] were materially the same as those that were . . . asserted in the [prior patent]") (emphasis added). *SimpleAir* does not directly address the question of whether a continuation patent having narrower claims can support a different cause of action. Still, the unambiguous language of *SimpleAir* supports the conclusion that if a continuation patent asserted in the second action is materially narrower in scope than the parent patent asserted in the first action – which is the situation the Court assumes, for purposes of the

---

[9] In *Senju*, 746 F.3d at 1352, the Federal Circuit explained that the reason why claims that emerge from reexamination do not in and of themselves create a new cause of action is "because a so-called 'reexamined patent' is the original patent; it has just been examined another time as indicated in its reexamination certificate. Reexamination does not involve the filing of a new patent application nor the issuance of a new patent."

12

motion to dismiss (prior to claim construction), applies here – claim preclusion should not apply, because these two patents are not "essentially the same."[10]

In sum, since Defendants have not established that Plaintiff alleges the same cause of action in this case as that alleged in *Stragent II*, claim preclusion does not bar Plaintiff's patent infringement claims.

**B.     Issue Preclusion Does Not Apply**

Defendants contend that Plaintiff is barred from asserting the patents-in-suit because the PTAB issued final written decisions in the IPR proceedings holding that every claim of the Texas patents was unpatentable. (D.I. 12 at 18) Plaintiff argues that the PTAB invalidity decisions do not have preclusive effect (D.I. 16 at 9-11) and also that the IPR proceedings did not adjudicate the identical issue presented here (*id.* at 12-17). This case does not require the Court to decide whether the PTAB decisions have preclusive effect because, even assuming they do, the asserted claims of the Delaware patents cannot be deemed, at this stage, to be patentably indistinct from the Texas patents' claims. Hence, issue preclusion does not apply.

As discussed above in connection with claim preclusion, the Court cannot find at this stage of this case that the additional limitations in the Delaware patents' claims, as compared to the claims of the Texas patents, would not materially change the question of patentability. *See Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies."). Hence, Defendants have

---

[10] Defendants insist that narrower continuation claims must be "'essentially the same' for preclusion purposes." (*See* D.I. 34 at 7) *SimpleAir* states that "[c]laims which are patentably indistinct are essentially the same." 884 F.3d at 1167. Since the claims here cannot, at this stage, be deemed patentably indistinct, they likewise cannot (at this stage) be deemed to be essentially the same.

not satisfied their burden to prove that the claims asserted in this case and the invalidated claims in the Texas patents are patentably indistinct. For that reason, issue preclusion does not apply in this case.

### C. 37 C.F.R. § 42.73(d)(3) Does Not Alter The Outcome On The Motion

Defendants contend that 37 C.F.R. § 42.73(d)(3)[11] bars Plaintiff from asserting the '036, '790, and '477 patents because they were issued after the PTAB's "adverse judgment" with respect to the validity of the Texas patents, which, according to Defendants, are patently indistinct from the later-issued Delaware patents. (D.I. 12 at 19-20) Plaintiff responds that 37 C.F.R. § 42.73(d)(3) does not apply to district court proceedings, and also that the claims in the later-issued patents are not patentably indistinct from those in the Texas patents. (D.I. 16 at 19) Because, again, the Court has agreed with Plaintiff on the latter of these points – at least at this stage the Court is unable to determine that the claims are patentably indistinct – the outcome on the motion would not change even assuming 37 C.F.R. § 42.73(d)(3) applies here. *See also generally Regents of the Univ. of Minn. v. LSI Corp.*, 926 F.3d 1327, 1345 n.5 (Fed. Cir. 2019) (stating that, at least under some circumstances, result of applying 37 C.F.R § 42.73(d)(3) is "no different than what is mandated under traditional principles of res judicata and collateral estoppel").

### IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss will be denied. An appropriate order follows.

---

[11] 37 C.F.R § 42.73(d)(3) provides that a "patent applicant or owner is precluded from taking action inconsistent with the adverse judgment, including obtaining in any patent: (i) A claim that is not patentably distinct from a finally refused or canceled claim."

14