

Karen E. Keller
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0702 - Direct
kkeller@shawkeller.com

July 7, 2021

**BY CM/ECF**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Stragent, LLC v. BMW of North America, LLC, et al.,* C.A. No.20-510-LPS

Dear Chief Judge Stark:

    Stragent's Answer to BMW's Counterclaims (D.I. 47) contains blanket denials of indisputable facts and asserts that certain documents "speak for themselves." These responses do not comply with Stragent's obligation under the Federal Rules to answer allegations in good faith. Thus, BMW respectfully moves to strike Stragent's improper blanket denials or, alternatively, to compel Stragent to make more definite statements in response to BMW's Counterclaims. BMW requested relief on June 17, 2021. Receiving no response, BMW requested a meet-and-confer with Stragent on June 29, 2021. During the parties' July 1, 2021 conference, Stragent refused to amend its Answer in good faith. Thus, BMW must move the Court for relief.

    Federal Rule of Civil Procedure 8(b) requires that a denial of a specific part of an allegation must be in good faith and that the party denying part of an allegation "must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Rules 8(b)(2) and (3) specifically explain that a "denial must fairly respond to the substance of the allegation," and that, while a party that "intends in good faith to deny all the allegations . . . may do so in a general denial," a "party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." The theory of Rule 8(b) is for the answering party to put its opponent on notice of the admitted allegations will not be in issue at trial, and the contested allegations that must be proven. *See Bruce v. Anthem Ins. Cos., Inc.*, No. 3:15-cv-353-D, 2015 WL 1860002, at *2 (N.D. Tex. Apr. 23, 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1261, at 526 (2004)).

    Thus, Stragent must answer BMW's counterclaims to provide notice of the allegations that are genuinely contested. Despite this obligation, Stragent replied to BMW's counterclaims with blanket denials of irrefutable facts, as demonstrated in the following table.

| BMW's Factual Allegations | Stragent's Improper Blanket Denials |
|---|---|
| Counterclaim, ¶ 11: "In 2011, Stragent asserted the ultimate parent of the asserted patents, U.S. Patent No. 7,802,263 ("the '263 patent") against a host of companies, including Robert Bosch LLC ("Bosch"). Over a year later, Stragent dismissed its claims with prejudice. *See Stragent, LLC v. STMicroelectronics, Inc.*, No. 6:11-cv-111-LED, D.I. 1 & 406 (E.D. Tex.) | "Denied." |

SHAW KELLER LLP

The Honorable Leonard P. Stark
Page 2

| | |
|---|---|
| ("*Stragent I*")." | |
| Counterclaim, ¶ 12 (excerpted): "The '705 and '843 patents asserted in *Stragent II* were continuations of the '263 patent asserted in *Stragent I*, and the *Stragent II* complaint asserted infringement against automotive products allegedly compliant with AUTOSAR specifications. . . . When Defendants objected to the addition, Stragent argued there would be no prejudice because the '817 patent and the Texas Patents 'share the same specification, cover the same subject matter, and have closely related claims.' *Id.*, D.I. 80 at 2, 3. *See also infra*, at 'Patent Family Tree.'" | "Denied, except it is admitted that Stragent filed Civil Action No. 6:16-cv-446 in the Eastern District of Texas, and the official record of that action speaks for itself and thus is a matter of law." |
| Counterclaim, ¶ 18 (excerpted): "The asserted patents are all continuations of, and terminally disclaimed over, the '263 patent, the Texas Patents (found invalid in IPRs and expressly disclaimed by Stragent), and the '817 patent (or to other patents in the chain that are terminally disclaimed to these patents)"[1] | "Denied." |
| Counterclaim, ¶ 19: "The Texas Patents are both entitled "System, Method and Computer Program Product for Sharing Information in a Distributed Framework," and share a specification..  They are directed to using automotive electronic control unit ("ECU") gateway middleware having associated "bulletin board" memory that allows for "real-time" sharing of information across different in-vehicle networks—e.g., sharing information between two or more of a Controller Area Network ("CAN"), Local Interconnect Network ("LIN"), and FlexRay Network in "vehicle communication and control systems, real-time monitoring systems, industrial automation and control systems, as well as any other desired system." D.I. 12, Ex. O ('705 patent at 1:22–25, 3:24–33). The Texas Patents state that multiple automotive ECUs "control complex applications such as engine control, brake control, or diagnostics" while connected by multiplexing bus-systems corresponding to different networks. *Id.* at 3:13–16, 3:26–33. Such ECUs have software for interfacing with the ECU's input/output mechanisms and storing information within the ECU. *Id.* at 4:45–5:9. These ECUs share arbitrated access to a "common, or shared storage system that is connected to all of the system networks through network interfaces." *Id.* at 7:30-32, 8:13–31." | ¶ 19: "Denied, except the first sentence is Admitted." |
| Counterclaim, ¶ 20 (excerpted): "Thus, every claim of these patents (79 total—20 for '705 patent and 59 for '843 patent) was found invalid by the Patent Office, as discussed above." | "Denied." |
| Counterclaim, ¶ 22: "Stragent filed the continuation application that ultimately issued as the '765 patent on January 12, 2017, days before BMW | "Denied." |

