IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-510-LPS |
| | ) | |
| BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-511-LPS |
| | ) | |
| MERCEDES-BENZ USA, LLC; MERCEDES-BENZ VANS, LLC; DAIMLER TRUCKS NORTH AMERICA LLC; and DAIMLER NORTH AMERICA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-512-LPS |
| | ) | |
| VOLVO CAR NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' COMMENTS ON PLAINTIFF'S TECHNOLOGY TUTORIAL**

Pursuant to Paragraph 11 of the Court's Scheduling Order (D.I. 43[1]), Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC ("BMW"); Mercedes-Benz USA, LLC, Mercedes-Benz Vans, LLC, Daimler Trucks North America, LLC, and Daimler North America Corp. ("Daimler-Mercedes"); and Volvo Car North America, LLC ("VCNA") (collectively, "Defendants") hereby submit the following comments regarding Plaintiff Stragent, LLC's ("Stragent") Technology Tutorial (D.I. 68).

**Slide 2:** Stragent provides an incorrect listing of asserted claims. In particular, claim 18 of U.S. Patent No. 10,002,036 is not among the list of asserted claims identified in Stragent's infringement contentions dated July 28, 2021.

**Slides 4, 6, and 8:** Stragent uses its technology tutorial to advocate the purported novelty of the Asserted Patents. That is improper. Moreover, although the PTAB denied institution of *inter partes* review of U.S. Patent Nos. 10,031,790, 10,002,036, and 9,705,765, those decisions do not support Stragent's assertions that Stragent invented something not well known in the art. Stragent characterizes the prior art as lacking features that are in fact in the prior art. Indeed, the PTAB found each of the allegedly missing features in the prior art when it invalidated the parent patents to those asserted here. *See generally,* D.I. 44 (Amended Answer and Counterclaims), ¶¶ 7-10, 15-16.

In slides 4, 6, and 8, Stragent asserts that sharing information across different networks was not known prior to Stragent's invention. *See* D.I. 68 at Slides 4 ("In the prior art, information from one network could not be shared with another network. . . ." and the "[p]rior art did not provide a solution for sharing automotive information), 6 ("Prior to invention, automobile hardware components could generally exchange information only with networks sharing a common protocol

---

[1] Docket entries refer to C.A. No. 20-510-LPS unless otherwise noted.

(software)."); 8 ("prior art where automobile hardware components could exchange information only with networks sharing a common protocol (software)."). These assertions are also incorrect. Sharing information across different networks with different protocols was well-known prior to Stragent's alleged inventions, for which Stragent asserts priority to December 17, 2002.

For example, *Open Systems and their Interfaces for the Electornics in Motor Vehicles* (OSEK) and U.S. Publication No. 2002/0073243 ("*Staiger*"), published in 2000 and 2002, respectively, both disclosed sharing information across different network protocols in an automotive environment. *See* Ex. 1, OSEK/VDX (2000), Concept and Application Programming Interface; *see also* Ex. 2, U.S. Pub. No. 2002/0073243 (filed December 4, 2001).

Specifically, OSEK illustrates an ECU connected to multiple networks to receive and transmit messages in automotive vehicles. *See* Ex. 1 at 8*; see also* D. I. 69 (Defendants's Technology Tutorial) at Slide 7. Additionally, OSEK shows "a µController (e.g., an ECU or node) connected to *two or more networks*." D.I. 69 at Slide 7. (emphasis added). OSEK explicitly contemplates multiple networks that can have "different protocols and different network architectures." *Id.* Importantly, the PTAB confirmed that OSEK discloses sharing information across different networks with different protocols. *See, e.g.*, D.I. 12 (Opening Brief in Support of Motion to Dismiss) at Ex. I at 40 ("[I]n light of OSEK NM's teaching that '[a] micro processor with two communication modules connected to two different communication media (e.g. low speed CAN and a high speed CAN) represents two nodes' . . . . This disclosure is consistent with Petitioner's position that messages are shared among networks with different protocols. . . .").

Likewise, U.S. Publication No. 2002/0073243 ("*Staiger*"), published June 13, 2002, also discloses a system for sharing messages across different network protocols. *See* Ex. 2; *see also*

3

D.I. 69 at Slides 6, 22. *Staiger* discloses CPUs that "are connected to bus systems such as FireWire or MOST (i.e. a 'first network protocol'), which are different than CAN buses . . . (i.e. a 'second network protocol')." D.I. 69 at Slide 22. And, just as with OSEK, the PTAB confirmed that *Staiger* discloses sharing information across different networks with different protocols. *See, e.g.,* D.I. 12 at Ex. C at 32 ("[t]he most natural understanding of the single word 'identically' in Staiger is that the identical content of the message is broadcast over the different CAN busses . . . ." (emphasis removed)).

