IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-510-JDW |
| ) | |
| BMW OF NORTH AMERICA, LLC, and ) | |
| BMW MANUFACTURING CO., LLC, ) | |
| ) | |
| Defendants. ) | |

**BMW OF NORTH AMERICA, LLC'S AND BMW MANUFACTURING CO., LLC'S OPENINING BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION**

OF COUNSEL:
Lionel M. Lavenue
Deanna C. Smiley
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2700

R. Benjamin Cassady
Joseph M. Myles
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Dated: April 5, 2022

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF THE ARGUMENT | 2 |
| III. | STATEMENT OF FACTS – THE FOUR ASSERTED PATENTS HERE ARE LIKELY INVALID | 3 |
| | A. Prior Litigation – Stragent's First Round of Litigation Ended in Summary Judgement and the Invalidity of Initial Asserted Patents | 3 |
| | B. Status of Litigation | 4 |
| | C. Prior Filed IPRs | 5 |
| | D. BMW's Petition for EPR | 5 |
| IV. | ARGUMENT – A Stay is Appropriate Relief Here | 5 |
| | A. This Court Has Granted Stays For Post-Grant Proceedings in Appropriate Cases | 5 |
| | B. All Three Factors Considered by Courts in Granting a Stay Pending Post-Grant Proceedings Favor a Stay in This Case | 6 |
| | 1. A Stay is Likely to Simplify the Issues for Trial | 7 |
| | 2. The Early Stage of Litigation Favors a Stay | 8 |
| | 3. Plaintiff Will Suffer No Undue Prejudice from a Stay | 9 |
| V. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Boston Scientific Corp. v. Cordis Corp.*,
   777 F. Supp. 2d 783 (D. Del. 2011) ......................................................................................... 8

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................ 5

*Mission Abstract Data LLC v. Beasley Broad. Grp., Inc.*,
   Civ. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) ......................................... 5

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. CV 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ................................. 5, 6, 8

*Pragmatus AV, LLC v. Facebook, Inc.*,
   No. 11-CV-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) .................................... 5

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*,
   No. CV 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) .............................. 6, 7

*RetailMeNot, Inc. v. Honey Sci. LLC*,
   No. CV 18-937-CFC-MPT, 2020 WL 373341 (D. Del. Jan. 23, 2020) .................................... 6

*Round Rock Rsch. LLC v. Dole Food Co. Inc.*,
   No. CIV.A. 11-1239-RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) ................................... 8

*Softview LLC v. Apple Inc.*,
   No. CV 10-389-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013) ............................................ 7

*Textron Innovations, Inc. v. Toro Co.*,
   Civil Action No. 05-486 (GMS), 2007 WL7772169 (D. Del. Apr. 25, 2007) .......................... 5

**Federal Statutes**

35 U.S.C. § 325(d) ......................................................................................................................... 4

Leahy-Smith America Invents Act ................................................................................................ 4

**Regulations**

77 Fed. Reg. 48680 (Aug. 14, 2012) .............................................................................................. 5

**Other Authorities**

157 Cong. Rec. S5319 .................................................................................................................... 5

Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC (collectively "BMW") move to stay this litigation pending resolution of reexaminations of U.S. Patent Nos. 10,248,477, 10,031,790, 10,002,036, and 9,705,765 (collectively, the "Asserted Patents"). An *Inter Partes* Review ("IPR") of one of the four Asserted Patents in this case, U.S. Patent No. 10,248,477 ("the '477 Patent"), was instituted by the Board on July 19, 2021, in regard to claims 1-30 of the '477. Additionally, BMW is in the process of seeking an *Ex Parte* Reexamination ("EPR") of two more of the four Asserted Patents in this case, U.S. Patent No. 9,705,765 ("the '765 Patent") and U.S. Patent No. 10,031,790 ("the '790 Patent"), and Mercedes-Benz USA, ("Mercedes-Benz") is in the process of seeking an EPR of the fourth remaining asserted patent, the U.S. Patent No. 10,002,036 ("the '036 Patent"). BMW expects a decision ordering reexamination of the '765 and '790 patents also around July 2022. All four Asserted Patents will thus be subject to either IPR or EPR post-grant proceedings.

