IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, and <br><br> BMW MANUFACTURING CO., LLC, <br><br> Defendants. | Civil Action No. 1:20-cv-00510-JDW |

**STRAGENT'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT BMW'S MOTION TO STAY**

<u>Of Counsel</u>:

Thomas F. Meagher
Meagher Emanuel Laks Goldberg & Liao, LLP
One Palmer Square
Suite 325
Princeton, New Jersey 08542
(609) 454-3500
tmeagher@meagheremanuel.com

George Pazuniak (DE Bar 478)
O'Kelly & O'Rourke, LLC
824 N. Market St.
Suite 1001A
Wilmington, DE 19801
Direct:  207-359-8576
Email: GP@del-iplaw.com

*Counsel for Plaintiff
Stragent, LLC.*

## **TABLE OF CONTENTS**

I        Statement Of The Nature And Stage Of The Proceedings ........................................- 1 -

II.      Summary Of Argument..........................................................................................- 1 -

III.     Statement Of Facts..................................................................................................- 2 -

A.       Prior Litigations And Ptab Determinations............................................................- 2 -

B.       Status Of Litigation.................................................................................................- 2 -

C.       Prior Filed Iprs .......................................................................................................- 2 -

IV.      Argument ................................................................................................................- 3 -

A.       Standards For Granting A Stay Pending Reexamination.......................................- 3 -

B.       No Authority For Granting A Stay Before Bmw Has Filed Its Ex Parte Reexamination Petitions ....................................................................................................- 4 -

C.       Stays Are Not Normally Granted Until The Uspto Orders Reexamination .......................................................................................................................- 4 -

D.       Granting Bmw's Motion Will Not Actually Stay The Litigations ......................- 6 -

V.       Conclusion ..............................................................................................................- 7 -

# **TABLE OF AUTHORITIES**

C<small>ASES</small>

*Invensas Corp. v. Samsung Elecs. Co.*,
 2018 U.S. Dist. LEXIS 169999 (D. Del. 2018). ---------------------------------------------------- 5 -

*Realtime Data LLC v. Actian Corp.*,
 2016 U.S. Dist. LEXIS 77566 (E.D. Tex. 2016) ------------------------------------------------------ 3 -

*Stragent, LLC v. BMW of N. Am., LLC*,
 2017 U.S. Dist. LEXIS 160651 (E.D. Tex. 2017) ---------------------------------------------------- 5 -

*TC Tech. LLC v. Sprint Corp.*,
 2021 U.S. Dist. LEXIS 190695 (D. Del. Oct. 4, 2021) ---------------------------------------------- 3 -

*True Position, Inc. v. Polaris Wireless, Inc.*,
 2013 U.S. Dist. LEXIS 150764, 2013 WL 5701529 (D. Del. 2013) --------------------------- 5 -

S<small>TATUTES</small>

35 U.S.C. § 284 ---------------------------------------------------------------------------------------------- 2 -

I. **Statement Of The Nature And Stage Of The Proceedings**

Defendants BMW Of North America, LLC and BMW Manufacturing Co., LLC (collectively "BMW") have moved to stay this action "pending completion of *inter partes* review and yet-to-be-filed *ex parte* reexaminations regarding the patents-in-suit." (D.I. 89, hereafter "Motion"). Plaintiff Stragent, LLC ("Stragent") opposes the Motion and this is its opposition thereto.

II. **Summary of Argument**

1. No authority supports staying litigation "pending the completion of … *ex parte* reexaminations," when such petitions for reexaminations have not even been filed and are thus purely hypothetical. A Court cannot make the legally-required assessment of whether to grant a stay until the United States Patent and Trademark Office ("USPTO") determines whether to exercise its discretion to order a reexamination.

2. Even if BMW files its proposed petitions for *ex parte* reexamination, Courts do not stay litigations until the USPTO had exercised its discretion to institute proceedings. With respect to the four patents in suit, the USPTO has already denied instituting review proceedings in response to eight of the nine petitions that BMW and/or Mercedes have filed. All the denials were based on the insufficiency of the prior art cited by BMW, and there is little likelihood that the new *ex parte* petitions will fare better.

3. The present action is being coordinated with a sister action, *Stragent, LLC v. Mercedes-Benz USA, LLC, et al*, C.A. No 1:20-cv-00511-JDW ("Mercedes Litigation"), and it is associated with *Stragent, LLC v. Volvo Car USA LLC*, C.A. No. 1:22-cv-00293-JDW ("Volvo Litigation"), which raise the identical claim construction, infringement, enforceability and validity issues. The Defendants in the Mercedes and Volvo Litigations have not moved to stay

or joined in the Motion. Thus, granting the stay would not terminate the claim construction hearing scheduled for June 29, 2002, or otherwise stay the pending litigation, but only limit the current litigation to that between Stragent and the other Defendants. Neither the Court nor Stragent would avoid litigation over the same issues that are currently pending.

