IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BMW OF NORTH AMERICA, LLC, et al.,**<br><br>*Defendants.* | **Case No. 1:20-cv-00510-JDW** |

## ORDER

**AND NOW**, this 13th day of May, 2022, upon consideration of BMW Of North America, LLC's And BMW Manufacturing Co., LLC's Motion To Stay Pending *Inter Partes* Review And *Ex Parte* Reexamination (D.I. 89), the Court notes as follows.

1. The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, the Court applies Third Circuit law with respect to motions to stay in patent cases.

2. A court has discretionary authority to grant a motion to stay, "since it is a matter of the court's inherent power to conserve judicial resources by controlling its own

docket." *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016). These factors do not favor a stay here.

3. *First*, BMW has not yet filed any EPR Petitions, so the Court has no way to know what issues BMW will present in those petitions, let alone whether the Petitions might simplify the issues for trial. (The Court does not even know if the Patent Office will institute reexamination proceedings.) The Court therefore has no basis to conclude that the filing of an EPR Petition will simplify the issues for trial. As for the IPR proceedings on the '477 Patent, BMW has not addressed the extent to which the issues raised from claims in that patent overlap with issues on the other patents in suit. Any overlap would minimize the simplification from the IPR. Without that information, the Court cannot make a determination. And, it is not clear that the matters before the Court would be simplified because neither Mercedes-Benz nor Volvo has sought a stay of the same claims.

4. *Second*, although this case is in its infancy, the Court has put the parties on a schedule designed to drive the case forward. A stay would disrupt that schedule in a case that is already more than two years old.

5.  *Third*, a stay would harm Stragent by taking the case against BMW off of its coordinated path with the cases against Mercedez-Benz and Volvo. The result would be two different discovery processes, when one can do.

6.  Separately, the Court notes that BMW waited throughout the pendency of the IPR proceeding to seek a stay, until the eve of a hearing. BMW's delay in seeking a stay suggests that it will not really suffer harm if this case goes forward and that its request for a stay is driven by litigation gamesmanship.

Therefore, it is **ORDERED** that BMW Of North America, LLC's And BMW Manufacturing Co., LLC's Motion To Stay Pending *Inter Partes* Review And *Ex Parte* RExamination (D.I. 89) is **DENIED**.

                                            **BY THE COURT:**

                                            */s/ Joshua D. Wolson*
                                            JOSHUA D. WOLSON, J.