IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>BMW OF NORTH AMERICA, LLC, and<br>BMW MANUFACTURING CO., LLC,<br><br>        Defendants. | Civil Action No. 1:20-cv-00510-JDW |

**MEMORANDUM OF LAW IN SUPPORT OF
STRAGENT'S MOTION FOR ISSUANCE OF A HAGUE CONVENTION REQUEST
FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE
CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR
COMMERCIAL MATTERS**

1. <u>Request</u>

Pursuant to Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2), Plaintiff respectfully moves the Court to issue a Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Letter of Request") to seek documents and take the testimony of representatives of BMW AG, the parent company of the Defendants in this case.

The Motion is being presented now because of recent changes in the law of the Federal Republic of Germany that, as of July 1, 2022 have allowed Requests for Documents. (The changes in the law are explained in a published summary attached as Exhibit 1)

2. <u>Background</u>

As discussed during the technical tutorial on June 29, 2022, Plaintiff Stragent, LLC ("Stragent") alleges that Defendants infringe certain claims of the patents-in-suit. Specifically, the claims are directed to electronic control units or gateways that allow sharing of information

over multiple automobile networks that utilize different protocols. Stragent asserts that Defendants' electronic control units or gateways communicate information utilizing signal routing specified or recommended by Automotive Open System Architecture (hereafter "Autosar"), and that electronic control units or gateways that utilize such Autosar protocols inherently infringe the asserted patent claims.

Stragent had attempted to obtain discovery from Defendants regarding the electronic control units or gateways in Defendants' automobiles, and, particularly, that such automobiles incorporate Autosar in their communication of information. Defendants responded that the electronic control units or gateways are provided by third-party suppliers (and particularly Bosch), and that the Defendants have no information as to whether the electronic control units or gateways have implemented Autosar or which version of Autosar. The electronic control units or gateways are provided by the third-parties pursuant to contracts with BMW Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") and pursuant to BMW AG specifications. Thus the information requested by Stragent Bayerische Motoren Werke Aktiengesellschaft is in the hands of BMW AG, as it is BMW AG which heads the so-called BMW Group and which has directed or specified the electronic control units or gateways that are implemented in the BMW automobiles. That BMW directs the suppliers is evident by statements made by BMW in published documents, such as those attached hereto as Addendums 1 and 2 to the Request.

Because the relevant documents and testimony are outside the Court's subpoena power, Plaintiff is able to secure the evidence only by a Letter of Request. For those reasons, as more fully explained below, the Court should issue the Letter of Request, which is attached as Exhibit B to the Motion.

### 3. <u>Argument</u>

**A. The Rules Allow Requests Allow Parties To Take Evidence In Foreign Countries**

Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §1781(b)(2) grant this Court authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas.

Courts have consistently granted Letters of Request, as "motions requesting issuance of a letter of request or letter rogatory should generally be granted and that '[t]he opposing party must show good reason for a court to deny an application for a letter rogatory.'" *Zoho Corp. PVT. Ltd v. Freshworks, Inc.*, 2021 U.S. Dist. LEXIS 124432 at *7 (N.D. Cal. 2021). Further, a court "considers a request in conjunction with the standards governing the proper scope of discovery," and particularly that "under Rule 26(b), parties 'may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]'" *NXP USA Inc. v. Impinj Inc.*, 2021 U.S. Dist. LEXIS 108170, at *2 (W.D. Wash. 2021).

**B. The Evidence Sought By Plaintiffs Is Relevant**

The Letter of Request identifies the documents and testimony being requested, and explains the purpose of the documents and requests. The Request for Documents is clearly directed to identifying whether the automobiles made, used, imported and sold by the BMW Defendants utilize electronic control units or gateways that implement Autosar and the particular version of Autosar that are implemented. It is irrefutable that the requested documents are highly relevant. The request for testimony simply seeks to authenticate the produced documents and confirm that the BMW automobiles include electronic control units or gateways that implement the Autosar protocol or standards, and to ascertain which versions of Autosar have been

implemented in the relevant time frame. The BMW Defendants have required this discovery by the positions that they have taken in discovery.

### 4. Conclusion

For the foregoing reasons, the Court should grant this motion and issue the Letter of Request attached as Exhibit B to the Motion.

*/s/ George Pazuniak*
George Pazuniak (#478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 10001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com

*Attorneys for Plaintiff Stragent, LLC.*
