IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>BMW OF NORTH AMERICA, LLC, and<br>BMW MANUFACTURING CO., LLC,<br><br>     Defendants. | Civil Action No. 1:20-cv-00510-JDW |

MEMORANDUM OF LAW IN SUPPORT OF
STRAGENT'S MOTION TO COMPEL DISCOVERY

George Pazuniak (#478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 10001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com

*Attorneys for Plaintiff Stragent, LLC.*

1. **Background of Motion**

Pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure, Plaintiff Stragent, LLC ("Stragent") respectfully moves the Court to compel Defendants BMW Of North America, LLC, and BMW Manufacturing Co., LLC ("BMW") to search for and produce documents within the scope of Stragent's Document Requests Nos. 37- 41. (The Document Requests and BMW's responses are attached as Exhibit 1 to Stragent's Motion).

2. **Document Request**

As discussed during the technical tutorial on June 29, 2022, Stragent alleges that Defendants infringe certain claims of the patents-in-suit. Specifically, the claims are directed to electronic control units or gateways ("ECUs") that allow sharing of information over multiple automobile networks that utilize different protocols. Stragent asserts that Defendants' ECUs communicate information utilizing signal routing specified or recommended by Automotive Open System Architecture (hereafter "Autosar"), and that electronic control units or gateways that utilize such Autosar protocols inherently infringe the asserted patent claims.

Stragent's discovery in issue is directed to identifying BMW's utilization of Autosar in its automobiles, and particularly in its ECUs. BMW has thwarted all such discovery. BMW has publicly represented that BMW is standardized on Autosar. (See, for example, Exhibits 6 and 7). Yet even though there can be no question that BMW is practicing Autosar, BMW has not produced a single internally generated document that either directly or indirectly mentions the word "Autosar."

Requests 37 and 38: Requests 37 and 38 were filed by Stragent after BMW's responses to Stragent's first set of document requests produced few relevant documents. Most notably, BMW produced a handful of *publications* by the parent BMW Group that discussed BMW's

standardization on Autosar, but did not produce a single internal document referencing Autosar. Thus, Stragent's Request 37 and 38 asked BMW to perform a word search of its email and document depositories for any document that mentioned "Autosar." BMW did not produce any responsive document. BMW stated that it would produce such documents that "can be located upon a reasonable search." Given that the effort did not produce any documents, Stragent unsuccessfully attempted to determine the scope of the searches conducted.

BMW's Autosar utilization is relevant, and BMW has not presented any argument that a search of email or document files for the word "Autosar" is too onerous or burdensome given current technology. Further, given that no internal documents have been produced, it is unlikely that such a search will yield an unmanageable number of responsive documents. Stragent respectfully requests that BMW be ordered to conduct such a search and to produce any non-privileged documents that are identified by the search.

Requests 39 and 40: Requests 39 and 40 are the same as Requests 37 and 38, except Requests 39 and 40 request that BMW search for and produce any emails or documents that contain the terms "basic software module" or "BSW." The terms "basic software module" and "BSW" are tightly associated with Autosar. For example, Exhibit 2, attached hereto, is an excerpts from a BMW Group publication discussing BMW's standardization on Autosar. As shown on slide 24, "BSW" is an acronym for the basic software of Autosar. BMW has not adduced any evidence that a word search for the terms "BSW" and "basic software module" would generate a significant number of documents that are not relevant to BMW's utilization of Autosar.

Request 41:  Request 41 was as follows:

> Each and every non-public document between July 1, 2017 and the present that refers to one or more electronic control units in any automotive vehicle identified as infringing in the First Supplemental Complaint.

(Exhibit 1).  BMW must necessarily have documents that relate to ECUs.  For example, BMW's dealerships must be able to order ECUs to replace damaged or defective ECUs, and, thus, must have catalogs or similar documents that identify specific ECUs that can be ordered.  Further, mechanics at BMW dealerships must have instructions on how to install the ECUs.

It is impossible for BMW not to have any such document, but, yet, BMW has not produced any documents responsive to this Request.  The most that can be said is that BMW has produced a series of "Reference Manuals" that occasionally refer to various controllers and control units as part of networks, but which do not focus on the parts themselves.  BMW manifestly has documents that refer to such ECUs.  For example, attached as Exhibits 3 and 4 are images of BMW ECUs being offered for sale by a BMW dealership.  The substance of the advertisement necessarily had to come from BMW, but, yet, BMW has not produced any such documents.

BMW objected to the Request as directed to irrelevant subject matter.  The Request is directed to relevant subject matter.  Indeed, BMW has continually taken the position that Stragent must identify specific ECUs that practice Autosar, and the Request is directed to identifying BMW's ECUs that utilize Autosar.  Considering that all the claims refer to ECUs and the discovery is directed to ECUs, it is impossible to fashion an argument that the document requests are not directed to relevant information.  For example, the ECUs may confirm that the individual ECUs have the capability of being networked to multiple automotive busses such as one or more of CAN, LIN, Flex-Ray and MOST.

BMW next argues that the ECUs are provided by third parties. That may be true, but that does not mean that BMW should not produce the information that it has relating to those ECUs. Further, BMW has not presented any evidence that it cannot disclose documents relating to the ECUs found in in BMW's cars.

Finally, BMW asserts that Stragent has asserted infringement of "a single electronic control unit, BMW Part MEVD172G." That is simply untrue. Stragent has pled that "*automobiles* which are manufactured by BMW MC, whether sold in this country or exported, and all BMW-branded and Mini-branded automobiles used, offered for sale, sold or imported by BMW NA, since July 11, 2017" are accused of infringement. (D.I. 54 ¶¶ 6, 29, 37, 45). Indeed, one of the asserted claims specifically recites "a *vehicle* and an automotive electronic control unit installed in the *vehicle* …" (e.g., Patent 10,031,790 claim 26, DI 54 at p. 72, Col. 17 lines 10-12). Stragent referenced BMW Part MEVD172G in the First Supplemental Complaint solely as an example of the need for further discovery. Ironically, BMW now uses Stragent's reference to the example of why further discovery is necessary to block the very discovery that Stragent needs.

Request 42: Request 42 was as follows:

> Such documents as will identify all the electronic control units in each distinct model of car listed … as infringing in the First Supplemental Complaint.

(Exhibit 1). This discovery is relevant for the same reasons as Request 41. As with the case of Request 41, BMW has not produced any documents responsive to this Request, although BMW manifestly has such discovery.

BMW's only objection is the inaccurate statement that Stragent has accused "single electronic control unit, BMW Part MEVD172G" pf infringement.

- 4 -

- 5 -

**Conclusion**

For the foregoing reasons, the Court should grant this motion to compel discovery.

*/s/ George Pazuniak*
George Pazuniak (#478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 10001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com

*Attorneys for Plaintiff Stragent, LLC.*
