IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, | ) |
|       Plaintiff, | ) ) ) |
|   v. | ) C.A. No. 20-510-JDW ) |
| BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC, | ) ) ) |
|       Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BMW OF NORTH AMERICA, LLC'S AND BMW MANUFACTURING CO., LLC'S MOTION TO STRIKE IN PART AND COMPEL IN PART INFRINGEMENT CONTENTIONS**

OF COUNSEL:
Lionel M. Lavenue
Deanna C. Smiley
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2700

R. Benjamin Cassady
Joseph M. Myles
Alissa E. Green
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600

Dated: October 26, 2022

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

The final infringement contentions deadline has passed, and BMW still does not know the scope of Stragent's allegations. Stragent must share the merits of its case with BMW. If Stragent cannot or will not, the infringement allegations should be dismissed.

Stragent served its initial infringement contentions over a year ago and declined to serve updated final contentions before its October 11, 2022 deadline. D.I. 92 at ¶ 3. As BMW explained in multiple letters, Stragent's contentions fail to provide notice of which specific instrumentalities allegedly infringe the asserted patents, let alone how.

Stragent's infringement contentions contain the following deficiencies:

- purporting to accuse every "AUTOSAR-compliant vehicle or component thereof" of infringement, but only specifically identifying by model number at most one such product;

- using a single claim chart per asserted patent to accuse an unknown number of "vehicle[s] or component[s] thereof" without showing that such charts are representative of any, let alone all, accused products;
    - failing to provide evidence that the accused products implement AUTOSAR, let alone any specific version thereof;
    - charting optional AUTOSAR features without demonstrating that the accused instrumentalities implement those features;
    - mixing and matching between AUTOSAR versions in a single claim chart;

- failing to properly disclose any theory of infringement under the doctrine of equivalents; and

- relying on evidence in URLs that may change over the course of litigation without reference to applicable *Bates* numbers.

BMW respectfully requests that Stragent be ordered to cure these deficiencies in its infringement contentions within fourteen days. If Stragent cannot or will not, BMW requests that Stragent's expert report be restricted to the evidence put forward in its infringement contentions.

I.     **PROCEDURAL HISTORY: BMW'S PREVIOUS DEFICIENCY LETTERS**

On July 28, 2021, Stragent served its initial infringement contentions identifying "the

1

automotive vehicles described in the Complaint filed in this case" as allegedly infringing.[1] Ex. 1 at 3.[2] Stragent's Complaint specifically identifies only a single product, BMW Part MEVD172G. D.I. 54 at ¶¶ 15–16. But BMW observed—and Stragent has not refuted—that this product "is a Bosch ECU that does not even implement the AUTOSAR standard." Ex. 3 at 2.

On February 15, 2022, BMW requested that Stragent "'relat[e] each known accused product to the asserted claims,'" as required by Judge Stark's Revised Procedures for Managing Patent Cases, because "many features of AUTOSAR referenced in Stragent's contentions are optional and/or can be disabled." Ex. 2 at 2. BMW further requested that Stragent "explain[] which specific accused products include which features of which AUTOSAR standard that allegedly practice the asserted patents." *Id.* at 4. In response to BMW's letter, Stragent asserted that it "ha[s] complied with the Court's rules" and declined to supplement. Ex. 5 at 3.

On July 26, 2022, BMW again advised that "Stragent's initial infringement contentions are deficient at least because they accuse optional AUTOSAR features of patent infringement without supplying any evidence that BMW allegedly implements these optional features." Ex. 3 at 1. BMW also advised that "*no* Bosch ECU supplied to Defendants includes repeated memory checks or gateway functionality, which are features required by the asserted claims." *Id.* at 2. Indeed, "Stragent [previously] dropped [a] lawsuit [against Bosch], with prejudice, after learning from Bosch's source code that Bosch's product did not infringe." *Id.* Stragent did not respond to BMW's July 26, 2022 letter.

Stragent did not serve final infringement contentions on the October 11, 2022, and confirmed on October 18 that it does not intend to. Scheduling Order, D.I. 92; Ex. 4 at 4. On

---

[1] Stragent's disclosures list BMW model numbers. Ex. 8 at 4. Stragent apparently withdraws this identification in its infringement contentions by referring to any "vehicle or component thereof."
[2] Ex. 1, as served contains multiple documents. Citations refer to the PDF page number.

2

October 25, 2022, the parties met and conferred by Teams call to discuss the deficiencies BMW has long identified in Stragent's infringement contentions.

## II. LEGAL STANDARD: PLAINTIFF'S CONTENTIONS MUST IDENTIFY ITS THEORY OF INFRINGEMENT

"The law requires that a plaintiff in a patent infringement case produce to the defendant a claim chart that relates *each* accused product to the asserted claims *each* product allegedly infringes." Ex. 6, *Personal Audio, LLC v. Google LLC*, No. 17-cv-1751, at 4 (D. Del. Nov. 15, 2018) (internal quotation marks omitted; emphasis in original). There is no "exception for a patentee that chooses to accuse a large amount of products of infringement." *Id.* (citations omitted).

Where there are multiple accused products, the patentee must chart each product separately or "articulate how certain of those accused products are truly representative of others." *Id.* And, a plaintiff relying on a standard with "multiple implementation techniques" must allege more than "mere compliance with the standard;" they must at least (1) link each claim limitation to the standard; and (2) show how each product conforms to the standard. *Secure Axcess LLC v. HP Enterprise Serv., LLC*, No. 15-cv-208, 2016 WL 7042229, at *3 (E.D. Tex. Sept. 20, 2016).

