IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BMW OF NORTH AMERICA, LLC, et al.,**<br><br>*Defendants.* | **Case No. 1:20-cv-00510-JDW** |

## ORDER

**AND NOW**, this 16th day of December, 2022, upon consideration of BMW of North America, LLC's And BMW Manufacturing Co., LLC's Motion To Strike In Part And Compel In Part Infringement Contentions (D.I. 125), the Court notes as follows.

1. As an initial matter, though styled as a Motion to Strike, in part, Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC (together "BMW") do not cite the governing standard for a motion to strike, nor do they apply any of the relevant factors. *See, e.g., Intell. Ventures I LLC v. AT&T Mobility LLC*, No. 13-cv-1668, 2017 WL 658469, at *1 (D. Del. Feb. 14, 2017). At most, BMW contends that "Doctrine of Equivalents contentions that do not identify an equivalent 'on a limitation-by-limitation basis' should be stricken in their entirety." (D.I. 126 at 3 (quotation omitted).) This one-sentence assertion is insufficient to strike Stragent's doctrine of equivalents theory. While there is some question whether Stragent's general reservation of the right to assert infringement

under the doctrine of equivalents is sufficient to preserve that theory, *see, e.g.*, *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17cv-2479, 2022 WL 16985003, at *13 (S.D. Cal. Nov. 15, 2022), the Court cannot resolve the issue of waiver on the present motion, which is directed to striking contentions and compelling additional information. BMW may argue waiver at the dispositive motion stage or trial.

2. As to BMW's motion to compel additional information from Stragent, the Court agrees that Stragent's Infringement Contentions, as set forth in is Initial Claim Charts, are insufficient. The Court's original Scheduling Order made clear that Stragent was required to "produce an initial claim chart relating **each** known accused product to the asserted claims **each** such product allegedly infringes." (D.I. 43 at ¶ 7(c) (emphasis added).) Stragent failed to do this in its initial Infringement Contentions, and it did not bother to serve final contentions.

3. Stragent's Infringement Contentions do not give BMW fair notice of the potentially infringing products. In its Complaint, Stragent cites a single component of a BMW vehicle. Then, in its Initial Claim Charts, Stragent cites "an AUTOSAR-compliant vehicle or component thereof including, but not limited to an electronic control unit, etc." (*E.g.*, D.I. 126-1 at 6 (Claim 12).) That vague assertion does not inform BMW of the product(s) at issue, information that BMW will need to mount a non-infringement case.

4. Even if Stragent is contending that BMW-manufactured cars, as a whole, are the infringing instrumentalities, the claim chart is still not sufficiently specific. While

Stragent contends that the "Accused Instrumentalities" are "[t]he automobiles which are manufactured by BMW MC, whether sold in this country or exported, and all BMW-branded and Mini-branded automobiles used, offered for sale, sold or imported by BMW NA, since July 11, 2017," it failed to identify any specific product in its infringement contentions. (D.I. 126-1 at 3; D.I. 54 at ¶ 6.) While it might be the case that BMW sold a variety of cars since 2017, "[t]he law does not include an exception for a patentee that chooses to accuse a large amount of products of infringement." *Personal Audio, LLC v. Google LLC*, No. 17-cv-1751, D.I. 290 at ¶ 5 (D. Del. Nov. 15, 2018) (Burke, M.J.). In other words, if Stragent wants to accuse each vehicle of infringement, then BMW "is entitled to adequate notice of [Stragent's] infringement contentions with respect to each [car]." *Id.*

5.      It is not enough for Stragent to claim that it doesn't have the information at this date. If Stragent needed more information to amend its infringement contentions, then its remedy was to ask the Court to extend the deadline, not to ignore BMW's meet-and-confer efforts and the Court's deadline.

6.      At the same time, infringement contentions are not meant to be make-work, and it may serve little use for Stragent to chart each vehicle if Stragent contends that the vehicles (and their corresponding versions of AUTOSAR) infringe in substantially similar ways. But Stragent's infringement contentions do not explain how any BMW product is representative of every car that Stragent has accused of infringement. It is insufficient for Stragent to assert (in its response brief) that "there is no evidence that any of BMW['s]

vehicles materially differ in incorporating Autosar." (D.I. 128 at 3.) Thus, to the extent Stragent intends to rely on representative claim charts, Stragent has not made a sufficient showing of representativeness to excuse it from charting each accused product.

7. Finally, Stragent's Counsel represents to the Court that Stragent "has produced the documents in its possession that are cited in its contentions[,]" "is not withholding any documents[,] and has produced all non-privileged documents in its possession relating to BMW and Autosar." (D.I. 128 at 4.) BMW has not provided the Court any reason to doubt Counsel's representation. Thus, there is nothing for the Court to compel. But, of course, the Court will not permit Stragent to come forward later with additional documents that it has not produced.

8. Regarding BMW's complaint about Stragent's citations to URLs in its infringement contentions, there is no reason why Stragent must replace those references with citations to Bates numbers. Infringement contentions are meant to provide defendants with notice of a plaintiff's infringement theories. The citations to discrete URLs identify the information on which Stragent will rely. It doesn't matter if Stragent can also cite to a document that contains the URL or that contains the same information as the webpage to which the URL points.

In light of the foregoing, it is **ORDERED** that BMW of North America, LLC's And BMW Manufacturing Co., LLC's Motion To Strike In Part And Compel In Part Infringement Contentions (D.I. 125) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. BMW's Motion is **GRANTED** with respect to BMW's request for more information about the specific accused products at issue. On or before January 13, 2023, Stragent shall serve final infringement contentions on BMW that:

    a. Identify each specific accused product and relate that accused product to the asserted claims that each such product is alleged to infringes; **or**

    b. Provide a specific example of a BMW accused product (or products) and a corresponding, detailed explanation as to why that product (or products) is representative of the other accused products that Stragent accuses of infringement in this matter; and

2. The Motion is **DENIED** in all other respects.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.