IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STRAGENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-510-JDW |
| | ) | |
| BMW OF NORTH AMERICA, LLC and | ) | |
| BMW MANUFACTURING CO., LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPENING MEMORANDUM IN SUPPORT OF DEFENDANTS BMW OF NORTH AMERICA LLC AND BMW MANUFACTURING CO., LLC'S MOTION TO <u>DISMISS FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER</u>**

OF COUNSEL:
Lionel M. Lavenue
Deanna C. Smiley
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2700

R. Benjamin Cassady
Joseph M. Myles
Alissa E. Green
Michael J. McLaughlin
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600

Dated: February 7, 2023

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS: STRAGENT NEGLECTED TO SEEK DISCOVERY AND ITS COURT ORDERED INFRINGEMENT CONTENTIONS REMAIN DEFICIENT ........................................................................... 1

II.    FACTUAL BACKGROUND AND TIMELINE OF STRAGENT'S SPECULATIVE ALLEGATIONS AND NEGLIGENCE IN SEEKING SUPPORTING EVIDENCE .............................................................................. 4

    A.    BMW and the Court Repeatedly Put Stragent on Notice of Its Weak Infringement Case ................................................................................... 5

    B.    Stragent Admits it Cannot Show Infringement on the Closed Factual Record ................................................................................................... 7

III.    LEGAL STANDARD: FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE FAVOR DISMISSAL WITH PREJUDICE............ 10

IV.    ARGUMENT: DISMISSAL WITH PREJUDICE IS THE ONLY APPROPRIATE SANCTION FOR STRAGENT'S REPEATED FAILURES TO PROSECUTE AND PRODUCE SUFFICIENT COURT ORDERED CONTENTIONS................................................................................. 12

    A.    Stragent Failed to Remedy its Deficient Infringement Contentions as Ordered by the Court. ...................................................................... 12

    B.    Application of the *Poulis* Factors Favor Dismissal with Prejudice ...................... 13

        1.    *Poulis* Factor No. 1: Stragent's Failures to Prosecute and Follow the Court's Orders Are Due to Matters Wholly Within Its Control ......... 14

        2.    *Poulis* Factor No. 2: Stragent's Delay in Resolving This Case and Failure to Comply with the Court's Order Continues to Prejudice BMW........................................................................... 16

        3.    *Poulis* Factor No. 3: Stragent Has Demonstrated a Pattern of Dilatoriness ................................................................. 18

        4.    *Poulis* Factor No. 4: Stragent has Willfully Refused to Prosecute and Ignored Court Orders ........................................................ 19

        5.    *Poulis* Factor No. 5: Other Sanctions Are Likely to be Ineffective .......... 20

        6.    *Poulis* Factor No. 6: Stragent Admits its Claims Are Without Evidentiary Merit ...................................................... 21

V.      CONCLUSION: STRAGENT'S FAILURE TO PROSECUTE AND
        NONCOMPLIANCE WITH THE COURT'S ORDERS SHOULD LEAD TO
        DISMISSAL OF STRAGENT'S INFRINGEMENT CLAIMS ...................................... 23

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases** **Page(s)**

*Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*,
  29 F.3d 863 (3d Cir. 1994)...................................................................................17

*Aldossari on Behalf of Aldossari v. Ripp*,
  49 F.4th 236 (3d Cir. 2022) ................................................................................14

*Bowling v. Hasboro, Inc.*,
  403 F.3d 1373 (Fed. Cir. 2005).............................................................................10

*Briscoe v. Klaus*,
  538 F.3d 252 (3d Cir. 2008)......................................................................16, 18, 21

*Dow Chem. Canada Inc. v. HRD Corp.*,
  287 F.R.D. 268 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014)...........17, 19

*Golden v. United States*,
  156 Fed. Cl. 623 (2021) .......................................................................................11

*Harris v. City of Philadelphia*,
  47 F.3d 1311 (3d Cir. 1995)..................................................................................10

*Hicks v. Feeney*,
  850 F.2d 152 (3d Cir. 1988)..................................................................................12

*Hildebrand v. Allegheny Cnty.*,
  923 F.3d 128 (3d Cir. 2019)............................................................................20, 21

*Lyell Theatre Corp. v. Loews Corp.*,
  682 F.2d 37 (2d Cir. 1982)....................................................................................16

*Mindek v. Rigatti*,
  964 F.2d 1369 (3d Cir. 1992)...........................................................................10, 21

*Personal Audio, LLC v. Google LLC*,
  No. 17-cv-1751 (D. Del. Nov. 15, 2018) ...........................................................10, 11

*Poulis v. State Farm Fire & Cas. Co.*,
  747 F.2d 863 (3d Cir. 1984)......................................................................... *passim*

*Qadr v. Overmyer*,
  642 F. App'x 100 (3d Cir. 2016) ...........................................................................12

*Rapid Completions LLC v. Baker Hughes Inc.*,
  No. 6:15-CV-724, 2016 WL 3407688 (E.D. Tex. June 21, 2016) ...........................11

*Roberts v. Ferman*,
    826 F.3d 117 (3d Cir. 2016) ................................................................................10, 12, 23

*Secure Axcess LLC v. HP Enterprise Serv., LLC*,
    No. 15-cv-208, 2016 WL 7042229 (E.D. Tex. Sept. 20, 2016) ...............................................11

*Stragent, LLC v. Bayerische Motoren Werke AG*,
    No. 1:23-cv-00005, D.I. 1 (D. Del. Jan. 2, 2022) ....................................................................3

*Stragent, LLC v. BMW of N. Am., LLC*,
    No. 6:16-cv-446, D.I. 36 (E.D. Tex. Mar. 24, 2017) .........................................................2, 14

*Subar, Inc. v. Precision Plastics, Inc.*,
    No. 96-2815, 1997 WL 535161 (E.D. Pa. Aug. 14, 1997) .....................................................17

*Tech. Props. Ltd. LLC v. Samsung Elecs. Co., Ltd.*,
    114 F. Supp. 3d 842 (N.D. Cal. 2015) ...................................................................................10

*Ware v. Rodale Press, Inc.*,
    322 F.3d 218 (3d Cir. 2003) ...................................................................................................17

