IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>BMW OF NORTH AMERICA, LLC, and<br>BMW MANUFACTURING CO., LLC,<br><br>        Defendants. | Civil Action No. 1:20-cv-00510-JDW |

**MEMORANDUM IN SUPPORT OF STRAGENT LLC'S
<u>MOTION TO STAY THE PROCEEDINGS</u>**

Plaintiff Stragent LLC ("Stragent") hereby respectfully moves the Court for an Order in the form attached hereto ordering a stay of the present case against Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC (collectively "BMW NA") until lifted by the Court, and for the parties to provide a joint status report to the Court within 60 days of service under the Hague Convention (efforts for such service are already underway) on BMW AG (BMW NA's indirect parent) of the complaint in Stragent, LLC v. Bayerische Motoren Werke AG, No. 1:23-cv-00005, D.I. 1 (D. Del. Jan. 2, 2023), said report to detail efforts to obtain the discovery from BMW AG of the technical details of the accused products that Stragent has been unable to obtain from BMW NA as detailed herein. That discovery was the subject of the Hague Convention Request For International Judicial Assistance Pursuant To The Hague Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters ("Hague Request") that this Court issued on August 12, 2022 but was denied by the German Authority on December 22, 2022.

I.      **Background and Statement of Facts**

The relevant facts are set forth in Stragent's brief filed in connection with Stragent's motion to issue a request for judicial assistance under the Hague Convention. (D.I. 102). Briefly, Stragent believes that BMW infringes certain claims of the patents in suit. Nevertheless, Stragent cannot prove certain elements of the claims without access to the software that is implemented in BMW cars. Stragent has diligently tried to obtain this information from BMW NA through discovery in this case, but despite having a vehicle manufacturing facility in Spartanburg, South Carolina that "produces more than 1,500 vehicles per day,"[1] engineering centers in at least three locations across the United States in Woodcliff Lake, NJ, Spartanburg, SC, and Silicon Valley, CA, and training locations for BMW service technicians within the United States, BMW NA has consistently claimed that it does not have that information and the information is available only from BMW AG and, perhaps from some suppliers to BMW AG, all of whom do not have business operations in the United States.

Thus, Stragent moved, and the Court granted Stragent's motion to seek discovery of BMW AG through the Hague Convention ("Hague Discovery Request"). (D.I. 113, 114).

As noted in Stragent's brief in support of its motion to seek discovery, Stragent had acted promptly as soon as a new law went into effect in Germany that for the first time allowed Stragent to seek such information from the German company BMW AG. Stragent diligently pursued the Hague Discovery Request.

Unfortunately, the German Authority denied the Court's request for judicial assistance on December 22, 2022. (Exhibit 1). One of the reasons for denial was that the request for documents was not sufficiently specific. However, Stragent does not know what records are maintained by BMW AG, and, thus, it is impossible for Stragent to have been more specific as to

---

[1] https://www.bmwgroup-werke.com/spartanburg/en/our-plant/site-infos.html

its requests for documents and deposition topics.

In any event, the Hague Discovery Request did not produce the information that is required to prove infringement, and BMW AG was not willing to provide the requested information.

### A.  New Case Against BMW AG

In light of BMW NA's claim that it did not have possession, custody or control of the relevant information, and in view of BMW AG's refusal to accede to the Hague Discovery Request, Stragent had no choice but to file an action for patent infringement in this Court directly against BMW AG, which it did on January 2, 2023, and, thereafter, seek discovery of the relevant information directly from BMW AG.  Since BMW AG is a German company with no U.S. presence, Stragent cannot serve them under the Federal Rules of Civil Procedure, but instead, would have to serve via the Hague Convention. To save itself the time and expense of Hague service, Stragent requested that BMW AG waive service.  BMW AG refused.  Hence, Stragent is currently translating the BMW AG Complaint and related documents in order to effect service upon BMW AG under the Hague Convention. It is expected that the service request will be filed with the German Authority shortly.

### B.  The Pending Case

In the meantime, as Stragent noted in its prior filings (for example, D.I. 102), Stragent cannot prepare a complete infringement report or move forward with the present case without the required relevant information.  Thus, a stay of the case seemed appropriate. Stragent's counsel raised the issue of the need to stay this case with BMW NA's counsel in early December 2022, while awaiting a decision on the Hague Discovery Request, and formalized the request during the parties' meet and confer on February 3, 2022, after the Hague Discovery Request was denied. BMW NA's counsel has not consented to a stay of the case.

3

## II. Argument

### A. Legal Standard: The Court Has Broad Discretion to Stay This Case

Courts have broad discretion to grant a motion to stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60–61 (3d Cir. 1985).

In exercising their broad discretion, courts within this District consider three factors to determine whether a stay is appropriate: (1) whether a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date set; (3) whether granting a stay would cause the non-moving party to suffer undue prejudice. *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. CV 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014).

### B. This Case Should Be Stayed

The present case should be stayed in the interests of fairness, efficiency and judicial economy. As has already been presented to the Court, Stragent sought, but BMW NA has been unable to provide, the technical details of its own products that are required to determine and prove infringement. BMW NA could have easily requested the information from its indirect parent, BMW AG, and the matter of infringement could have been resolved. BMW NA, however, was not required to make such a request and did not do so.

Stragent has acted in good faith. It never hid the fact that it required more discovery than that which BMW NA provided to be able to fully prove infringement. To be clear, Stragent has a reasonable case for infringement as demonstrated by the detailed claim charts that Stragent submitted that explain why BMW NA infringes if BMW NA's cars utilize AUTOSAR. Yet, although there is circumstantial evidence that BMW AG practices

4

AUTOSAR—namely, BMW NA touts that the AUTOSAR standard is embedded in all BMW Group cars, there is no direct proof. At the same time, BMW NA has asserted that it may not be infringing, but it has failed to provide any documents to demonstrate that fact.

Stragent has acted expeditiously. For example, Defendants have not produced a single internal document mentioning the AUTOSAR despite touting that the AUTOSAR standard is embedded in all BMW Group cars, using the excuse that it does not have such documents because its parent BMW AG designs and specifies BMW's cars. Instead, Defendants proposed that Plaintiff pursue multiple Hague requests against BMW AG's third-party suppliers to obtain such information. Plaintiff did indeed pursue and obtain the Hague Discovery Request. However, on December 22, 2022, the Munich Appeal Court rejected Plaintiff's Hague Discovery Request, leaving Plaintiff no choice but to pursue the alternative option that Plaintiff had noted in its Motion to the Court that it would have to do, which was to file an action against BMW AG directly. Plaintiff did so a few days later, on January 2, 2023 and will seek the missing information directly from BMW AG. *Stragent, LLC v. Bayerische Motoren Werke AG*, No. 1:23-cv-00005, D.I. 1 (D. Del. Jan. 2, 2023).

### III. Conclusion: The Court Should Stay This Case

It is fair and appropriate for the Court to exercise its discretion and stay the case. Plaintiff did all it could, but was unable to obtain the information it needed from the Defendants and BMW AG. Respectfully, the Court should grant this motion and stay this case.

*/s/ George Pazuniak*
George Pazuniak (#478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 10001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com

*Attorneys for Plaintiff Stragent, LLC*
