# Exhibit 1

Translated from the German
Ruth Boggs, MA, CT | Certified Translator (ATA-#62196) & Interpreter | rutheboggs@gmail.com

Der Präsident des Oberlandesgerichts
München
[Coat of Arms]
[The President of Munich Higher Regional Court]

Oberlandesgericht München 80097 Munich

**Advance copy via email**

| | |
|---|---|
| | **POC:** Ms. Polak |
| **cc:** | |
| Dr. Uli Foerstl | **Telephone:** (089) 5597-3287 |
| Attorney-at-Law | |
| Grillparzerstraße 14 | |
| 81675 Munich | **Fax:** (089) 5597-3575 |
| | **Email:** poststelle@olg-m.bayern.de |
| | Email addresses do not allow access to explanations in legal matters |

| Your ref, your message of | Please state with replies Our ref, our message of | Date |
|---|---|---|
| S85637/dc/Fo; Sept. 15, 2022 1:20-cv-00510-JDW; Aug 12, 2022 | OLG M 9341 a E – X – 4473/2022 | December 22, 2022 |

**Mutual Legal Assistance in Civil Matters;**
Request from the District Court for the District of Delaware, dated August 12, 2022, for
legal assistance (witness examination and document production) in the litigation of
Stragent LLC v. BMW of North America LLC and
BMW Manufactoring [sic] Co. LLC; Docket No.: 1:20-cv-00510-JDW

Enclosures: 1

Ladies and gentlemen,

I am returning the above-mentioned request together with enclosures without action and regret to have to inform you that the request for legal assistance cannot be granted. The United States District Court for the Judicial District of Delaware is requesting BMW AG, which has its registered office in Munich, to produce the documents listed on page 2 of the German translation. Further, on page 3 of the German translation, the request includes a "Request for Witness Statements," pursuant to which the Central Authority is to request BMW to produce a person or persons who will attest to the authenticity and

| Home address | Office hours | Telephone and fax |
|---|---|---|
| Prielmayerstr. 5 | Mon - Fri:  8 am to noon | 089 5597-02 Operator |
| 80335 Munich | Mon - Thu: 1 pm to 3 pm | 089 5597-3575 Fax |
| **Public transportation:** | **Internet and e-mail** | **Data protection**: |
| Hauptbahnhof or Karlsplatz (Stachus) stops | www.justiz.bayern.de/gericht/olg/m poststelle@olg-m.bayern.de | Your personal data will be processed. Information is available on our website under "Data protection". |

**E-mail addresses do not provide access to declarations in legal matters**

- 2 -

completeness of the documents produced in response to the request, and who will testify to allegations to be proven by evidence (e.g., on the inclusion of Autosar protocols in electronic control units) in terms of content, and swear to the testimony under oath in the English language.

The parties to the present litigation are Stragent LLC, as plaintiff, and BMW of North America, LLC, and BMW Manufacturing Co., LLC, as defendants. At issue is alleged patent infringement, including the allegation that vehicles manufactured by the defendants as subsidiaries of BMW AG since 2017 contain electronic control units or gateways that incorporate protocols and standards published by an Autosar partnership, of which BMW is a founding member. It is alleged that these control units and gateways used by Autosar infringe plaintiff's patents. In the lawsuit, the defendants point out that this is not known, and that only BMW AG or Bosch, as suppliers of these control units and gateways, can provide information.

1.      Form of the request

The request has been submitted to the Central Authority by a law firm in a written statement dated September 15, 2022 and does not bear an original signature or seal. According to the Status Table to the HBÜ[1], requests are to be transmitted directly from the U.S. judicial authorities to the Central Authority of the requested State. Thus, a German law firm forwarding a request from a U.S. court, which does not bear an original signature or seal, is problematic and improper.

2.      Pre-Trial Discovery of Documents

A fulfillment of the request for the taking of evidence could be considered if the conditions now regulated in § 14 HaagÜbkAG[2], under which a so-called "pre-trial discovery of documents" according to Article 23 HBÜ is possible, are met. The request specifically refers to Article 3 of the German Bundestag's legislative resolution, according to which § 14 HaagÜbkAG has made the request for documents possible since July 1, 2022.

---

[1] Translator's note: HBÜ = Hague Convention on Taking of Evidence Abroad
[2] Translator's note: HaagÜbkAG -= Law implementing the Hague Convention

Translated from the German
Ruth Boggs, MA, CT | Certified Translator (ATA-#62196) & Interpreter | rutheboggs@gmail.com

- 3 -

However, the conditions stated therein are not met regarding BMW AG.

