# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC, <br><br> Defendants. | Civil Action No. 1:20-cv-00510-JDW |

## STRAGENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY

George Pazuniak (#478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 10001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com

*Attorneys for Plaintiff Stragent, LLC.*

**TABLE OF CONTENTS**

**RESPONSE TO BMW'S INTRODUCTION**..................................................................- 1 -

**BMW'S ERRONEOUS STATEMENT OF FACTS** ............................................................- 2 -

    A.       Stragent's Claims are Not Speculative........................................................- 2 -

    B.       Stragent Acted Diligently ............................................................................- 2 -

    C.       BMW Does Not Accurately Reflect Stragent's Stay Requests ............- 3 -

    D.       BMW's Tactical Service of an Expert Report ...........................................- 5 -

    E.       Stragent Did Not Act Improperly ...............................................................- 6 -

**ARGUMENT**...........................................................................................................................- 6 -

    A.       Stragent's Suit Against BMW AG is Not Irrelevant to This Case ........- 6 -

    B.       The Factors ...................................................................................................- 8 -

    C.       Stragent Has Not Prejudiced BMW ............................................................- 10 -

**CONCLUSION** ........................................................................................................................- 10 -

# TABLE OF AUTHORITIES

<u>CASES</u>

*Aldossari on Behalf of Aldossari v. Ripp*,

   49 F.4th 236 (3d Cir. 2022) ---------------------------------------------------------------------- 8 -

*Cellectis S.A. v. Precision Biosciences*,

   883 F. Supp. 2d 526 (D. Del. 2012) ------------------------------------------------------------- 9 -

*Landis v. N. Am. Co.*,

   299 U.S. 248 (1936) -------------------------------------------------------------------------------- 9 -

*TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*,

   2022 U.S. Dist. LEXIS 202085 (D. Del. 2022) --------------------------------------------- 9 -

<u>RULES</u>

Fed. R. Civ. P. Rule 12(b) ------------------------------------------------------------------------------ 8 -

Fed. R. Civ. Rule 42 ------------------------------------------------------------------------------------ 8 -

## RESPONSE TO BMW'S INTRODUCTION

BMW's Answering Brief (D.I. 153) errs in arguing that Stragent has moved too late for a stay and falsely accuses Stragent of acting for an improper purpose.

Stragent served discovery on Defendants but Defendants claimed to have no relevant documents. Stragent then attempted to obtain the information from Defendants' parent via a timely-filed Hague Request, but that also fell through. As soon as the German Authority denied Stragent's Request, Stragent prepared and filed an action against BMW AG and sought a stay of this litigation.

BMW argues that Stragent should have requested an extension of discovery. But that would be an imprudently fruitless effort. The problem is that, according to Defendants, neither Defendants nor anyone else in this country has the relevant information. BMW has never explained how an extension of discovery would have resolved Stragent's need to pursue discovery from BMW AG.

Stragent has been diligently pursuing discovery of BMW AG which it needs to be able to present a case against the Defendants. The documents in the hands of BMW AG are no doubt unhelpful to Defendants, which is why neither Defendants nor their parent ever elected to present them. It was Defendants' right to make life difficult for Stragent, but it is wholly improper to accuse Stragent of delays when Stragent has diligently done everything possible to obtain information in the hands of Defendant's parent.

BMW alleges that "Stragent strategically decided to file this lawsuit solely against BMW NA and BMW MC (collectively "BMW")" and not sue BMW AG. But it is apparent only in hindsight that Stragent should have included BMW AG in the original action. Stragent had no reason to think that the relevant information would be unavailable except by suing BMW AG.

BMW asserts that Stragent had previously "sued" BMW AG.  That is incorrect.  Stragent had included BMW AG as a party in a prior lawsuit, but then never pursued service on BMW AG, and, thereafter, BMW and Stragent stipulated to dismissing BMW AG.  Again, Stragent had no inkling that the relevant information could only be obtained from BMW AG.  Lawyers are not omniscient and cannot always predict the outcome of a case before filing.  On the other hand, BMW also made a strategic decision not to obtain information from its parent that it could easily have sought.  That was BMW's right under the law, just as Stragent had not been required to have originally sued BMW AG.  Given how the facts developed, including the Defendants' claim not to have any information, and the rejection of the Hague Request, a stay is appropriate.  That is the only way to achieve a just resolution and does not prejudice BMW.