---

[1] Stragent's blanket denial of every fact in the table of Counterclaim, ¶ 18 is also improper.

| | |
|---|---|
| and Mercedes filed the first round of IPRs on the Texas Patents. D.I. 12, Ex. Q ('765 patent file history). Though no office action was issued, Stragent and the Examiner communicated via email regarding Stragent's amended claims, which the Examiner said he would allow if Stragent filed terminal disclaimers over the invalid Texas Patents.[footnote omitted *Id.* at 202-203. Stragent did not dispute the need for these terminal disclaimers, nor did Stragent argue that the claims of the '765 patent were patentably distinct from its parent patents. *Id.* at 112 (Mar. 3, 2017, Terminal Disclaimers). Thus, Stragent tacitly admitted that the '765 patent contained the same or substantially the same subject matter as the invalid '705 and '843 patents." | Stragent also flatly denied similar allegations relating to other asserted patents. *See* D.I. 47, ¶¶ 24, 26, and 28. |
| Counterclaim, ¶ 74 (excerpted): "Additionally, although Mr. Caldwell mentioned in a transmittal letter that the '843 and '705 patents were subject to certain IPRs (Nos. 2017-00457, 2017-00458, 2017-00676, 2017-00677, 2017-01502, 2017-01503, 2017-01504, 2017-01519, 2017-01520, 2017-01521, and 2017-01522), stated that Stragent had submitted the references from those IPRs, and said that the IPRs Mr. Caldwell identified had "received final written decisions rendering all challenged claims unpatentable," (D.I. 12, Ex. U at 172-173), Mr. Caldwell did not disclose this information until January 25, 2019." | "Denied." |
| Counterclaim, ¶ 80 (excerpted): "Additionally, although Mr. Fortenberry mentioned in a transmittal letter that the '843 and '705 patents were subject to certain IPRs (Nos. 2017-00457, 2017-00458, 2017-00676, and 2017-00677), stated that Stragent was submitting the references from those IPRs, and said that the IPRs Mr. Fortenberry identified had "received final written decisions rendering all challenged claims unpatentable," (D.I. 12, Ex. T at 161-162), Mr. Fortenberry disclosed this information after the Examiner issued a Notice of Allowance on June 15, 2018 (D.I. 12, Ex. T at 135-136)." | "Denied." |

Stragent's blanket denials are also improper as to paragraphs 7, 9, 13, 14, 16, 17, 33, 38, 43, 48, 72, 73, 78, 79, 84, 85, 87, 93, 91, and 92 to the extent that those paragraphs contain irrefutable facts, among other accusations. *See* D.I. 47. Stragent cannot, in good faith, have intended to deny the entirety of the allegations in these paragraphs and those in the chart above. *See Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 582 (D. Del. 2015) (Stark, J.).  Rule 8(b)(4) requires Stragent to "admit the part [of the allegation] that is true and deny [only] the rest." *Id.*  Stragent also asserts that certain documents "speak for themselves." *See, e.g.*, D.I. 47, ¶¶ 10, 12. This is also improper. *See Azza Intern. Corp. v. Gas Research Institute*, 204 F.R.D. 109, 110 (N.D. Ill 2001) (finding the statement that a document "speaks for itself" "impermissible"); *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011) ("Responses that documents speak for themselves . . . do not comply with rule 8(b)'s requirements."); *Ball v. Life Insurance Co. N.A.*, 3:17-cv-2366-L, 2017 WL 6621539, *6 (N.D. Tex. Dec. 28, 2017) ("Alleging that the report 'speaks for itself' only creates confusion . . . and does not fairly respond to the substance of the allegations.").

Accordingly, BMW respectfully moves to strike Stragent's improper blanket denials or, alternatively, to compel Stragent to submit a more definite Answer.

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 4

                                                          Respectfully,

                                                          */s/ Karen E. Keller*

                                                          Karen E. Keller

cc:     Clerk of the Court (by CM/ECF)
          All counsel of record (by CM/ECF and email)