Thus, Stragent's claims that the "[p]rior art did not provide a solution for sharing automotive information" and "[i]n the prior art, information from one network could not be shared with another network . . ." are false. D.I. 68 at Slide 4. OSEK and *Staiger* explicitly disclose sharing messages across different networks and different protocols in automotive systems, as the PTAB confirmed in invalidating every claim of related patents that share the same specification and disclosure to those asserted here.

**Slides 9-12.** Stragent wrongly asserts that "Autosar has all the components specified in the Stragent claims" and misleadingly presents a specific, hypothetical AUTOSAR implementation as "basic software." D.I. 69 at Slides 9-12. Stragent incorrectly implies that AUTOSAR's "basic software" and all implementations of AUTOSAR include debugging, diagnostics, and communication stacks for CAN, LIN, and FlexRay. *See id.* at Slide 12. From this incorrect implication, Stragent falsely claims that AUTOSAR necessarily includes all of the limitations of the claims of the asserted patents. *See id.* at Slide 9. However, AUTOSAR does not include all of the limitations of the claims, and Stragent's attempts to paint all AUTOSAR versions, implementations, and classes with a broad brush is misleading.

Rather than the monolith Stragent portrays, AUTOSAR documentation explains that AUTOSAR generally includes three different Implementation Conformance Classes (ICC), all of which are AUTOSAR complaint. *See* Ex. 3, *Automated Generation of AUTOSAR Description File for Safety-Critical Software Architectures,* at 2146-2147. These three separate ICCs have varying levels of implementation of AUTOSAR's Basic Software (BSW). *Id.* For instance, ICC1 requires fewer AUTOSAR features than ICC2, which, in turn, requires fewer AUTOSAR features than ICC3. *Id.* Indeed, compliance with ICC1 merely requires "an interface wrapper for RTE [run-time environment] standard interface" while ICC3 "implies full AUTOSAR conformity." *Id.* Moreover, AUTOSAR contains options for disabling features, such as (1) disabling router support for CAN and/or FlexRay interfaces; (2) turning OFF error detection; and (3) disabling router gateway operation. *See* Ex. 4, *Specification of PDU Router*, at 89-91. Indeed, many of the features Stragent implies are mandatory in all implementations of AUTOSAR—even ICC3—are optional. *Id.* 89-91. Thus, no implementation of AUTOSAR necessarily contains all of the limitations of Stragent's claims as Stragent's tutorial incorrectly implies.

Accordingly, by ignoring ICC1 and ICC2 and referring only to a figure describing ICC3 as a "Autosar *basic* software," (Slide 10), Stragent takes great liberty with the word "basic" and omits the varying degrees of complexity and integration among AUTOSAR's three levels of ICCs. Moreover, Stragent refers to only a hypothetical implementation of AUTOSAR with generic descriptions of features, which may or may not be include in AUTOSAR-compliant automobiles. Again, AUTOSAR's three ICCs all contain different features and, even in the more detailed ICCs, many of the features required by Stragent's claims are optional. Therefore, Stragent's using its tutorial to imply that any AUTOSAR-compliant automobile necessarily includes every feature described in every AUTOSAR specification is incorrect.

Dated: February 15, 2022

By: /s/ Stamatios Stamoulis
Stamatios Stamoulis (No 4606)
STAMOULIS & WEINBLATT, LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
stamoulis@swdelaw.com
(302) 999-1540

Lewis E. Hudnell, III
HUDNELL LAW GROUP P.C.
800 W. El Comino Real, Ste. 180
Mountain View, CA 94040
(650) 564-7720
lewis@hudnelllaw.com

*Attorneys for Defendant Volvo Car North America, LLC*

By: /s/ Jack B. Blumenfeld
Jack B. Blumenfeld (No. 1014)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com

Edward J. DeFranco
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Jeffrey S. Gerchick
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202)-538-8000

By: /s/ Andrew E. Russell
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
lionel.lavenue@finnegan.com
(571) 203-2700

R. Benjamin Cassady
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC*

6

Brett N. Watkins
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
711 Louisiana Street, Suite 500
Houston, TX  77002
(713) 221-7030

*Attorneys for Defendants Mercedes-Benz USA, LLC, Mercedes-Benz Vans, LLC, Daimler Trucks North America LLC, and Daimler North America Corporation*