BMW thus respectfully submits granting a stay will simplify the issues and conserve the Court's and the parties' resources without causing any undue prejudice to Plaintiff Stragent, LLC ("Stragent").

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

On April 15, 2020, Stragent filed this case against BMW alleging that BMW infringes the Asserted Patents. D.I. 1. BMW filed its Answer on April 22, 2021. D.I. 42. While document production should be substantially complete according to the previous scheduling order, Stragent has not diligently pursued discovery, and therefore document production is not substantially complete. Additionally, the parties have engaged in multiple discovery disputes that include Stragent refusing to produce privilege logs and responsive documents. During the Court's March 28, 2022 status conference, the Court noted that Stragent has not diligently pursued discovery and

1

ordered Stragent to produce a privilege log and amended answers to BMW's document requests by April 15, 2022. D.I. 85. The parties are also currently proposing a revised scheduling order pursuant to the Court's order. *Id.* BMW requested Stragent's consent to the stay on April 4, 2022 during a meet-and-confer, and Stragent informed BMW that it would not consent to the motion.

## II.     SUMMARY OF THE ARGUMENT

Granting a stay of this instant action will potentially resolve solve several significant issues presented in this litigation, including those that would arise as early as the claim construction hearing. Each of the factors that the Court should consider weighs in favor of granting a stay pending resolution

1.     *First,* a stay will likely simplify the issues for trial, and possibly moot the trial entirely. An oral hearing is scheduled in the IPR for April 20, 2022, and a final written decision is due by statute by July 21, 2022—less than a month after the current claim construction hearing, on June 29, 2022. This Final Written Decision would potentially resolve several signification issues presented in this litigation, including claim construction. Additionally, reexamination of the '765, '790, and '036 Patents is almost certain to be granted based on substantial new questions of patentability as the claims of the '765, '790, and '036 Patents are also similar to the '477 Patent and to parent patents that have already been invalidated by the Board. Thus, these soon-to-be filed EPRs are likely to alter the claim construction positions and even moot the entire proceedings (including trial).

2.     *Second*, the early stage of this action favors a stay. This action is in the early stages of litigation as depositions and expert discovery have not yet begun, the *Markman* hearing has not occurred, and the Court is in the process of resetting the trial date. Thus, staying this action will avoid needless discovery and preserve judicial efficiency.

3.     *Third*, Stragent will not suffer an undue prejudice from a stay. Staying this action will only delay the *Markman* hearing by a few weeks, as the Board's Final Written Decision is due by statute by July 21, 2022, and the *Markman* hearing is currently schedule for June 29, 2022. Additionally, BMW and Stragent are not competitors and Stragent will not suffer economic loss as Stragent is only seeking money damages. Thus, Stragent will not suffer from a stay.

III.    **STATEMENT OF FACTS – THE FOUR ASSERTED PATENTS HERE ARE LIKELY INVALID**

   A.    **Prior Litigation – Stragent's First Round of Litigation Ended in Summary Judgement and the Invalidity of Initial Asserted Patents**

Stragent previously litigated U.S. Patent Nos. 8,209,705 ("the '705 Patent") and 8,566,843 ("the '843 Patent") in the Eastern District of Texas against BMW—neither patent was asserted here as the Board already found all claims for those patents unpatentable (shown in table below). These invalid '705 and '843 Patents are parent patents of the Asserted Patents here, the '477, '765, '790, and '036 Patents.