### III.     Statement Of Facts

#### a.  Prior Litigations and PTAB Determinations

BMW's arguments about the alleged similarity of the present claims in issue versus the claims that had already been determined in the prior litigations and PTAB proceedings ignores that this Court has already ruled adversely in denying BMW's motion to dismiss. (D.I. 38 at 9-13). BMW had moved to dismiss this action based on the preclusive effect of the prior PTAB determinations which were followed by Stragent dismissing its prior litigation against BMW. The Court specifically held that "Defendants have not established that Plaintiff alleges the same cause of action in this case as that alleged in [the prior litigations]." (*Id*. at 13). The claims here are materially different from the claims that had been earlier in suit. Thus, the prior determinations are legally immaterial and irrelevant.

#### b.  Status of Litigation

Stragent did not "threaten litigation" as BMW argues, but gave proper notice as required by the Federal Patent statutes, and particularly 35 U.S.C. § 284.

Otherwise, BMW is correct that discovery is ongoing, and a claim construction hearing is scheduled for June 29, 2022.

#### c.  Prior Filed IPRs

BMW's summary of proceedings in the USPTO are not complete. BMW filed *Inter Partes* Review petitions against all four patents in suit. Only the petition as to the '477 Patent

was granted, and is now going to trial on April 20, 2022, with a decision due by July 21, 2022. Yet, this single petition only involves one of four asserted patents and includes only four of fifty asserted claims.

As to the other three patents in suit, BMW and co-Defendant Mercedes filed a series of *Inter Partes* Review petitions. As to one group of petitions, the USPTO determined not to institute Reviews because the prior art cited by BMW and Mercedes was insufficient to demonstrate invalidity as a matter of law (IPR2021-00726, -00727, -00728) (the decisions are attached as Exhibits 1-3). The remaining Petitions (IPR2021-00418, -00419, -00425, -00426, -00427) were dismissed on proper discretionary grounds because the cited prior art had already been considered during prosecution, and those discretionary dismissals based on the absence of pertinent prior art were affirmed on review. (Exhibits 4-8).[1]

IV. **Argument**

   a. **Standards For Granting a Stay Pending Reexamination**

This District, consistent with the law in most other jurisdictions, determines whether to grant a stay pending reexamination

> district courts have come to consider three factors when determining whether to grant a stay pending PTO proceedings with respect to a patent in suit: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*TC Tech. LLC v. Sprint Corp.*, 2021 U.S. Dist. LEXIS 190695 at *4-5 (D. Del. Oct. 4, 2021) (internal citations omitted).

---

[1] BMW takes a cheap shot in arguing that "The Board found that the matters had previously been presented to the Office, despite Stragent's failure to properly advise the Patent Office of the pending IPRs during prosecution of the '765, '790, and '036 Patents." The USPTO determines whether the patent applicant properly presented information, and, in this case, the USPTO determined that the prior art was properly presented.

There is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule "would invite parties to unilaterally derail litigation." *Realtime Data LLC v. Actian Corp.*, 2016 U.S. Dist. LEXIS 77566, at *11 (E.D. Tex. 2016) (internal citations omitted).

### b. No Authority for Granting a Stay Before BMW Has Filed Its *Ex Parte* Reexamination Petitions

BMW has moved to stay litigation "pending the completion of … *ex parte* reexaminations." Yet, any such reexamination petitions are purely hypothetical, because none had been filed. Thus, BMW's Motion is speculative, because neither BMW nor Mercedes are obligated to file any such petitions. As best Stragent can determine, this is the first time that any party has ever moved to stay pending litigation pending a hypothetical filing of an *ex parte* petition.

The issue is not merely timing, but BMW's novel approach makes it impossible for Stragent to respond or for the Court to do its job. As noted above, the first issue that has to be considered in determining whether to grant a stay is "whether granting the stay will simplify the issues for trial." That determination cannot be made without an existing petition on hand.

### c. Stays Are Not Normally Granted Until The USPTO Orders Reexamination

Post-grant proceedings in the USPTO – whether Inter Partes Review, *Ex parte* Reexaminations or other proceedings – are discretionary. The USPTO is not required to consider on the merits every petition for post-grant review of patent. Rather, the matter is subject to discretion based on the particular facts of the case, including the adequacy of the prior art relied upon by the movants. As noted previously, the USPTO had rejected eight out of nine IPR petitions filed by BMW and Mercedes, which is adequate testimony that it is not a foregone conclusion that the USPTO will accept the hypothetical *ex parte* petitions that BMWE proposes.