Doctrine of Equivalents contentions that do not identify an equivalent "on a limitation-by-limitation basis" should be stricken in their entirety. *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 13-cv-1668, 2017 WL 658469, at *3 (D. Del. Feb. 14, 2017); *see also Geovector Corp. v. Samsung Elecs. Co.*, No. 16-cv-02463, 2017 WL 76950, *7–8 (N.D. Cal. Jan. 9, 2017).

## III. ARGUMENT: STRAGENT'S INFRINGEMENT CONTENTIONS DO NOT PROVIDE NOTICE OF ITS ALLEGATIONS

### A. Stragent Must Identify All Accused Products by Model Number

Stragent purports to accuse all BMW vehicles and components that incorporate AUTOSAR of infringement. Ex. 1 at 6. But its infringement contentions define "Accused Instrumentalities" as "the automotive vehicles described in the Complaint filed in this case," *id.* at 3, and the Complaint

3

only identifies one product, BMW Part MEVD172G. D.I. 54 at ¶¶ 15–16.

Stragent has not *specifically identified*, by model number, the products that it alleges to infringe, rendering its infringement contentions deficient. Ex. 6, *Personal Audio*, at 4; *accord Geovector*, 2017 WL 76950, at *8 ("GeoVector will not be granted leave to … accuse products not explicitly listed in its initial contentions.").

**B.     Stragent Fails to Chart Each Accused Product or Explain Why its Charts Are Representative**

While Stragent can use a single claim chart to show why it believes multiple accused instrumentalities that function the say way infringe, it must "articulate how certain of those accused products are truly representative of others" (which, again, must be specifically identified). Ex. 6, *Personal Audio*, at 4 (D. Del. Nov. 15, 2018).

Here, Stragent withholds disclosure of the evidence that it intends to rely on to show that the unnamed products it accuses of infringement (or the MEVD172G) actually practice the AUTOSAR standard. Stragent further fails to explain how its chart is relevant to any one product, because its theory as charted requires a single product to practice different aspects of a plurality of AUTOSAR versions.[3] Those contentions fail to inform BMW or the Court why Stragent believes any *specific* BMW products infringe. *Id.*; *Bluestone Innovations LLC v. Nichia Corp.*, No. 12-cv-00059, 2013 WL 8540910, at *1 (N.D. Cal. Sept. 25, 2013) (rejecting contentions that "fail[] to show how the seven claim charts are representative of the Accused Instrumentalities as a whole") (emphasis in original); *Secure Axcess*, 2016 WL 7042229, at *3.

**C.     Stragent Waives Unstated Doctrine of Equivalents Arguments**

Stragent baldly asserts that "to the extent that BMW demonstrates that any asserted claim

---

[3] For example, in Stragent's mapping of U.S. Pat. No. 9,705,765 cl. 12, the preamble is mapped only to AUTOSAR v. 3.0, while the next limitation is mapped to v. 3.2 and 4.3. Ex. 1 at 6–15.

4

element is not literally met, Stragent will contend that such elements are met under the doctrine of equivalents." Ex. 1 at 4-5. That is not enough. Stragent "must establish equivalency on a limitation-by-limitation basis by ... linking argument as to the insubstantiality of the differences between the claimed invention and the accused device or process." *Intellectual Ventures*, 2017 WL 658469, at *3 (*quoting Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016)).

### D. Stragent Must Produce All Documents It May Rely on to Show Infringement

Stragent's contentions consist largely of screenshots of various AUTOSAR-related documents found online. *See generally* Ex. 1. BMW has requested documents "upon which Plaintiff relies for its contention, if any, that any Defendant infringes any Asserted Claims of any of the Asserted Patents." Ex. 7, RFP 31. While BMW produced some of these webpages, others remain unproduced. More, because Stragent cites to documents by URL, and not *Bates* number, it is unclear if Stragent relies on the version produced by BMW, the current version, or some unproduced version that existed at the time Stragent was preparing its contentions in 2021.

The documents Stragent may rely upon to show infringement must be produced, and its infringement contentions should cite to them by *Bates* number.

### IV. CONCLUSION

Fact discovery closes on December 21, 2022 and BMW is *still* not on notice of what *specific* products are accused of infringement, much less how.

BMW respectfully requests that the Court strike Stragent's doctrine of equivalents theory and order Stragent to provide supplemental infringement contentions, within 14 days, that (i) specifically identify each accused product by model number, (ii) provide separate claim charts for each specific version of AUTOSAR accused of satisfying the claims, (iii) explain which accused products it contends are represented by each accused version of AUTOSAR and why, and (v) produce and cite by *Bates* number all documents it may rely on to prove infringement.

5

|  |  |
|---|---|
| OF COUNSEL:<br>Lionel M. Lavenue<br>Deanna C. Smiley<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, LLP<br>1875 Explorer Street, Suite 800<br>Reston, VA 20190<br>(571) 203-2700<br><br>R. Benjamin Cassady<br>Joseph M. Myles<br>Alissa E. Green<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC  20001<br>(202) 408-4000<br><br>Matthew C. Berntsen<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, LLP<br>Two Seaport Lane<br>Boston, MA 02210-2001<br>(617) 646-1600<br><br>Dated: October 26, 2022 | /s/ Andrew E. Russell<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendants* |