*Wi-Lan Inc. v. Vizio, Inc.*,
    C.A. No. 15-cv-788, 2018 WL 669730 (D. Del. Jan. 26, 2018) .............................................10

**Rules**

Fed. R. Civ. P. 16(b)(4) ....................................................................................................................17

Fed. R. Civ. P. 37(c)(1) .................................................................................................................8, 22

Fed. R.Civ. P. 41(b) ............................................................................................................... *passim*

BMW of North America, LLC ("BMW NA") and BMW Manufacturing Co., LLC ("BMW MC") (collectively, "BMW") respectfully request that the Court dismiss Plaintiff Stragent, LLC's ("Stragent") infringement allegations for failure to prosecute and comply with a Court Order pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) provides for involuntary dismissal where a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Here, Stragent admittedly does not have evidence to pursue this case based on Stragent's negligence in seeking discovery.

Specifically, (1) Stragent admittedly failed to collect evidence during fact discovery sufficient to substantiate its infringement allegations involving U.S. Patent Nos. 10,248,477 ("the '477 Patent"), 10,031,790, 10,002,036, and 9,705,765 (collectively, "the Asserted Patents"), and (2) Stragent failed to comply with the Court's December 16, 2022 order to serve sufficient infringement contentions. *See* D.I. 132.

Stragent has repeatedly conceded that it cannot present an infringement case on the now-closed factual record. Yet, Stragent improperly seeks to stay this case while it continues to fish for discovery from non-party Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") in a separate case, then improperly use that discovery to backfill its allegations here against separate defendants. Stragent's attempted end-around the discovery process should be rejected because Stragent's failure to obtain the evidence falls squarely on Stragent's lack of diligence. Accordingly, Stragent's infringement allegations against BMW should be dismissed.

I.  **NATURE AND STAGE OF THE PROCEEDINGS: STRAGENT NEGLECTED TO SEEK DISCOVERY AND ITS COURT ORDERED INFRINGEMENT CONTENTIONS REMAIN DEFICIENT**

"Stragent accuses [all] BMW cars sold since July 11, 2017 of infringement because the cars [allegedly] include the [AUTOSAR] standard." D.I. 128 at 1. Stragent has admitted since its original Complaint that without additional discovery "it is impossible to determine the

[AUTOSAR] detail for any given BMW Auto." D.I. 1 at ¶ 15; *accord* D.I. 54 ("Supplemental" Complaint) at ¶ 15.

On July 12, 2022, Stragent filed a Motion for Issuance of a Letter of Request under the Hague Convention ("*Hague Request*"), seeking documents and testimony from non-party BMW AG, D.I. 101, the ultimate parent of BMW NA and BMW MC (a party that Stragent previously sued, but had to dismiss for failure to serve in a related action in the Eastern District of Texas). *See* D.I. 9 (citing *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446, D.I. 36 (E.D. Tex. Mar. 24, 2017)). The Court granted Stragent's Motion and entered a signed Letter of Request on August 8, 2022. D.I. 113; D.I. 114. More than a month passed before Stragent submitted its *Hague Request* to the German Central Authority on September 15, 2022. Ex. 1 at 2 (Decision on *Hague Request* and translation).

Stragent served initial infringement contentions on July 28, 2021, and although final infringement contentions were due on October 11, 2022, Stragent voluntarily let the deadline pass without supplementing its initial infringement contentions. D.I. 92 at ¶ 3. As Stragent's initial-became-final contentions were insufficient, on October 26, 2022, BMW moved to compel Stragent to provide infringement contentions that, *inter alia*, "(i) specifically identify each accused product by model number, (ii) provide separate claim charts for each specific version of AUTOSAR accused of satisfying the claims, [and] (iii) explain which accused products it contends are represented by each accused version of AUTOSAR and why . . . ." D.I. 126 at 5; D.I. 125. Stragent opposed, explaining that from an evidentiary perspective it "currently has nothing more to give." D.I. 128 at 5.

On December 16, 2022, the Court granted BMW's motion in part, finding that Stragent had failed to "produce an initial claim chart relating **each** known accused product to the asserted

claims **each** such product allegedly infringes." D.I. 132. at ¶ 2 (quoting D.I. 43 at ¶ 7(c)). The Court gave Stragent until January 13, 2023 to provide updated final infringement contentions. *Id.* at 4-5. In that Order, the Court specifically noted that "[i]t is not enough for Stragent to claim that it doesn't have the information at this date. If Stragent needed more information to amend its infringement contentions, then its remedy was to ask the Court to extend the deadline . . . ." *Id.* at ¶ 5.

Stragent did not request an extension before fact discovery closed, nor did Stragent collect any additional discovery needed to sufficiently supplement its contentions, as ordered by the Court. Indeed, fact discovery closed on December 21, 2022, D.I. 92 at ¶ 5, without Stragent having issued a single interrogatory or request for admission, or noticing or taking a single deposition.

On December 22, 2022, the German Central Authority denied Stragent's *Hague Request* due to procedural and substantive failings. *See generally* Ex. 1. On January 2, 2023, Stragent informed BMW that its *Hague Request* had been denied. Ex. 2 at 2-3 (Pazuniak eml. to Counsel). In that same email, Stragent informed BMW it had filed a new litigation that day against BMW AG, styled *Stragent, LLC v. Bayerische Motoren Werke AG*, No. 1:23-cv-00005, D.I. 1 (D. Del. Jan. 2, 2022) ("*BMW AG case*"). *Id.* Just as BMW AG is not a party here, BMW NA and BMW MC are not parties to the *BMW AG case*.

On January 13, 2023, Stragent served updated final infringement contentions. D.I. 136. While Stragent's updated contentions appear to alter its infringement theory from BMW automobiles to a laundry list of components by part numbers, the updated contentions do not provide any evidence to explain why those products are allegedly represented by the versions of

the AUTOSAR standard addressed by its claim charts. *See, e.g.*, Ex. 11 (General Reference for Claim Charts) at 13.[1, 2]

Affirmative expert reports are due on February 16, 2023. *See* D.I. 92 at ¶ 6.