§ 14 (3) HaagÜbkAG requires that the documents to be produced are in the possession of a party to the proceedings. Third parties not involved in the U.S. court proceedings are exempt from the obligation to produce documents in the context of "pre-trial discovery of documents" even under the new limited clause. This means that requests against third parties not involved in the proceedings are still impermissible under Article 23 HBÜ. BMW AG is not a party to the proceedings. It is true that subsidiaries of BMW are defendants in the lawsuit pending before the U.S. court, and that certain interconnections may exist. However, BMW AG, as a legally independent company from the parties to the legal dispute, is not itself a party to the proceedings and is therefore to be regarded as a third party pursuant to § 14 (3) HaagÜbkAG. In this respect, it is necessary to focus on the legal perspective and not to allow the possible connection of companies in a group of companies to suffice as a prerequisite. The explanatory memorandum to the new legislation states that a new provision is necessary because the previous German overall clause against the "pre-trial discovery of documents" meant that it was permissible to produce certain documents for purely German court proceedings if a party to the proceedings was affected, but that this was previously always impermissible regarding the production of foreign documents. The aim was to achieve equal treatment of domestic and foreign document productions (see BT-DS 84/22, p. 34). In German court proceedings, formal party status also matters, with the consequence that with respect to legal entities, only the company specifically involved in the proceedings is a party, but not other companies in a group of companies. They are third parties in the national proceedings as well. In this respect, the intended consistency should also require a formal approach.


3.      Nomination of witnesses/deposition of these witnesses


According to Article 3 (2) (e) HBÜ, a proper request regularly requires that the person to be deposed be individualized, regularly with name and address. If a specific functionary is to be deposed and is designated as such in the request, it is sufficient to state the function in order to depose each current functionary (see Knöfel in: Geimer/Schütze:

Translated from the German
Ruth Boggs, MA, CT | Certified Translator (ATA-#62196) & Interpreter | rutheboggs@gmail.com

- 4 -

Internationaler Rechtsverkehr, loc. cit., A I 3 f, Art. 3 marginal no. 6). By this measure, the witnesses to be deposed are not sufficiently designated in the request. Their names are not specifically stated, and their functions in the company are not described in such a way that they can be sufficiently individualized. Rather, according to the request, BMW AG is to select the persons suitable for the information that is being sought; however, according to what has just been explained, this is not possible under Article 3 HBÜ. Insofar as the requests are directed at confirming the authenticity and completeness of the requests, this is not a crucial point anyway, since there is already no right to the production of the documents. The situation is different regarding the use of Autosar protocols, which is a further allegation to be proven by evidence. Here, however, the request lacks the sufficient designation of the persons to be deposed.


With the expression of highest esteem

On behalf of

Dr. Kühn
Presiding Judge at the Higher Regional Court

**RUTH BOGGS, MA, CT**
ATA-Certified Translator (#62196) & Interpreter, English <> German
_____
4111 Port Rae Lane • Fairfax, Virginia 22033 • Tel. (703) 378-9305 • rutheboggs@gmail.com

## CERTIFICATION

I hereby certify that

(1)   I am a German into English and English into German translator, certified by the American Translators Association;

(2)   I have translated and/or reviewed the translation of the following document from German into English:

**Letter Munich Higher Regional Court, dated December 22, 2022
to: Dr. Uli Foerstl, Attorney-at-Law, Grillparzerstraße 14, Munich
Re: Mutual Assistance in Legal Matters,
Stragent LLC v. BMW of North America LLC and BMW Manufacturing Co. LLC**

(3)   The attached English translation is a true and correct translation of the German language source document to the best of my knowledge and belief.

(4)   I declare that all statements made herein of my own knowledge are true, and all statements made on information and belief are believed to be true. I understand that willful false statements and the like are punishable by fine or imprisonment, or both.

Date:   January 27, 2023              _____

                                       Ruth Boggs, MA, CT

*[ATA Seal: Ruth Boggs, German into English, Certification #62196, Certified Translator]*

Verify at www.atanet.org/verify

Der Präsident des Oberlandesgerichts
München



Oberlandesgericht München 80097 München

**vorab per E-Mail**

**nachrichtlich**

Herrn Rechtsanwalt
Dr. Uli Foerstl
Grillparzerstraße 14
81675 München

**Sachbearbeiterin**
Frau Polak

**Referat IV**

**Telefon**
(089) 5597-3287

**Telefax**
(089) 5597-3575

**E-Mail**
poststelle@olg-m.bayern.de
E-Mail-Adressen eröffnen keinen Zugang
für Erklärungen in Rechtssachen

| Ihr Zeichen, Ihre Nachricht vom | Bitte bei Antwort angeben Unser Zeichen, Unsere Nachricht vom | Datum |
|---|---|---|
| S85637/dc/Fo; 15.09.2022 1:20-cv-00510-JDW; 12.08.2022 | OLG M 9341 a E – X – 4473/2022 | 22. Dezember 2022 |