## BMW'S ERRONEOUS STATEMENT OF FACTS

Stragent has already responded to BMW's erroneous statement of facts in other briefs, including D.I. 147 and 156, which are here incorporated by reference.

### a. Stragent's Claims are Not Speculative

BMW's argument header asserts "Stragent's Speculative Claims and Failure to Obtain Discovery."  (D,I. 153 at 2).  Yet BMW does not even attempt to say anything as to why Stragent's claims are "speculative."

### b. Stragent Acted Diligently

BMW accuses Stragent of failing to pursue discovery, but BMW has not identified any discovery available to Stragent that would have provided the AUTOSAR information in the hands of Defendants' parent.

BMW asserts that Stragent did not pursue other discovery.  Stragent had previously explained that it would have been a fools' errand to waste time on interrogatories, requests for

admission or depositions, when Stragent had no relevant documents and BMW Defendants had already pled that they had no relevant knowledge as to BMW's AUTOSAR implementation. See, for example, the BMW's pleadings at D.I 57 at pages 6-10 and D.I. 59 at pages 6-10. Indeed, BMW denied even knowing what AUTOSAR is.  (D.I. 57 at 4-5).

BMW's argument that Stragent delayed in seeking the Hague Request ignores that until May 19, 2022, German law prohibited Stragent from obtaining documents from BMW AG. Stragent then learned of the new law that the German Bundestag passed on May 19, 2022. (Exhibits L, M).  Stragent then moved promptly with a Hague Request under the new law. Given that all the law and official documents were written in the German language and there was no precedent under the new law, Stragent required more time to prepare the moving papers that would comply with the new German law, but the papers were quickly prepared and filed on July 12, 2022.  (D.I. 101, 102, 107).

BMW argues that Stragent had not yet served BMW AG. (D.I. 153 at 3).   In fact, Stragent immediately retained a third-party consultant service, moved promptly to translate all the required documents into the German language, as is required, and is in the process of serving BMW AG.  Indeed, the request package was delivered to the Central Authority in Munich on February 13, 2023 for the Authority to effect service on BMW AG.

c.  **BMW Does Not Accurately Reflect Stragent's Stay Requests**

BMW unfairly accuses Stragent of having failed to diligently seek a stay.

Preliminarily, there were two entirely different stays that Stragent had raised with BMW. Stragent first raised the issue of a stay during a meet-and-confer in October 2022.  Stragent had already explained in its Hague Request Motion that it could not go forward without information in the hands of Defendants' parent.  (D.I. 103, 107).  Stragent was diligently pursuing the Hague

Request, but it was obvious that it would be unlikely that the discovery of BMW AG would be complete before the discovery cut-off date. Thus, Stragent advised BMW that it was contemplating a stay pending the Hague Request.

Stragent was trying to determine the time-line when the German Authority would rule and when discovery might take place before proposing a form of a stay pending the outcome of the Hague Request. In the meantime, there were various other proceedings ongoing before the Court. Stragent's motion to compel discovery from BMW was still pending. (Exhibit F). BMW had moved to strike Stragent's infringement contentions on October 26, 2022. (D.I. 125, 126, 128, 129). Then, BMW served its first interrogatories and requests for admission on Stragent on November 22, 2022 (D.I. 130). Next, on December 12, 2022, BMW produced 92,551 pages of new document production. (Exhibit J). On December 16, 2022, the Court ordered Stragent to supplement its infringement contentions by January 13, 2023. (D.I. 132). A stay in the midst of all these activities was difficult to fashion. Nevertheless, BMW and Stragent had corresponded on the fact that Stragent was still intending to seek a stay pending the Hague Request. (Exhibit G).

Before Stragent could propose a form of a stay, the situation was again changed, because on December 22, 2022, the German Authority rejected Stragent's Request. The earlier contemplated stay pending the outcome of the Hague Request was now moot.

Stragent now had to go the route that it previously advised the Court and BMW that Stragent would have to follow if the Hague Request was not successful. (D.I. 107 at 8). Specifically, Stragent prepared and filed suit against BMW AG on January 2, 2023, or within 6 business days after the German Authority rejected the Hague Request.

On the same day, Stragent proposed to BMW a new form of stay of this case, until the new litigation against BMW AG could get underway. (Exhibit H). Although there were various other correspondences between the parties, BMW never rejected Stragent's proposed stay. In fact, even on February 7, 2023, or more than a month after Stragent's initial request for a stay pending the new litigation, BMW was telling Stragent that "BMW NA and MC … are still considering Stragent's request for a stay, as you outlined during our February 3, 2023 meet-and-confer." (Exhibit S).