| Case No. | Parties | Patent | Petition | Institution | FWD | Outcome |
|---|---|---|---|---|---|---|
| IPR2017-00457 | Stragent Mercedes | 8,566,843 | Dec. 9, 2016 | June 16, 2017 | June 13, 2018 | Claims 1 and 47–51 unpatentable |
| IPR2017-00458 | Stragent Mercedes | 8,209,705 | Dec. 9, 2016 | June 16, 2017 | June 13, 2018 | Claims 1–7 and 20 unpatentable |
| IPR2017-00676 | Stragent BMWNA | 8,209,705 | Jan. 18, 2017 | June 16, 2017 | June 14, 2018 | Claims 1–6 and 20 unpatentable |
| IPR2017-00677 | Stragent BMWNA | 8,566,843 | Jan. 18, 2017 | June 16, 2017 | June 13, 2018 | Claims 51–59 unpatentable |
| IPR2017-01502 | Stragent Mercedes | 8,209,705 | June 6, 2017 | Dec. 8, 2017 | Dec. 6, 2018 | Claims 8–19 unpatentable |
| IPR2017-01503 | Stragent Mercedes | 8,566,843 | June 6, 2017 | Dec. 8, 2017 | Dec. 6, 2018 | Claims 2–37, 39–46, and 52–59 unpatentable |
| IPR2017- | Stragent | 8,566,843 | June 6, | Dec. 8, | Dec. 6, 2018 | Claims 2–37, |

3

| 01504 | Mercedes | | 2017 | 2017 | | 40–46 and 52–59 unpatentable |
|---|---|---|---|---|---|---|
| IPR2017-01519 | Stragent BMWNA | 8,566,843 | June 6, 2017 | Dec. 8, 2017 | Dec. 6, 2018 | Claims 1–50 unpatentable |
| IPR2017-01520 | Stragent BMWNA | 8,566,843 | June 6, 2017 | Dec. 8, 2017 | Dec. 6, 2018 | Claims 1–18 and 20–50 unpatentable |
| IPR2017-01521 | Stragent BMWNA | 8,209,705 | June 6, 2017 | Dec. 8, 2017 | Dec. 6, 2018 | Claims 7–17 and 19 unpatentable |
| IPR2017-01522 | Stragent BMWNA | 8,209,705 | June 6, 2017 | Dec. 8, 2017 | Dec. 6, 2018 | Claims 7–14 and 16–19 unpatentable |

In fact, all four Asserted Patents here share the same title and specification as the invalidated '705 and the '843 Patents. Additionally, the claims of the four Asserted Patents here include similar limitations as the invalidated '705 and the '843 Patents. Based on the Final Written Decisions, BMW moved for summary judgement of invalidity in this initial case, and in response, Stragent disclaimed all claims of the '705 and the '843 Patents and moved to dismiss its infringement allegations. The Texas Court dismissed the case.

### B. Status of Litigation

While the Texas Court and IPR proceedings for the unasserted '705 and the '843 Patents were still pending, Stragent sent a letter to BMW's counsel threatening infringement of the '765 and '790 Patents (from the same family). Stragent then filed this action against BMW, and other Defendants in related cases, on April 15, 2020 (D.I. 1), asserting infringement of the '477, '765, '790, and '036 Patents. BMW answered the Complaint on April 22, 2021 (D.I. 42), and filed an Amended Answer and Counterclaims on May 13, 2021. D.I. 44. BMW and Stragent have both served requests for production and responses. D.I. 62, 64, 79, 86. Additionally, both sides filed claim construction opening briefs and answering briefs. D.I. 66, 67, 74, 76.

4

A *Markman* hearing is currently scheduled for June 29, 2022, and trial is currently scheduled for April 17, 2023.

### C. Prior Filed IPRs

On January 21, 2021, BMW and other Defendants filed IPRs (IPR2021-00417, IPR2021-00418, IPR2021-00425-427, IPR2021-00419, IPR2021-00726, IPR2021-00727, IPR2021-00728) challenging the four Asserted Patents. The Board issued a discretionary denial under 35 U.S.C. § 325(d) for the '765, '790, and '036 Patents. The Board found that the matters had previously been presented to the Office, despite Stragent's failure to properly advise the Patent Office of the pending IPRs during prosecution of the '765, '790, and '036 Patents. Nevertheless, the Board ultimately found that Petitioners had not demonstrated a material error by the Office.