(See Exhibits 1-8).

It is further noted that the issue of whether it was appropriate to stay litigation until the USPTO had agreed to institute proceedings was considered by the court in the prior litigation between Stragent and BMW. The Court denies BMW's motion to stay litigation, with leave to resume if the USPTO instated the post-grant proceedings. *Stragent, LLC v. BMW of N. Am., LLC*, 2017 U.S. Dist. LEXIS 160651, at *7 (E.D. Tex. 2017) ("Because the PTAB has not yet instituted review of any of the patents in this case, the simplification factor strongly weighs against a stay").

Decisions of this Court are the same that stays are not granted until the USPTO institutes proceedings. *True Position, Inc. v. Polaris Wireless, Inc*., 2013 U.S. Dist. LEXIS 150764, 2013 WL 5701529, at *6 (D. Del. 2013), report and recommendation adopted, 2013 U.S. Dist. LEXIS 160996, 2013 WL 6020798 (D. Del. 2013). This Court has particularly noted that it is prejudicial to the Plaintiff to stay litigation until the USPTO had decided to institute proceedings and generally should not be allowed:

> As a practical matter, putting the case on hold until the PTAB decides whether to institute IPR proceedings is likely less efficient than continuing on track through claim construction and discovery. Delay is not favored in litigation. See *Copy Prot. LLC v. Netflix, Inc*., 2015 U.S. Dist. LEXIS 78270, 2015 WL 3799363 at *1 (D. Del. 2015) ("[S]taying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff."); see also *TruePosition*, 2013 U.S. Dist. LEXIS 150764, 2013 WL 5701529 at *5 ("[W]here the scope of the issues in litigation substantially exceeds the scope of the issues on review, a stay is disfavored."); *Tessera*, 2018 U.S. Dist. LEXIS 120999, 2018 WL 3472700 at *3 (suggesting that Samsung's motion to stay the litigation "appear[s] to be yet another attempt to draw out these proceedings."). There is nothing in the present record to suggest that engaging in fact discovery, and going forward with the October 10, 2018 Markman hearing pending action by the PTAB, will unusually tax or waste the resources of the parties.

*Invensas Corp. v. Samsung Elecs. Co*., 2018 U.S. Dist. LEXIS 169999 at *8-9 (D. Del. 2018).

BMW cites *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984 at *1 (D. Del.

2013) for the proposition that stays may be granted even before the USPTO instituted IPR proceedings. However, in that case, the IPR petition was filed 3 months after the litigation was filed, and federal statutes limit the time within which the IPR proceedings must be concluded. Those factors are not present with respect to the instant proposed *ex parte* reexamination petitions. The petitions would be filed, if at all, long after the present litigations began, and there is an absence of the short time limit.

### d.  Granting BMW's Motion Will Not Actually Stay The Litigations

The pending case is associated two other sets of litigation, the other two cases being *Stragent, LLC v. Mercedes-Benz USA, LLC, et al*, C.A. No 1:20-cv-00511-JDW ("Mercedes Litigation"), and *Stragent, LLC v. Volvo Car USA LLC*, C.A. No. 1:22-cv-00293-JDW ("Volvo Litigation"). There is a common Scheduling Order for the present and the Mercedes Litigations, and it is expected that the Volvo Litigation will catch-up to the present litigation also.

The claim construction, infringement, enforceability and validity issues as between the various litigations are virtually identical (absent the current Volvo Defendant taking a litigation posture that is dramatically different than the posture of its parent which was the prior Defendant).

Yet, neither Volvo nor the Mercedes Defendants have moved to stay or joined in BMW's Motion. Thus, granting BMW's Motion will stay BMW's obligations, but will not stay the total litigation as the other litigations involving the same patents and the same issues will continue.

Given the above facts, the many arguments that BMW makes at pages 6-9 of its brief make no sense, because – even if BMW's arguments were correct with respect to the hypothetical petitions that BMW proposes – they would apply only if Mercedes and Volvo had joined the Motion, which they pointedly had not.

## V. Conclusion

For the foregoing reasons, Stragent respectfully prays urges that the Court deny BMW's Motion.

Respectfully submitted,

*Of Counsel*:

Thomas F. Meagher
Meagher Emanuel Laks Goldberg & Liao, LLP
One Palmer Square
Suite 325
Princeton, New Jersey 08542
(609) 454-3500
tmeagher@meagheremanuel.com

/s/ *George Pazuniak*
George Pazuniak (DE Bar 478)
O'Kelly & O'Rourke, LLC
824 N. Market St.
Suite 1001A
Wilmington, DE 19801
Direct: 207-359-8576
Email: GP@del-iplaw.com

*Counsel for Plaintiff*
*Stragent, LLC*.