## II. FACTUAL BACKGROUND AND TIMELINE OF STRAGENT'S SPECULATIVE ALLEGATIONS AND NEGLIGENCE IN SEEKING SUPPORTING EVIDENCE

Stragent's claims were speculative from the start and Stragent cannot make its case on the now-closed factual record. BMW notified Stragent of the gaps in its infringement case at least four times. And, these same gaps contributed to the Court ordering Stragent to provide final infringement contentions after the close of fact discovery rather than rest on its initial contentions from 2021. Indeed, Stragent conceded nine times, including three times after fact discovery closed, that it cannot make its infringement case on the now closed factual record. As of the close of fact discovery, Stragent could not identify a single document that supports its infringement allegations. Ex. 9 at 3 (Resp. to Interrog. No. 2). Even now, Stragent's updated contentions do not comply with the Court's Order on supplementation. D.I. 132. Stragent's failure to obtain discovery is its own fault, thus Stragent is solely responsible for its failure to prosecute this case and its inability to comply with the Court's order to serve sufficient infringement contentions.

---

[1] Stragent marked its January 13, 2023 "General Reference," Ex. 11, confidential subject to the Protective Order. BMW has asked Stragent to identify Stragent's alleged confidential information in those contentions and to provide the basis for marking Stragent's infringement contentions confidential, and is currently waiting for Stragent to respond. *See* Ex. 13 (Feb. 6, 2023 Berntsen eml. to Pazuniak). Once Stragent provides the basis for its confidentiality designation or withdraws that designation, BMW will either move to file Exhibit 11 under seal in accordance with the Amended Protective Order, D.I. 19, or will file a public version.

[2] Stragent did not include a claim chart for the '477 Patent, despite maintaining its corresponding assertion of infringement of that patent. *Compare* D.I. 54 at ¶¶ 17-24 (Count I), *with* D.I. 136.

### A.    BMW and the Court Repeatedly Put Stragent on Notice of Its Weak Infringement Case

Stragent served initial infringement contentions on July 28, 2021. BMW first notified Stragent of its deficient infringement contentions on February 15, 2022. Ex. 3. BMW explained that Stragent's initial infringement contentions failed to "relat[e] each known accused product to the asserted claims," as required by Judge Stark's Revised Procedures for Managing Patent Cases and that "many of the features of AUTOSAR referenced in Stragent's contentions are optional and/or can be disabled." *Id.* at 2(quoting D.I. 43 at ¶ 7(c)). BMW further requested that Stragent "explain[] which specific accused products include which features of which AUTOSAR standard . . . allegedly practice the asserted patents." *Id.* at 4. Stragent responded that it "ha[d] complied with the Court's rules" and declined to supplement its contentions or explain their lack of specificity. Ex. 4 at 4 (Feb. 18, 2022 Pazuniak eml. to Lavenue).

On July 26, 2022, BMW again advised Stragent via letter that "Stragent's initial infringement contentions are deficient at least because they accuse optional AUTOSAR features of patent infringement without supplying any evidence that BMW allegedly implements these optional features." Ex. 5 at 1. Stragent did not respond to this letter.

Despite BMW's repeated requests for additional detail in the infringement contentions, Stragent let the October 11, 2022 deadline to serve final infringement contentions lapse with no update to its contentions. On October 26, 2022, BMW moved to compel final infringement contentions that, *inter alia*, "(i) specifically identify each accused product by model number, (ii) provide separate claim charts for each specific version of AUTOSAR accused of satisfying the claims, [and] (iii) explain which accused products it contends are represented by each accused version of AUTOSAR and why . . . ." D.I. 126 at 5; D.I. 125. Stragent opposed,

explaining that from an evidentiary perspective it "currently has nothing more to give." D.I. 128 at 5.

On December 16, 2022, the Court granted BMW's motion in part, finding that Stragent had failed to "produce an initial claim chart relating **each** known accused product to the asserted claims **each** such product allegedly infringes." D.I. 132. at ¶ 2 (quoting D.I. 43 at ¶ 7(c) (emphasis by the Court)). The Court gave until January 13, 2023 to provide updated final infringement contentions that:

> a.      Identify each specific accused product and relate that accused product to the asserted claims that each such product is alleged to infringes; or
>
> b.      Provide a specific example of a BMW accused product (or products) and a corresponding, detailed explanation as to why that product (or products) is representative of the other accused products that Stragent accuses of infringement in this matter.

*Id.* at 4-5.

In a third letter dated December 30, 2022, after the close of fact discovery and issuance of the Court's order that Stragent supplement its vague contentions with specific accusations, BMW detailed Stragent's (i) failure of proof at the close of discovery and (ii) admissions it cannot make its case with the evidence in the closed factual record. Ex. 6. BMW notified Stragent that if it did not withdraw its infringement allegations, BMW would pursue sanctions against both Stragent and its counsel directly pursuant to Rule 11. *Id*. Again, Stragent did not respond.

On January 11, 2023, BMW again reiterated that "Stragent's inability to make out an infringement case on the now-closed record means that Stragent must withdraw its infringement allegations with prejudice." Ex. 7 at 1 (Jan. 11, 2023 Berntsen eml. to Pazuniak).

On January 13, 2023, Stragent served updated final infringement contentions. D.I. 136. However, these contentions remain deficient and do not comply with this Court's December 16,

2022 Order. *See* Ex. 11; D.I. 132. On January 19, 2023, BMW provided formal notice to Stragent of its intention to file a Motion for Sanctions under Rule 11 based on Stragent's maintenance of its infringement case against BMW despite its conceded inability to prove infringement on the closed factual record. Ex. 12 (Jan. 19, 2023 Lavenue Letter to Pazuniak).