**Rechtshilfeverkehr in Zivilsachen;**
Ersuchen des Amtsgerichts für den Bezirk Delaware vom 12. August 2022 um
<u>Rechtshilfe (Zeugeneinvernahme und Dokumentenvorlage)</u> im Rechtsstreit
Stragent LLC gegen BMW of North America LLC und
BMW Manufactoring Co. LLC; Aktenzeichen: 1:20-cv-00510-JDW

1 Beilage

Sehr geehrte Damen und Herren,

ich erlaube mir, das oben bezeichnete Ersuchen nebst Beilagen unerledigt zurückzusenden und bedauere Ihnen mitteilen zu müssen, dass dem Ersuchen um Leistung von Rechtshilfe nicht entsprochen werden kann.

Das Bezirksgericht der Vereinigten Staaten für den Gerichtsbezirk Delaware begehrt von der BMW AG mit Sitz in München die Vorlage von Unterlagen, die auf Seite 2 der deutschen Übersetzung genannt sind. Ferner enthält das Ersuchen auf Seite 3 der deutschen Übersetzung eine „Anforderung von Zeugenaussagen", wonach BMW von der Zentralbehörde aufgefordert werden soll, eine Person oder Personen beizubringen, die die Echtheit und Vollständigkeit der auf die Aufforderung hin vorgelegten Urkunden bestätigen und zu einem Beweisthema

| Hausanschrift | Geschäftszeiten | Telefon und Telefax |
|---|---|---|
| Prielmayerstr. 5 80335 München | Mo - Fr: 08:00 - 12:00 Uhr Mo - Do: 13:00 - 15:00 Uhr | 089 5597-02    Vermittlung 089 5597-3575  Telefax |
| **Öffentliche Verkehrsmittel** Haltestellen Hauptbahnhof oder Karlsplatz (Stachus) | **Internet und E-Mail** www.justiz.bayern.de/gericht/olg/m poststelle@olg-m.bayern.de | **Datenschutz:** Ihre personenbezogenen Daten werden verarbeitet. Informationen erhalten Sie auf unserer Internetseite unter "Datenschutz" |

E-Mail-Adressen eröffnen keinen Zugang für Erklärungen in Rechtssachen

(u.a. zur Einbeziehung von Autosar-Protokollen in elektronischen Steuereinheiten) inhaltlich bekunden sowie die Aussage unter Eid in englischer Sprache beeiden sollen.

Parteien des zugrunde liegenden Rechtsstreits sind die Stragent LLC als Klägerin sowie als Beklagte die BMW of North America, LLC, und die BMW Manufacturing Co., LLC. Inhaltlich geht es um behauptete Patentrechtsverletzungen; der Vorwurf geht u.a. dahin, dass die von den Beklagten als Tochtergesellschaften der BMW AG seit 2017 produzierten Fahrzeuge elektronische Steuereinheiten oder Gateways enthalten, die von einer Autosar-Partnerschaft, deren Gründungsmitglied BMW ist, veröffentlichte Protokolle und Standards beinhalten. Diese, von Autosar verwendeten Steuereinheiten und Gateways verletzten Patente der Klägerin. Die Beklagten verweisen in dem Rechtsstreit darauf, dass entsprechendes nicht bekannt sei und ausschließlich die BMW AG oder das Unternehmen Bosch als Lieferanten dieser Steuereinheiten und Gateways Auskünfte geben könnten.

1.   Form des Ersuchens

Das Ersuchen ist bei der Zentralbehörde von einer Rechtsanwaltskanzlei mit Schriftsatz vom 15. September 2022 eingereicht worden und ist nicht mit einer Originalunterschrift oder mit Siegel versehen. Nach der Statustabelle zum HBÜ sind Ersuchen direkt von den US-Justizbehörden an die Zentralbehörde des ersuchten Staates zu übermitteln. Vor diesem Hintergrund ist die Weiterleitung eines nicht im Original mit Unterschrift bzw. Siegel vorliegenden Ersuchens eines US-amerikanischen Gerichts durch eine deutsche Rechtsanwaltskanzlei problematisch und nicht ordnungsgemäß.

2.   Pre-Trial Discovery of Documents

Eine Erledigung des Beweisaufnahmeersuchens käme in Betracht, wenn die nunmehr in § 14 HaagÜbkAG geregelten Voraussetzungen erfüllt sind, unter denen eine sogenannte „pre-trial discovery of documents" gemäß Artikel 23 HBÜ möglich ist. Das Ersuchen bezieht sich ausdrücklich auf Artikel 3 des Gesetzbeschlusses des Deutschen Bundestags, wonach § 14 HaagÜbkAG seit dem 01. Juli 2022 die Anforderung von Unterlagen möglich macht.