On the same day that it advised Stragent that BMW had no response to the stay request that Stragent had proposed on January 2, 2023, BMW moved to dismiss the case for lack of prosecution. (D.I. 137, 138). Deeming BMW's motion to dismiss being a rejection of Stragent's proposed form of stay, Stragent filed the present motion the next day. (D.I. 139, 140).

### d. **BMW's Tactical Service of an Expert Report**

BMW asserts that it served its invalidity expert report while Stragent failed to file any expert reports. (D.I. 153 at 1-2, 4). However, prior to the due date for the expert reports:

- As BMW itself argues, Stragent had advised BMW multiple times that it would not be serving any expert reports because it lacked the critical infringement evidence in the hands of BMW AG. See, for example, Exhibit I.
- BMW had already moved to dismiss the case for lack of prosecution (D.I. 137, 138);
- Stragent had moved to stay this case (D.I. 139); and
- BMW had moved for Rule 11 sanctions (D.I. 142, 143).

There was no reason for BMW to have served the invalidity expert report. Given that BMW had moved to dismiss the case and Stragent had moved to stay the case (for reasons that Stragent had proposed on January 2, 2023 and to which BMW never actually responded), either

the case would be dismissed as BMW proposed, or stayed as Stragent had proposed. Whichever course the Court chose, expert reports were moot, either because the case was dismissed or because it was stayed. The stay request is a comprehensive request in the sense that it stays all proceedings and not just the due dates for expert reports.

In light of the facts, BMW's decision to serve an invalidity expert report was a tactical maneuver to create a basis for claiming prejudice in an attempt to block Stragent's proposed stay. But it fails even as a tactical maneuver because there is no prejudice to BMW. If there is a stay, and the case resumes at a later date, BMW will still have to serve an invalidity expert report, and, thus, there is no actual harm or prejudice to BMW.

e. **Stragent Did Not Act Improperly**

BMW accuses Stragent of "an improper attempt to backfill its lack of evidence here with yet-to-occur discovery in a separate case." (D.I. 153 at 4). But BMW does not explain why this effort is "improper." BMW had an opportunity to ask its parent for the information, but, as it was legally entitled to do, refused to obtain the documents. Then the German Authority rejected the Request. The lawsuit against BMW AG is the appropriate next step is obtaining the documents that are required to resolve the case. BMW cites no law that supports its claim of impropriety. Instead, BMW bombastically accuses Stragent of impropriety by *ipsi dixit*.

## ARGUMENT

BMW's arguments are long on vitriol but are not supported by facts or law.

a. **Stragent's Suit Against BMW AG is Not Irrelevant to This Case**

BMW alleges that the BMW AG lawsuit is irrelevant. But BMW AG is the parent of the Defendants. It is the source of the AUTOSAR software that is critical to determining

- 6 -

infringement in this case. BMW has not presented any argument, much less evidence, that BMW AG does not have documents material to the infringement issues in this case.

BMW alleges that the record is closed in this case. There is neither any statute nor any Rule that prohibits the Court from allowing further discovery, particularly given that this is the same discovery that Stragent had been continuously and diligently attempting to obtain from early in the case. Indeed, Stragent's motion for the Court to issue the Hague Request specifically forecasted that Stragent would seek the relevant documents in a lawsuit against BMW AG if the Hague Request failed. (D.I. 107 at p. 8). Stragent's stay necessarily encompasses the opportunity to pursue discovery from BMW AG. Thus, the issue is whether there is any legal basis for denying Stragent discovery from BMW AG. BMW provides none.

BMW continues to harp on Stragent's failure to include BMW AG in its initial filing. In hindsight and with the knowledge of facts as they exist today, it would have been beneficial to have sued BMW AG originally. However, that was not at all apparent at the time that this action was filed. For example, Stragent had filed two cases, <u>Stragent, LLC v. Volvo Car USA LLC</u>, 1:22-cv-00293-JDW and <u>Stragent, LLC v. Mercedes-Benz USA, LLC, et al</u>, 1:20-cv-00511-JDW, that were companion cases to the present case. Stragent did not include the foreign parent of either Mercedes or Volvo in the lawsuits, even though the foreign parents had the same relationship to their American subsidiaries as in this case. Yet, the Mercedes case was resolved and Stragent is proceeding to trial against Volvo.

A decision to reduce complexity and burden of a case by not suing foreign parents is not the type of a "strategic decision" that warrants a dismissal of a case without an opportunity to consider it on the merits.