Meanwhile the Board instituted review of every challenged claim of the '477 Patent on July 19, 2021. Ex. A. By statute, the Board must issue its Final Written Decision within 18 months of BMW's petition, by July 21, 2022. In its Final Written Decision, the Board is expected to construe several claim terms, including three of the six disputed claim terms that are the subject of the June 29, 2022, *Markman* hearing.

### D. BMW's Petition for EPR

BMW will request reexamination of the '765 and the '790 Patents by April 30, 2022. Additionally, BMW understands that Mercedes-Benz will request reexamination of the '036 Patent by about April 30, 2022.

## IV. ARGUMENT – A Stay is Appropriate Relief Here

### A. This Court Has Granted Stays For Post-Grant Proceedings in Appropriate Cases

Congress enacted the Leahy-Smith America Invents Act ("AIA") to create "a more efficient and streamlined patent system that will improve quality and limit unnecessary and

5

counterproductive litigation costs." 77 Fed. Reg. 48680 (Aug. 14, 2012). IPRs and [EPRs] provide "a timely, cost-effective alternative to litigation." *Id.* 157 Cong. Rec. S5319 (post grant review represents "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field") (statement of Sen. Kyl).

District courts, including Delaware, have granted stays pending post-grant proceedings by the United States Patent and Trademark Office ("USPTO"). *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have an inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted); *Mission Abstract Data LLC v. Beasley Broad. Grp., Inc.*, Civ. No. 11-176-LPS, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011) ("Whether or not to stay litigation pending a PTO reexamination is a matter left to the Court's discretion"); *Textron Innovations, Inc. v. Toro Co.*, Civil Action No. 05-486 (GMS), 2007 WL7772169, at *1 (D. Del. Apr. 25, 2007) (granting stay; noting factors guiding the "court's discretion").

Courts also follow a liberal policy of granting stays even when the USPTO has not decided whether to grant a reexamination request. *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("[I]t is not uncommon for this court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent.") (citing additional cases); *cf. Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013) (granting stay pending IPR even though PTO had not yet decided whether to grant defendant's petition).

**B.     All Three Factors Considered by Courts in Granting a Stay Pending Post-Grant Proceedings Favor a Stay in This Case**

In exercising their broad discretion, courts within this District consider three factors to determine whether a stay is appropriate: (1) whether a stay will simplify the issues for trial;

6

(2) whether discovery is complete and a trial date set; (3) whether granting a stay would cause the non-moving party to suffer undue prejudice. *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. CV 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014).

### 1. A Stay is Likely to Simplify the Issues for Trial

The most important factor in deciding a motion to stay is whether the stay is likely to simplify the issues for trial. *RetailMeNot, Inc. v. Honey Sci. LLC*, No. CV 18-937-CFC-MPT, 2020 WL 373341, at*4 (D. Del. Jan. 23, 2020). Regardless of the outcome, IPR and EPR proceedings have the potential to clarify issues for trial. When all of the asserted claims of a patent are found invalid, then the issues are greatly simplified because the litigation would be resolved. *Princeton Digital Image Corp.*, No. 2014 WL 3819458, at *2-3. If some challenged claims survive, the IPR and EPR proceedings will still have benefits. These benefits may include clarifying issues for claim construction, reducing costs for parties and the Court, and giving the Court the benefit of the USPTO's expertise. *Neste Oil OYJ*, 2013 WL 3353984, at *4-5.

The '477 Patent IPR is highly likely to simplify the issues for trial. BMW's Petition challenges all of the claims of the '477 Patent and the Board has already decided to institute review. *Princeton Digital Image Corp.*, 2014 WL 3819458, at *6 (granting pre-institution stay where most, but not all, asserted claims were challenged in an IPR). There are several terms in the '477 Patent claims that are disputed terms for claim construction. These terms include "non-volatile memory", "issue another storage request", and "share the stored information". These terms represent three of the six (i.e. half) disputed claim terms at issue in this litigation. Thus, the Court's claim construction analysis would directly benefit from the Board's Final Written Decision.