**B.      Stragent Admits It Cannot Show Infringement on the Closed Factual Record**

Stragent's allegations are based on BMW's alleged use of the AUTOSAR standard. Indeed, from the outset, Stragent admitted "it is impossible to determine the [AUTOSAR] detail for any given BMW Auto." D.I. 1 at ¶ 15; D.I. 54 at ¶ 15. Stragent's July 28, 2021 initial infringement contentions similarly conceded that "[g]iven the evidence . . . and the lack of any other information, Stragent can only apply the [AUTOSAR] standards to the asserted claims of the four patents in suit," as opposed applying the asserted claims to any BMW product. Ex. 8 at 4. Yet, Stragent failed to pursue the discovery it allegedly needed to prosecute this case, a fact Stragent acknowledged in writing at least seven times before the December 21, 2022 close of fact discovery, and at least three times since. Accordingly, Stragent offers nothing to show that the accused products practice the AUTOSAR standard, yet refuses to dismiss this action.

Exemplifying the fact that Stragent lacks any evidence to prosecute this case, in seeking discovery of non-party BMW AG via the Hague Convention, Stragent acknowledged that the discovery it hoped to obtain "goes to the heart of Stragent's infringement case." D.I. 107 at 9. Further, in opposing BMW's motion to compel compliant infringement contentions, Stragent claimed information necessary for its showing of infringement "is available only from BMW AG." D.I. 128 at 1-2, 5. However, Stragent never received this discovery, was not diligent in pursuing it, and did not timely request an extension for getting it. In fact, less than a week before the close of fact discovery, Stragent conceded that it is not possible to "go forward with the BMW case without the discovery that is pending of BMW AG under the Hague Convention."

Ex. 7 at 5 (Dec. 15, 2022 Pazuniak eml. to Myles). Fact discovery is now closed and Stragent does not have any of this allegedly critical discovery. *See* Ex. 1 (denying *Hague Request*).

Additionally, BMW served Stragent with an interrogatory seeking the identification of all documents on which Stragent may rely to prove infringement. In response, Stragent admitted that it "has not had any reason to determine, and has not yet determined, which documents it may be relying on to show that one or more Asserted Claim is infringed by BMW." Ex. 9 at 3 (Resp. to Interrog. No. 2); *see also* Fed. R. Civ. P. 37(c)(1).

Now—after the close of fact discovery—Stragent maintains that, to make its case, it "needs certain information that is only available from BMW AG." Ex. 2 at 2-3 (Jan. 2, 2023 Pazuniak eml. to Counsel). Indeed, Stragent admits that it "cannot prepare and file an expert report on infringement without the information in BMW AG's possession." Ex. 7 at 2 (Jan. 10, 2023 Pazuniak eml. to Berntsen). With fact discovery closed, Stragent concedes it "cannot go forward with the case in its present posture." *Id.* ("As BMW has pointed out in the past, there is a point in the AUTOSAR standard that is optional that cannot be proven without the information that is apparently only in the hands of BMW AG[.]"); *see also* Ex. 10 at 2 (Feb. 2, 2023 Pazuniak eml. to Berntsen) ("I had asked for a stay of proceedings because Stragent could not reasonably go forward without the information in the hands of BMW AG.").

In sum, Stragent admits it cannot make its infringement case on the closed factual record, and Stragent's failure to obtain such discovery falls squarely on Stragent's lack of diligence. Stragent knows its claims are without basis, yet Stragent refuses to withdraw them.

-----

For convenience, BMW has prepared a timeline of selected relevant events:

[*Brief continues on the following page*]

8



**Stragent's Initial Contentions (Ex. 8)**
("Given the evidence ... and the lack of any other information, Stragent can only apply the [AUTOSAR] standards to the asserted claims of the four patents in suit.")
7/28/2021

**Complaint (D.I. 1)**
("it is impossible to determine the [AUTOSAR] detail for any given BMW Auto")
4/15/2020

**Supplemental Complaint (D.I. 54)**
("it is impossible to determine the [AUTOSAR] detail for any given BMW Auto")
8/5/2021

**BMW 1st Letter (Ex. 3)**
(Stragent failed to "explain[] which specific accused products include which features of which AUTOSAR standard that allegedly practice the accused patents.")
2/15/2022

**BMW 2nd Letter (Ex. 5)**
(Stragent has not "suppl[ied] any evidence that BMW allegedly implements [various] optional [AUTOSAR] features.")
7/26/2022

**Stragent Reply ISO Hague Request (D.I. 107)**
(admitting the discovery it hoped to obtain "goes to the heart of Stragent's infringement case")
8/2/2022

**Denial of Hague Request (Ex. 1)**
12/22/2022

**Stragent's Updated Contentions (D.I. 136)**
1/13/2023

**Close of Fact Discovery**
12/21/2022

**BMW Eml. (Ex. 7)**
("Stragent's inability to make out an infringement case on the now-closed record means that Stragent must withdraw its infringement allegations with prejudice.")
1/11/2023

**Stragent Eml. (Ex. 10)**
("I had asked for a stay of proceedings because Stragent could not reasonably go forward without the information in the hands of BMW AG.")
2/2/2023

**15 February 2023**

**Stragent Eml. (Ex. 7)**
("Stragent cannot go forward with the case in its present posture.... Stragent cannot prepare and file an expert report on infringement without the information in BMW AG's possession.")
1/10/2023

**BMW 3d Letter (Ex. 6)**
(warning that if Stragent did not withdraw its complaint BMW would prepare the instant Motion)
12/30/2022

**Close of Fact Discovery**
12/21/2022

**Order on MTC (D.I. 132)**
12/16/2022

**Stragent Eml. (Ex. 2)**
(admitting that in order to make its case Stragent "needs certain information that is only availa-ble from BMW AG")
1/2/2023

**Stragent ROG Response (Ex. 9)**
(admitting it "has not had any reason to determine, and has not yet determined, which documents it may be relying on to show that one or more Asserted Claim is infringed by BMW")
12/21/2022

**BMW MTC Updated Contentions (D.I. 125)**
10/26/2022

**15 October 2022**

**Stragent Opp. to MTC (D.I. 128)**
(explaining that from an evidentiary perspective it "currently has nothing more to give")
11/9/2022

9

### III.    LEGAL STANDARD: FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE FAVOR DISMISSAL WITH PREJUDICE

Under Federal Rule of Civil Procedure 41(b), a Court may dismiss any claim against a defendant "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Although dismissal is an extreme sanction to be used in limited circumstances, it is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). "District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal . . . with prejudice." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

In patent cases, the Federal Circuit "defer[s] to the law of the regional circuit" if the issue "is limited to procedural matters not unique to patent law." *Bowling v. Hasboro, Inc.*, 403 F.3d 1373, 1375 (Fed. Cir. 2005). Federal Circuit law recognizes that motions to dismiss under Rule 41(b) are procedural, and thus require the application of regional circuit law. *Id.* Therefore, the law of the Third Circuit applies to the determination of dismissal pursuant to Rule 41(b) for failure to prosecute or comply with a court order. *Roberts v. Ferman*, 826 F.3d 117, 122–23 (3d Cir. 2016).