Die dort genannten Voraussetzungen sind jedoch hinsichtlich der BMW AG nicht erfüllt. § 14 Nr. 3 HaagÜbkAG setzt voraus, dass sich die vorzulegenden Dokumente im Besitz einer an dem Verfahren beteiligten Partei befinden. Dritte, die nicht an dem amerikanischen Gerichtsverfahren beteiligt sind, sind auch nach dem neuen eingeschränkten Vorbehalt von der Pflicht zur Dokumentenvorlage im Rahmen der „pre-trial discovery of documents" ausgenommen. Damit sind Ersuchen gegen nicht am Verfahren beteiligte Dritte nach Artikel 23 HBÜ weiterhin unzulässig. Die BMW AG ist nicht an dem Verfahren beteiligt. Zwar sind in dem vor dem US-amerikanischen Gericht anhängigen Rechtsstreit Tochtergesellschaften von BMW verklagt, so dass gewisse Verflechtungen vorliegen mögen. Die BMW AG als rechtlich von den Parteien des Rechtsstreits selbständiges Unternehmen ist hingegen selbst nicht am Verfahren beteiligt und ist damit nach § 14 Nr. 3 HaagÜbkAG als Dritte anzusehen. Insofern ist es geboten, auf die juristische Betrachtungsweise abzustellen und nicht bereits die mögliche Verbindung von Unternehmen in einer Unternehmensgruppe als Voraussetzung ausreichen zu lassen. So ist in der Gesetzesbegründung für die Neuregelung angeführt, dass eine Neuregelung erforderlich sei, weil der bisherige deutsche Totalvorbehalt gegen die „pre-trial discovery of documents" zur Folge hatte, dass bestimmte Dokumentenvorlagen für rein deutsche Gerichtsverfahren zulässig seien, wenn eine Partei des Verfahrens betroffen ist, dies für ausländische Dokumentenvorlagen bislang jedoch stets unzulässig war. Ziel war es, eine gleiche Behandlung von in- und ausländischen Dokumentenvorlagen zu erreichen (vgl. BT-DS 84/22, S. 34). Im deutschen Gerichtsprozess ist ebenfalls die formale Parteistellung entscheidend, mit der Folge, dass bei juristischen Personen nur die konkret am Verfahren beteiligte Gesellschaft Partei ist, nicht jedoch weitere Gesellschaften einer Unternehmensgruppe. Sie sind auch im nationalen Prozess Dritte. Der beabsichtigte Gleichklang dürfte insofern ebenfalls eine formale Betrachtungsweise gebieten.

3. Benennung von Zeugen/Vernehmung dieser Zeugen

Ein ordnungsgemäßes Ersuchen setzt nach Artikel 3 Abs. 2 lit. e HBÜ regelmäßig voraus, dass die zu vernehmende Person zu individualisieren ist, regelmäßig mit Namen und Anschrift. Ist ein bestimmter Funktionsträger zu vernehmen und als solcher im Ersuchen bezeichnet, so genügt die Angabe der Funktion, um ihren jeweils aktuellen Träger zu vernehmen (vgl. hierzu Knöfel in: Geimer/Schütze:

Internationaler Rechtsverkehr, a.a.O., A I 3 f, Art. 3 Rn. 6). Gemessen daran sind die zu vernehmenden Zeugen in dem Ersuchen nicht hinreichend bezeichnet. Weder sind konkret ihre Namen angegeben noch sind sie in ihrer Funktion im Unternehmen so bezeichnet, dass sie hinreichend individualisierbar wären. Nach dem Ersuchen soll vielmehr die BMW AG die für die gesuchten Auskünfte geeigneten Personen auswählen; dies ist jedoch nach dem eben Ausgeführten nach Artikel 3 HBÜ nicht möglich. Soweit die Ersuchen auf Bestätigung der Echtheit und Vollständigkeit der Ersuchen gerichtet sind, kommt es auf diesen Punkt ohnehin nicht entscheidend an, da schon ein Anspruch auf Vorlage der Urkunden nicht besteht. Anders ist es bei dem weiteren Beweisthema der Verwendung von Autosar-Protokollen. Hier fehlt es dem Ersuchen aber an der hinreichenden Bezeichnung der zu vernehmenden Personen.

Mit dem Ausdruck vorzüglicher Hochachtung

Im Auftrag

Dr. Kühn
Vorsitzender Richter am Oberlandesgericht