BMW proclaims that it told Stragent **on July 7, 2022** that it had no documents or information relating to the critical infringement issues. (D.I. 153 at 9). But that was exactly when and why Stragent moved the Court to issue the Hague Request. Nowhere does BMW explain how Stragent did not act diligently after Defendants asserted that they had no relevant information.

BMW cites *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 261 (3d Cir. 2022) for the proposition that "[D]efendants generally have no duty to take affirmative measures to move a case forward when the plaintiff has failed to pursue it in a timely manner." But Stragent is not blaming Defendants for failure to move the case. The Motion is founded on the fact that Defendants claim that they have no relevant information.

BMW asserts that "Stragent has not identified a mechanism to use any discovery gained in BMW AG case here." (D.I. 153 at 11). But this case and the BMW AG case will involve common questions of law and fact, and, thus, Stragent may seek consolidation of the two cases under Fed. R. Civ. Rule 42, or alternatively may, under the same rule, seek to have the court issue an order "to avoid unnecessary cost or delay" by permitting the BMW AG discovery of the technical details of the accused products that Stragent has been unable to obtain from BMW NA to be used in the BMW NA case. If past history is any guide, BMW AG will move to dismiss under Fed. R. Civ. P. Rule 12(b). Stragent's motion to consolidate will be filed once the Court rules on that expected motion.

b.  **The Factors**

BMW alleges that that none of the *Princeton* factors support a stay. Preliminarily, the *Princeton* factors are just that – factors to consider. However, this case presents a unique set of circumstances, and the ultimate decision is one of discretion for the Court under all the

circumstances. *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, 532 (D. Del. 2012) ("Motions to stay invoke the broad discretionary powers of the court"). "In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance." *TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*, 2022 U.S. Dist. LEXIS 202085 at *2 (D. Del. 2022) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Notwithstanding all the accusations of impropriety, the facts remain that Stragent had diligently pursued the AUTOSAR documents from Defendants. After Defendants confirmed that they had no such documents, Stragent pursued BMW AG initially by the Hague Request (served as soon as Stragent could legally so proceed), and then by a separate lawsuit which was filed within six business days of the German Authority's rejection of the Hague Request. Stragent could not have proceeded more diligently.

To be sure, in retrospect, the present issues could have been avoided if Stragent had initially sued BMW AG, or they could have been avoided by Defendants' requesting the necessary documents from their parent. However, neither Stragent nor BMW were obliged to have taken such actions. Given that the only alternative to the stay is to dismiss the case, the Court's discretion should, respectfully, be to allow the case to be determined on the merits. Stragent has not done anything that justifies the punishment of a dismissal. BMW has not demonstrated any harm or prejudice from allowing the case to be stayed and then resumed in conjunction with discovery from Defendants' parent.

BMW has not pointed to anything justifying its claim that the stay would afford Stragent any unfair tactical advantage. (D.I. 153 at 7, 12-15). This is not a "mulligan" as BMW argues (*id*. at 12), but a continuation of Stragent's attempts to obtain the information required for this case to proceed. Stragent has gained nothing by being forced to seek relevant information from BMW

AG, after Stragent had pursued such discovery from Defendants. That Stragent may finally obtain documents to support its case is not an unfair tactical advantage. Simply stated, Stragent did nothing wrong. Rather, it is a strange and unique set of circumstances arising from the fact that Defendants do not have basic information about the vehicles that they are making and offering for sale to the American public.

    c. **Stragent Has Not Prejudiced BMW**

BMW argues that "BMW has expended significant resources in this case and a stay would only result in increased cost and delay for both parties and the Court." (D.I. 153 at 12). But BMW has not shown that it would be prejudiced by a stay. To be sure, any stay of any proceedings inherently necessitates a delay and some potential additional costs, but stays are still authorized. Something more is required to show prejudice because the standard is "undue prejudice." That something more is entirely missing in BMW's argument. All BMW argues is basically that there is an existing Scheduling Order that would have to be revised and that the stay will postpone the final decision in the case. That is not undue prejudice, particularly where the alternative is a denial of Stragent being able to have the Court hear its case on the facts and on the merits.

## CONCLUSION

For the foregoing reasons, the Court should grant Stragent's motion to stay.

    Respectively Submitted,

*/s/ George Pazuniak*
George Pazuniak (#478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 10001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com
*Attorneys for Plaintiff Stragent, LLC.*