Additionally, the '765, '790, and '036 EPRs are highly likely to simplify the issues for trial. Even if the Patent Office does not cancel any challenged claims during reexamination, it will

likely construe the remaining disputed claim terms. As with the Board's claim constructions, this Court's claim construction analysis would directly benefit from the Patent Office's claim constructions.

The *Markman* hearing is currently scheduled for June 29, 2022, which is less than a month before the Final Written Decision as to the '477 Patent. Shortly thereafter, the Patent Office will issue guidance as to the '765, '790, and '036 Patents in the form of orders granting or denying reexamination. Even if these four Asserted Patents are not invalidated, a stay is likely to ensure that the issues will be simplified for claim construction and will therefore be helpful during the *Markman* hearing. Thus, the simplification of issues factor weighs strongly in favor of a stay.

### 2.     The Early Stage of Litigation Favors a Stay

A motion to stay is "most often granted when the case is in the early state of litigation." *Princeton Digital Image Corp.*, 2014 WL 3819458, at *3.

The costliest and most burdensome portions of a case remain yet. Here, while the parties have engaged in document discovery and a trial date has been tentatively set, depositions and expert discovery have not yet begun, the *Markman* hearing has not occurred, and the Court is in the process of resetting the trial date. Moreover, the Board has already granted institution on the '477 Patent. As stated above, since the *Markman* hearing is scheduled for prior to the issuance of the Final Written Decision, this factor weighs heavily in favor of this Court granting a stay. *See Softview LLC v. Apple Inc.*, No. CV 10-389-LPS, 2013 WL 4757831, at *2 (D. Del. Sept. 4, 2013) (granting a stay pending IPR despite that fact discovery and claim construction were complete, noting that the IPR would likely be complete by the time case dispositive motions were filed).

### 3. Plaintiff Will Suffer No Undue Prejudice from a Stay

In determining whether a plaintiff might suffer undue prejudice from a stay, courts look to "the timing of the reexamination request, the timing of the stay request, the status of the reexamination proceedings, the relationship between the parties, and the related question of whether the plaintiff may be compensated through future money damages." *Neste Oil*, 2013 WL 424754, at *2 (citing *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 879 (D. Del. 2011)).

In this case, the timing of the reexamination requests and the IPR both weigh in favor of granting the motion to stay. The '477 IPR Petition was filed on January 21, 2021, months before the statutory bar, and the reexamination requests will be filed by April 30, 2022. Additionally, the length of the stay would not add significant additional time to the scheduling order. The *Markman* hearing is scheduled for June 29, 2020, while the Board's Final Written Decision is expected by July 21, 2022, by statute. If a stay is granted, the *Markman* hearing would only be delayed by a matter of weeks. This delay is small and, even so, delays in litigation, by themselves, do not amount to undue prejudice. *Neste Oil*, 2013 WL 424754, at *2 ("The court also recognizes, however, that the potential for delay does not, by itself, establish *undue* prejudice."). These facts do not cause undue prejudice to Stragent.

Finally, BMW and Stragent are not direct competitors and Stragent will not suffer any economic loss if a stay is granted, as Stragent is only seeking money damages. *See Round Rock Rsch. LLC v. Dole Food Co. Inc.*, No. CIV.A. 11-1239-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) (concluding plaintiff would not suffer undue prejudice from a stay, noting plaintiff is a "non-practicing entity" who "seeks only monetary damages").

## V. CONCLUSION

For the reasons stated above, BMW respectfully requests that this Court stay these proceedings pending resolution of IPR2021-00417 and any ordered reexamination of the '765, '790, and '036 Patents.

|  |  |
|---|---|
| OF COUNSEL:<br>Lionel M. Lavenue<br>Deanna C. Smiley<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>1875 Explorer Street, Suite 800<br>Reston, VA 20190<br>(571) 203-2700<br><br>R. Benjamin Cassady<br>Joseph M. Myles<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>(202) 408-4000<br><br>Dated: April 5, 2022 | */s/ Andrew E. Russell*<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendants* |