During an infringement case, a plaintiff is required to "produce to the defendant a claim chart that relates '*each* accused product to the asserted claims each product allegedly infringes.'" *Personal Audio, LLC v. Google LLC*, No. 17-cv-1751, at 4 (D. Del. Nov. 15, 2018) (citation omitted); *see also, e.g.*, *Wi-Lan Inc. v. Vizio, Inc.*, C.A. No. 15-cv-788, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018) (contentions that demonstrated how "each limitation of each claim element for all asserted claims is met by each accused product [were] sufficient to provide Defendants notice of Plaintiffs infringement theories"); *Tech. Props. Ltd. LLC v. Samsung Elecs. Co., Ltd.*, 114 F. Supp. 3d 842, 852 (N.D. Cal. 2015) (explaining that plaintiffs infringement

contentions "must identify specifically where each limitation of each asserted claim is found within each accused instrumentality").

There is no "exception for a patentee that chooses to accuse a large amount of products of infringement." *Personal Audio*, No. 17-cv-1751, at 4 (citing *Geovector Corp. v. Samsung Elecs. Co. Ltd.*, No. 16-cv-02463-WHO, 2017 WL 76950, at *4-5 (N.D. Cal. Jan. 9, 2017) (finding infringement contentions to be deficient where, inter alia, the plaintiff attempted to use a single chart for each patent to chart claims against hundreds of products, did not offer any analysis as to why such products could be charted representatively, and explained that each infringing product has a computer and listed the computer processors "for some, but not all, of the accused products"); *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 WL 3407688, at *1 & *7 n.2 (E.D. Tex. June 21, 2016) (noting that "the large scope of accused products does not excuse a plaintiff from compliance" with the local rule requiring a plaintiff asserting infringement to provide defendants with infringement contentions that identify specifically "where each element of each asserted claim is found within each Accused Instrumentality") (internal quotation marks and citation omitted)).

Where there are multiple accused products, the patentee must chart each product separately or "articulate how certain of those accused products are truly representative of others." *Personal Audio*, No. 17-cv-1751, at 4. And, a plaintiff relying on a standard with "multiple implementation techniques" must allege more than "mere compliance with the standard;" they must at least (1) link each claim limitation to the standard; and (2) show how each product conforms to the standard. *Secure Axcess LLC v. HP Enterprise Serv., LLC*, No. 15-cv-208, 2016 WL 7042229, at *3 (E.D. Tex. Sept. 20, 2016). A plaintiff's failure to remedy its deficient claim charts, after being ordered by a court, is grounds for dismissal under Rule 41(b). *See Golden v.*

*United States*, 156 Fed. Cl. 623, 632 (2021) (granting defendant's motion to dismiss under

United States Court of Federal Claims Rule 41(b) and explaining that "failure to produce a

sufficiently detailed claim chart would cause the court to assume that it cannot be done").

When considering a Rule 41(b) motion, the Third Circuit requires Courts to weigh the

following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history

of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and

(6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747

F.2d 863, 868 (3d Cir. 1984).

"There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors,

and a District Court need not find all of the factors satisfied in order to dismiss a complaint."

*Qadr v. Overmyer*, 642 F. App'x 100, 102-03 (3d Cir. 2016) (citation omitted); *see also Hicks v.

Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of [the *Poulis*] factors need be met for a

district court to find dismissal is warranted."). Ultimately, "where a plaintiff's actions amount to

the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal

for failure to prosecute is appropriate." *Roberts*, 826 F.3d at 122–23.

## IV.   ARGUMENT: DISMISSAL WITH PREJUDICE IS THE ONLY APPROPRIATE SANCTION FOR STRAGENT'S REPEATED FAILURES TO PROSECUTE AND PRODUCE SUFFICIENT COURT ORDERED CONTENTIONS

### A.   Stragent Failed to Remedy its Deficient Infringement Contentions as Ordered by the Court.

The Court ordered Stragent to "[p]rovide a specific example of a BMW accused product

(or products) and a corresponding, detailed explanation as to why that product (or products) is

representative of the other accused products that Stragent accuses of infringement in this

matter . . . ." D.I. 132 at 5. While Stragent served updated contentions on January 13, it did not

so much as attempt to comply with the Court's order on representativeness. Indeed, while

Stragent contends that its claim charts, which cite only to the AUTOSAR standard, are somehow

representative of its new laundry list of alleged control units, it provides no evidence or analysis

whatsoever for those allegations. Ex. 11. Importantly, Stragent's charts do not (1) specifically

allege infringement by any accused BMW products; or (2) explain why any specific product is

representative of any other accused product, as this Court ordered. *Id.*

Indeed, Stragent cannot provide the level of detail required by this Court's Order, as

Stragent admitted only three days prior to serving its updated contentions that it "cannot prepare

and file an expert report on infringement without the information in BMW AG's possession."

Ex. 7 at 2 (Jan. 10, 2023 Pazuniak eml. to Berntsen). And, weeks after serving its updated

contentions, Stragent reiterated its inability to make out an infringement case on the now-closed

record. Ex. 10 at 2 (Feb. 2, 2023 Pazuniak eml. to Berntsen) ("I had asked for a stay of

proceedings because Stragent could not reasonably go forward without the information in the

hands of BMW AG.").

As such, Stragent obviously failed to comply with the Court's Order. *See* Fed. R. Civ. P.

41(b). And Stragent's failure to diligently pursue discovery in this case caused that failure.

### B.      Application of the *Poulis* Factors Favor Dismissal with Prejudice

The *Poulis* factors favor dismissal of Stragent's case with prejudice. In particular,

Stragent has shown a history of dilatoriness, engaged in willful conduct in failing to prosecute its

case and comply with court orders, and is personally responsible for these failures. Moreover,

Stragent admits that its case lacks merit, which explains its failure to prosecute and provide

compliant infringement contentions despite the Court's Order to do so. Thus, dismissal is the

only appropriate sanction in this case.

1.    ***Poulis* Factor No. 1: Stragent's Failures to Prosecute and Follow the Court's Orders Are Due to Matters Wholly Within Its Control**

The first factor for the Court to consider is the extent of Stragent's personal responsibility for the missed deadlines and inaction. *Poulis*, 747 F.2d at 868. It was Stragent's responsibility to make its own case. *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 261 (3d Cir. 2022) ("[D]efendants generally have no duty to take affirmative measures to move a case forward when the plaintiff has failed to pursue it in a timely manner.") (citing *Dodson v. Runyon*, 86 F.3d 37, 41 (2d Cir. 1996) (defendants are not "under any duty to take any steps to bring [a] case to trial")).

Stragent's failure to prosecute the case was due to matters wholly within its control. Stragent made the strategic litigation choice not to sue BMW AG when it filed this case in April of 2020, but continues to use BMW AG as a scapegoat for its inability to adequately support its infringement positions.[3] Despite BMW informing Stragent that "the electronic control units or gateways are provided by third-party suppliers (and particularly Bosch), and that the Defendants have no information as to whether the electronic control units or gateways have implemented [AUTOSAR] or which version of [AUTOSAR]" because "[t]he electronic control units or gateways are provided by the third-parties pursuant to contracts with [BMW AG] and pursuant to BMW AG specifications," D.I. 102 at 2, Stragent elected not to add BMW AG as a party prior to the May 23, 2022 deadline. *See* D.I. 92 at ¶ 2. Instead, Stragent elected to seek discovery from BMW AG under the Hague Convention.

---

[3] Stragent knew *how* to sue BMW AG. In fact, it did so in 2016, asserting patents related to those at issue here against several entities including BMW NA, BMW MC, and BMW AG. *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446, D.I. 1 (E.D. Tex. May 20, 2016).

Indeed, Stragent waited until July 12, 2022 to seek discovery of BMW AG via the Hague Convention. D.I. 101. But even this was only after being prompted by the Court during the *Markman* hearing nearly two weeks earlier. D.I. 103 at 102:15-17.[4] And while the Court granted Stragent's *Hague Request* and issued a corresponding Letter Request on August 12, 2022, D.I. 113; D.I. 114, Stragent did not cause its *Hague Request* to be received by the German Central Authority until over a month later, on September 15. Ex. 1 at 2. Stragent alone is responsible for its delays in seeking discovery of BMW AG before the close of fact discovery.

Stragent knew—well before the close of fact discovery—that it "cannot go forward with the BMW case without the discovery that is pending of BMW AG under the Hague Convention." Ex. 7 at 5 (Dec. 15, 2022 Pazuniak eml. to Myles). But Stragent did not seek a stay or any other relief from the Court. Instead, it let fact discovery close without receiving the discovery from BMW AG that Stragent contends is necessary to proceed with its allegations. *See* D.I. 132 at 3 ("If Stragent needed more information to amend its infringement contentions, then its remedy was to ask the Court to extend the deadline . . . ."); Policies and Procedures of The Hon. Joshua D. Wolson, ¶ II.D. ("**Any request for an extension or continuance must be made at least seven (7) days before the applicable deadline or include a showing of good cause as to why the Party making the request could not comply with that requirement**.") (emphasis by the Court).

In addition to Stragent's delay in seeking discovery of BMW AG, Stragent's own procedural and substantive errors caused its *Hague Request* to be denied. *Id.* at 3-4. More specifically, Stragent (1) improperly caused the Hague Request to be sent from a law firm rather

---

[4] The Court: "MR. PAZUNIAK, GET YOUR HAGUE CONVENTION REQUEST IN, THE SOONER THE BETTER, BECAUSE THEY CAN REALLY DRAG THINGS OUT . . . ."

than directly from the Court; (2) sought discovery from non-party BMW AG where Hague

discovery is only available from parties to the underlying litigation;[5] and (3) noticed the

deposition of BMW AG where in Germany depositions are only available of individuals, not a

company. *Id*.

Thus, although this case has been pending for nearly three years, Stragent, through its

own lack of diligence, strategic negligence, and procedural failures still does not have any

evidence to credibly accuse BMW of infringement. Accordingly, the first *Poulis* factor weighs in

favor of dismissal.

    2.    ***Poulis* Factor No. 2: Stragent's Delay in Resolving This Case and Failure to Comply with the Court's Order Continues to Prejudice BMW**

Stragent's failure to prosecute and insistence on maintaining the case past the close of

fact discovery despite admittedly lacking evidence necessary to make its case, as well as

Stragent's failure to comply with the Court's Order by yet again serving inadequate infringement

contentions has prejudiced BMW. A duty of due diligence is imposed on plaintiffs "because of

the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from

unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d

Cir. 1982). In addition to this presumption, prejudice may also include "excessive and possibly

irremediable burdens or costs imposed on the opposing party," *Briscoe v. Klaus*, 538 F.3d 252,

259 (3d Cir. 2008) (citation omitted), and "[t]he inability to obtain basic and essential

---

[5] Stragent was on notice of this issue prior to submitting its *Hague Request* to the German Central Authority. D.I. 105 (BMW Answering Brief) at 12-13 (Quoting Germany's requirement that "the documents to be produced are in the possession of a party involved in the [foreign] proceedings."); D.I. 113 (Order granting *Hague Request*) at 3 ("Whether Stragent's request comports with, or exceeds, the scope of discovery that German law allows is a question for a German court to decide.").

information from [a party] . . . to . . . mount a defense." *Subar, Inc. v. Precision Plastics, Inc.*, No. 96-2815, 1997 WL 535161, at *2 (E.D. Pa. Aug. 14, 1997). A showing of irremediable harm is not required for the prejudice to weigh in favor of dismissal. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

In this case, BMW has presumptively been prejudiced by Stragent's general failure to prosecute this action by the delay in the final resolution of Stragent's claims against BMW, as well as the inability to understand and thus defend itself against Stragent's theory of infringement. As the Court observed in ordering Stragent to submit updated final infringement contentions, simply citing to "a single component of a BMW vehicle," then citing "an AUTOSAR-compliant vehicle or component thereof including, but not limited to an electronic control unit, etc." in its initial claim charts "does not inform BMW of the product(s) at issue, information that BMW will need to mount a non-infringement case." D.I. 132 at 2 (citing *e.g.*, D.I. 126-1 at 6 (Claim 12)); *accord* Ex. 11. BMW remains in limbo days before the deadline for affirmative expert reports, D.I. 92 at ¶ 6, even after Stragent's updated contentions, which still do not provide "fair notice of the potentially infringing products," as required by the Court. D.I. 132 at 2.

BMW has spent years diligently litigating this case and is presently preparing to go to trial, if necessary, on the issues of infringement and validity. It would be wholly prejudicial to allow Stragent an end-around discovery in this case and force BMW to start over now that Stragent has run itself out of time. *See Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014) ("Prejudice may include the delay of a trial date.") (citation omitted); *see also* Fed. R. Civ. P. 16(b)(4); Policies and Procedures of The Hon. Joshua D. Wolson, ¶ II.D. This prejudice is further exacerbated by BMW's costs associated

with defending an unresolved and open case. Accordingly, the second *Poulis* factor favors dismissal of this case.

### 3. *Poulis* Factor No. 3: Stragent Has Demonstrated a Pattern of Dilatoriness

While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261 (citation omitted), "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness." *Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Moreover, to have a case dismissed, Stragent need not "have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court," rather for failure to prosecute "[i]t is quite sufficient if [plaintiff] does nothing, knowing that until something is done there will be no trial." *Id*. at 875 (citation omitted).

Here, Stragent has exhibited a pattern of inaction and a general disregard for deadlines in the face of repeated warnings from the Court. Stragent did not attempt to exhaust the avenues available during fact discovery. Beyond document requests, Stragent made the strategic litigation choice to seek no discovery of BMW. Stragent did not issue any interrogatories or requests for admission. Nor did Stragent take or even notice a single deposition, despite the Court inquiring about depositions during the September 2, 2022 hearing on Stragent's motion to compel at D.I. 117.

As explained above, the Court—in what appears to be an effort to nudge this case forward—prompted Stragent to seek discovery of BMW AG via the Hague Convention. D.I. 103 at 102:15-17. Yet, Stragent waited nearly two weeks to file its *Hague Request*, D.I. 103, and over a month to cause its *Hague Request* to be received by the German Central Authority after the Court granted the request and issued a Letter Request. *Compare* D.I. 113; and D.I. 114, *with* Ex.

1 at 2. Stragent's repeated delays in seeking discovery of BMW AG underscore Stragent's pattern of dilatoriness and general lack of diligence.

What's more, Stragent's post-fact discovery updated contentions further underscore its pattern of dilatoriness. As the Court observed in ordering Stragent to submit updated final infringement contentions, "[i]t is not enough for Stragent to claim that it doesn't have the information at this date." D.I. 132 at 3. But this is precisely what Stragent continues to do. Instead of timely seeking relief from the Court, Stragent has *again* ignored the Court's deadlines. *See id.*

Any requests from Stragent for additional discovery well after the factual record has closed should not be entertained. *See Dow*, 287 F.R.D. at 270 ("To establish good cause [to modify a court's schedule], [a party] must show that a more diligent pursuit of discovery was impossible."); Policies and Procedures of The Hon. Joshua D. Wolson, ¶ II.D. ("**Any request for an extension or continuance must be made at least seven (7) days before the applicable deadline or include a showing of good cause as to why the Party making the request could not comply with that requirement**.") (emphasis by the Court); D.I. 132 at ¶ 7 ("But, of course, the Court will not permit Stragent to come forward later with additional documents that it has not produced."). Therefore, the third *Poulis* factor also favors dismissal of this case.

### 4.    *Poulis* Factor No. 4: Stragent has Willfully Refused to Prosecute and Ignored Court Orders

The fourth *Poulis* factor looks to whether Stragent's conduct was willful or in bad faith. 747 F.2d at 868. "Willfulness involves intentional or self-serving behavior," which "can be characterized as 'flagrant bad faith,' such as failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false

promises to correct delays." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 135 (3d Cir. 2019) (citations omitted).

This case has been marred by Stragent's willful refusal to prosecute its case and continued bad faith. For example, despite Stragent's knowledge that the closed factual record cannot support its infringement allegations, Stragent improperly seeks to keep its case alive. Stragent asserts that this was caused, at least in part, by its *own* failure to obtain discovery from BMW AG via the Hague Convention.

Stragent has also acted willfully and in bad faith regarding its infringement contentions. On December 16, 2022, this Court, in granting BMW's request for more information about the specific accused products at issue, noted that "Stragent's Infringement Contentions do not give BMW fair notice of the potentially infringing products." D.I. 132 at ¶ 3. The Court gave Stragent until January 13, 2023 to serve final infringement contentions. Yet, none of Stragent's allegations in its final infringement contentions demonstrate that any accused ECU is representative of any other accused ECU or that any ECU infringes any asserted claim. At most, Stragent alleges that a subset of ECUs allegedly found in a subset of BMW vehicles (that are not named) are compatible with AUTOSAR. *See* Ex. 11 (Final Infringement Contentions) at 11–13. And, Stragent did not demonstrate that the alleged implementation of AUTOSAR found in any component is representative of that in any other component, despite the Court's clear order to do so. D.I. 132 at ¶ 6.

Accordingly, the bad faith evidenced by Stragent's failure to prosecute this action also weighs in favor of dismissal.

### 5. *Poulis* Factor No. 5: Other Sanctions Are Likely to be Ineffective

The fifth factor for the Court to consider is the effectiveness of sanctions against Stragent other than dismissal. *Poulis*, 747 F.2d at 868. Dismissal is the only sanction likely to be effective

because Stragent has shown it is willing to ignore the Court's orders in an effort to obtain

discovery of non-party BMW AG. "The District Court cannot, and should not, tolerate

unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants . . .

who will not obey court orders." *Mindek*, 964 F.2d at 1375. This case should be no exception.

Stragent has failed to support its meritless claims and now seeks to fish for discovery

from non-party BMW AG in an effort to backfill its allegations. This is not only improper, but it

also highlights Stragent's lack of diligence and failure to obtain evidence necessary to support is

claims during fact discovery. Allowing Stragent to continue on this course will result in

unjustifiable delays and the expenditure of judicial resources. Accordingly, the fifth *Poulis* factor

weighs in favor of dismissal.

### 6. *Poulis* Factor No. 6: Stragent Admits Its Claims Are Without Evidentiary Merit

The final factor for the Court to consider is whether Stragent's claims are meritorious.

*Poulis*, 747 F.2d at 868. The standard for this determination "is moderate," *Hildebrand*, 923 F.3d

at 137 (quoting *Adams*, 29 F.3d at 876), and the same "standard for a Rule 12(b)(6) motion to

dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citation omitted).

Stragent acknowledged its lack of necessary discovery in writing at least seven times

before the December 21, 2022 close of fact discovery, and at least three times since. Stragent's

allegations are based on BMW's alleged use of the AUTOSAR standard. Yet from the outset,

Stragent admitted "it is impossible to determine the [AUTOSAR] detail for any given BMW

Auto." D.I. 1 at ¶ 15; D.I. 54 at ¶ 15. Stragent's July 28, 2021 initial infringement contentions

similarly conceded that it can only accused the AUTOSAR standard: "[g]iven the evidence . . .

and the lack of any other information, Stragent can only apply the [AUTOSAR] standards to the

asserted claims of the four patents in suit," as opposed applying the asserted claims to any BMW

product. Ex. 8 at 4. Stragent offers nothing to show that the accused products practice the AUTOSAR standard.

In seeking discovery of non-party BMW AG via the Hague Convention, Stragent acknowledged that the discovery it hoped to obtain "goes to the heart of Stragent's infringement case." D.I. 107 at 9. In opposing BMW's motion to compel compliant infringement contentions, Stragent claimed information necessary for its showing of infringement "is available only from BMW AG." D.I. 128 at 1-2, 5. And less than a week before the close of fact discovery, Stragent conceded that it is not possible to "go forward with the BMW case without the discovery that is pending of BMW AG under the Hague Convention." Ex. 7 at 5 (Dec. 15, 2022 Pazuniak eml. to Myles). Fact discovery is now closed and Stragent does not have any of this allegedly critical discovery. *See* Ex. 1 (denying *Hague Request*).

Additionally, BMW served Stragent with an interrogatory seeking the identification of all documents on which Stragent may rely to prove infringement. Stragent responded on the last day of fact discovery, admitting that it "has not had any reason to determine, and has not yet determined, which documents it may be relying on to show that one or more Asserted Claim is infringed by BMW." Ex. 9 at 3 (Resp. to Interrog. No. 2); *see also* Fed. R. Civ. P. 37(c)(1).

Even now, in 2023 and after the close of fact discovery, Stragent maintains that to make its case it "needs certain information that is only available from BMW AG." Ex. 2 at 2-3 (Jan. 2, 2023 Pazuniak eml. to Counsel). Indeed, Stragent admits that it "cannot prepare and file an expert report on infringement without the information in BMW AG's possession." Ex. 7 at 2 (Jan. 10, 2023 Pazuniak eml. to Berntsen). With fact discovery closed, Stragent freely admitted just days before submitting its updated infringement contentions that it "cannot go forward with the case in its present posture." *Id.* ("As BMW has pointed out in the past, there is a point in the

22

AUTOSAR standard that is optional that cannot be proven without the information that is apparently only in the hands of BMW AG[.]"). Even after serving its updated contentions, Stragent reiterated its inability to make out an infringement case on the now-closed record. Ex. 10 at 2 (Feb. 2, 2023 Pazuniak eml. to Berntsen) ("Stragent could not reasonably go forward without the information in the hands of BMW AG."). Therefore, the sixth *Poulis* factor weighs in favor of dismissal.

In summary, each of the *Poulis* factors point toward dismissal with prejudice as an appropriate sanction for Stragent's repeated failures to prosecute this case and to comply with the Court order. Certainly, the overall weight of the factors, balanced together, favors dismissal as the most appropriate sanction. And while dismissal is an "extreme" sanction, it is appropriate based on Stragent's "willful refusal to prosecute [and] blatant failure to comply with a district court order." *Roberts*, 826 F.3d at 122–23.

## V.   CONCLUSION: STRAGENT'S FAILURE TO PROSECUTE AND NONCOMPLIANCE WITH THE COURT'S ORDERS SHOULD LEAD TO DISMISSAL OF STRAGENT'S INFRINGEMENT CLAIMS

For the foregoing reasons, BMW respectfully requests that the Court to dismiss Stragent's infringement claims ***with prejudice*** under Rule 41(b).

|  |  |
|---|---|
| | /s/ Andrew E. Russell |
| | Karen E. Keller (No. 4489) |
| | Andrew E. Russell (No. 5382) |
| | Nathan R. Hoeschen (No. 6232) |
| | SHAW KELLER LLP |
| | I.M. Pei Building |
| OF COUNSEL: | 1105 North Market Street, 12th Floor |
| Lionel M. Lavenue | Wilmington, DE 19801 |
| Deanna C. Smiley | (302) 298-0700 |
| FINNEGAN, HENDERSON, FARABOW, | kkeller@shawkeller.com |
| GARRETT & DUNNER, LLP | arussell@shawkeller.com |
| 1875 Explorer Street, Suite 800 | nhoeschen@shawkeller.com |
| Reston, VA 20190 | *Attorneys for Defendants* |
| (571) 203-2700 | |

R. Benjamin Cassady
Joseph M. Myles
Alissa E. Green
Michael J. McLaughlin
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600

Dated: February 7, 2023